IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |
|---|---|
| CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM,<br><br>          Plaintiff,<br><br>v.<br><br>METLIFE, INC., et al.,<br><br>          Defendants. | Case No.: _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1453, and 1446, defendants MetLife Inc., C. Robert Henrikson, William J. Wheeler, Peter M. Carlson, Sylvia Matthews Burwell, Eduardo Castro-Wright, Cheryl W. Grisé, R. Glenn Hubbard, John M. Keane, Alfred F. Kelly, Jr., James M. Kilts, Catherine R. Kinney, Hugh B. Price, David Satcher, Kenton J. Sicchitano and Lulu C. Wang (collectively, the "MetLife Defendants") give notice that the above-captioned action (the "Action") is hereby removed to the United States District Court for the Northern District of Alabama from the Circuit Court of Jefferson County, Alabama, where it was originally filed as Case No. CV-2012-902101, on or about July 5, 2012.

I. **THIS NOTICE OF REMOVAL IS TIMELY AND PROPERLY FILED**

1. Plaintiff filed the complaint (the "Complaint") in this matter in the Circuit Court of Jefferson County, Alabama (the "State Court") on or about July 5, 2012. A copy of the Complaint is included in the attached Exhibit A, which is the entire state court file as reflected on AlaCourt (the Alabama State Court electronic docket system) as of the date of this removal.

2. The MetLife Defendants waived service of process on July 20, 2012. A copy of the waiver of service is attached as Exhibit B.

3. Pursuant to 28 U.S.C. § 1446(a), Exhibits A and B constitute the only process, pleadings, and orders served upon the MetLife Defendants in this case.

4. Pursuant to 28 U.S.C. § 1446(b), the MetLife Defendants are filing this Notice of Removal within thirty (30) days of waiving service of the Summons and Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S. Ct. 1322, 1328 (1999) (holding that time for removal does not begin to run prior to service of process).

5. Venue is proper under 28 U.S.C. § 1441(a), which provides for removal to the district court of the United States for the district and division embracing the place where the action is pending. *See also* 28 U.S.C. § 81(a)(3).

6. Pursuant to 28 U.S.C. § 1446(d), the MetLife Defendants will provide written notice of this Notice of Removal to Plaintiff and will file a copy of this Notice of Removal in the state court.

## II. BASIS OF REMOVAL

7. The MetLife Defendants remove the Action under 28 U.S.C. § 1441(a), which provides that a case is properly removable to a federal court from state court when the federal court has original jurisdiction over the action and the notice of removal is timely.

8. This Court has original jurisdiction over the Action pursuant to 28 U.S.C. § 1331 because it arises out of the Securities Act of 1933. 15 U.S.C. § 77v(a).

9. The Securities Litigation Uniform Standards Act of 1998 ("SLUSA") amended Section 22(a) the Securities Act to limit concurrent state court jurisdiction over Securities Act claims, depriving state courts of jurisdiction over "covered class actions" as defined in 15 U.S.C. § 77p. 15 U.S.C. § 77v(a). *See Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009) (The "exception in the jurisdictional provision of Section 22(a) exempts covered class actions raising 1933 Act claims from concurrent jurisdiction."); *Northumberland County Ret. Sys. v. GMX Res., Inc.*, 810 F. Supp. 2d 1282, 1287 (W.D. Okla. 2011) ("SLUSA's amendment to the jurisdictional provision (§ 77v(a)) of the 1933 Act . . . carves out

'covered class actions' as provided for in § 77p from concurrent state-federal jurisdiction of 'offenses and violations under this subchapter' (i.e. violations of the 1933 Act) . . ..").

10. The Action is a "covered class action" because it is a single lawsuit in which "one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated," and the named plaintiff asserts that "questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members." 15 U.S.C. § 77p(f)(2)(a)(i)(II). *See* Compl. ¶ 83 ("Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.").

11. The State Court therefore lacks jurisdiction over the Action.

12. SLUSA also amended Section 16(c) of the 1933 Securities Act to expressly permit removal of "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b) . . .." 15 U.S.C. § 77p(c).

13. Plaintiff in the Action alleges "(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or (2) that the defendant used or employed any manipulative or deceptive device or

4

contrivance in connection with the purchase or sale of a covered security" as set forth in Section 16(b). 15 U.S.C. § 77p(b).

14. The term "covered security" in this SLUSA section is defined in relevant part as:

> [a] security that satisfies the standards for a covered security specified in paragraph (1) or (2) of Section 77r(b) of this title at the time during which it is alleged that the misrepresentation, omission or manipulative or deceptive conduct occurred.

15 U.S.C. § 77p(f)(3); *see also* 15 U.S.C. § 78bb(f)(5)(E).

15. Section 77r(b) provides, in relevant part, that a security is a covered security if it is "listed, or authorized for listing, on the New York Stock Exchange or the American Stock Exchange …." 15 U.S.C. §§ 77p(f)(3), 77r(b)(1)(A). The securities at issue in the Action are "covered" securities because they are listed on the New York Stock Exchange. 15 U.S.C. §§ 77p(f)(3), 77r(b)(1)(A). *See* Compl. ¶ 1 ("This is a securities class action on behalf of Plaintiff and all other persons or entities … who purchased or otherwise acquired the common stock of MetLife pursuant and/or traceable to the Company's public offering of approximately $300 billion of Common Equity Units … seeking to pursue strict liability remedies under the Securities Act of 1933."). MetLife's common stock and the Common Equity Units are traded on the New York Stock Exchange under ticker symbols "MET" and "MLU," respectively.

16. Removal of the Action is therefore proper under SLUSA.

17. In the alternative, to the extent that the securities at issue in the Action are not deemed "covered" securities, then removal is proper under the Class Action Fairness Act of 2005 because the Action meets the requirements of 28 U.S.C. § 1332(d)(2). 28 U.S.C. § 1453(b).

18. This action could have been filed in this Court under 28 U.S.C. § 1332(d) because this matter was brought as a class action, minimal diversity of citizenship exists between one or more members of the class and one or more of the Defendants, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and the number of members of the proposed class, as broadly defined under the complaint, in the aggregate is more than 100. Specifically, in this Action, Plaintiff, as the representative for the purported class of unnamed parties similarly situated, seeks rescission and compensatory damages for class members "who suffered many millions of dollars in losses" due to alleged misrepresentations or omissions related to the public offering of 40,000,000 MetLife common equity units that had an aggregate value of $3.0 billion. Compl. ¶¶ 1, 9, 15 and Request for Relief, p. 25; *see* 16 James Wm. Moore et al., *Moore's Federal Practice* § 107.14[2][g], at 107-86.4 to 107-86.5 (3d ed. 2010) ("When determining if the defendant has satisfied this burden [to establish jurisdiction by a preponderance of the evidence], the court will consider first whether it is facially

apparent from the complaint that the jurisdictional amount is in controversy."). Furthermore, Plaintiff is a domestic entity located in Jefferson County, Alabama, and Defendant MetLife is a corporation headquartered in New York, New York. Compl. ¶¶ 1, 9. In addition, Plaintiff alleges that it "believes that there are thousands of members in the proposed Class." Compl. ¶ 80. Removal would therefore be proper pursuant to 28 U.S.C. § 1446 and 1453.

19. If any question arises as to the propriety of the removal of this action, the MetLife Defendants request the opportunity to submit a brief and present oral argument in support of their position that this case was properly removed. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

### III. CONSENT TO REMOVAL

20. All other defendants have consented to this Notice of Removal, as evidenced by the Consent to Removal attached as Exhibit C.

WHEREFORE, MetLife respectfully requests that the above-captioned action be removed from the Circuit Court of Jefferson County, Alabama to this Court.

Dated: Birmingham, Alabama
August 3, 2012

Of Counsel:

Maeve L. O'Connor
Elliot Greenfield
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 909-6836

/s/ John N. Bolus

John N. Bolus
MAYNARD COOPER & GALE P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, Alabama 35203
Tel: (205) 254-1000
Fax: (205) 254-1999

*Attorneys for Defendants MetLife, Inc.,
C. Robert Henrikson, William J. Wheeler,
Peter M. Carlson, Sylvia Matthews Burwell,
Eduardo Castro-Wright, Cheryl W. Grisé,
R. Glenn Hubbard, John M. Keane, Alfred F.
Kelly, Jr., James M. Kilts, Catherine R.
Kinney, Hugh B. Price, David Satcher,
Kenton J. Sicchitano and Lulu C. Wang*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the 3rd day of August, 2012:

Greg L. Davis
Law Offices of Greg L. Davis
7031 Halcyon Park Drive
Montgomery, AL 361117

Geoffrey M. Johnson
Scott + Scott, LLP
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106

David R. Scott
Scott + Scott, LLP
156 South Main Street
Colchester, CT 06415

Joseph P. Guglielmo
Scott + Scott, LLP
500 Fifth Avenue, 40th Floor
New York, NY 10110

_____
OF COUNSEL