FILED

2012 Sep-06  PM 02:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, | ) ) ) ) | |
| Plaintiff, | ) ) | 2:12-cv-02626-HGD |
| v. | ) ) | **ORAL ARGUMENT REQUESTED** |
| METLIFE, INC., et al., | ) ) | |
| Defendants. | ) ) ) ) | |

**METLIFE DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................ 1

ARGUMENT ..................................................................................................... 3

I.  REMOVAL OF THIS ACTION UNDER SLUSA IS PROPER. .................. 3

   A.  Section 77v(a) Provides for Exclusive Federal Jurisdiction and
       Permits Removal of "Covered Class Actions" Asserting 1933
       Act Claims. ..................................................................................... 3

       1.  The SLUSA Amendment to the Jurisdictional Provision
           of Section 77v(a) Provides for Exclusive Federal
           Jurisdiction. ......................................................................... 3

       2.  The Anti-Removal Provision of Section 77v(a) Does Not
           Apply to Covered Class Actions Asserting 1933 Act
           Claims. .................................................................................. 7

       3.  The Plain Meaning of Section 77v(a) is Consistent with
           the Stated Purpose of SLUSA and Its Legislative History. ....... 8

   B.  Section 77p(c) Permits Removal of "Covered Class Actions"
       Asserting 1933 Act Claims. ............................................................ 11

II. IF THE SECURITIES AT ISSUE ARE NOT CONSIDERED
    COVERED SECURITIES, THEN THIS CASE IS REMOVABLE
    PURSUANT TO CAFA ......................................................................... 16

CONCLUSION ................................................................................................. 17

# TABLE OF AUTHORITIES

CASES

*Alkow v. TXU Corp.*,
  No. 02-CV-2738-K, 2003 WL 21056750 (N.D. Tex. May 8, 2003) ................. 12

*Baloco v. Drummond Co., Inc.*,
  640 F.3d 1338 (11th Cir. 2011) ............................................................... 13

*Bishop v. Reno*,
  210 F.3d 1295 (11th Cir. 2000) ............................................................... 13

*Brody v. Homestore, Inc.*,
  240 F. Supp. 2d 1122 (C.D. Cal. 2003) ..................................................... 12

*Duncan v. Walker*,
  533 U.S. 167 (2001) ............................................................................... 7

*Estate of Pew v. Cardarelli*,
  527 F.3d 25 (2d Cir. 2008) ..................................................................... 16

*Evans v. Walter Indus., Inc.*,
  449 F.3d 1159 (11th Cir. 2006) ............................................................... 17

*In re Fannie Mae 2008 Sec. Litig.*,
  No. 08 Civ. 7831, 2009 WL 4067266 (S.D.N.Y. Nov. 24, 2009) ..... 4, 5, 6, 8, 11

*In re King Pharms., Inc.*,
  230 F.R.D. 503 (E.D. Tenn. 2004) ............................................................. 5

*In re Tyco Int'l, Ltd. Multidistrict Litig.*,
  322 F. Supp. 2d 116 (D.N.H. 2004) ....................................................... 6, 7

*Instituto De Prevision Militar v. Merrill Lynch*,
  546 F.3d 1340 (11th Cir. 2008) ............................................................... 9

*Katz v. Gerardi*,
  552 F.3d 558 (7th Cir. 2009) ................................................................. 16

*Kircher v. Putnam Funds Trust*,
  547 U.S. 633 (2006) ......................................................................... 14, 15

*Knox v. Agria Corp.*,
　613 F. Supp. 2d 419 (S.D.N.Y. 2009).......................................................... passim

*Kulinski v. Am. Elec. Power Co.*,
　No. Civ. A. C-2-03-412, 2003 WL 24032299 (S.D. Ohio Sept. 19, 2003) ....... 12

*Lapin v. Facebook, Inc.*,
　No. C-12-3195, 2012 WL 3647409 (N.D. Cal. Aug. 23, 2012) .................. 5, 6, 8

*Lowinger v. Johnston*,
　2005 WL 2592229 (W.D.N.C. Oct. 13, 2005)............................................. 12, 14

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*,
　547 U.S. 71 (2006) ............................................................................................ 9

*New Jersey Carpenters Vacation Fund v. Harborview Mortgage Loan Trust*,
　581 F. Supp. 2d 581 (S.D.N.Y. 2008)............................................................ 16, 17

*Northumberland County Ret. Sys. v. GMX Resources, Inc.*,
　810 F. Supp. 2d 1282 (W.D. Okla. 2011) ................................................. 5, 12, 14

*Philbrook v. Glodgett*,
　421 U.S. 707 (1975) ....................................................................................... 13

*Pinto v. Vonage Holdings Corp.*,
　C.A. No. 07-0062, 2007 WL 1381746 (D.N.J. May 7, 2007) ............................. 5

*Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
　292 F.3d 1334 (11th Cir. 2002)....................................................................... 15

*Rovner v. Vonage Holdings Corp.*,
　C.A. No. 07-178, 2007 WL 446658 (D.N.J. Feb. 7, 2007)................................. 5

*Rubin v. Pixelplus Co.*,
　No. 06-CV-2964, 2007 WL 778485 (E.D.N.Y. Mar. 13, 2007)............. 5, 12, 13

*Unschuld v. Tri-S Security Corp.*,
　No. 1:06-CV-02931, 2007 WL 2729011 (N.D. Ga. Sept. 14, 2007)......... 6, 7, 13

*Williams v. AFC Enterprises, Inc.*,
　389 F.3d 1185 (11th Cir. 2004)....................................................................... 15

*Zia v. Med. Staffing Network, Inc.*,
  336 F. Supp. 2d 1306 (S.D. Fla. 2004) .................................................. 15


**STATUTES**

15 U.S.C. 77p ................................................................... passim

15 U.S.C. 77r ......................................................................... 16

15 U.S.C. 77v .................................................................. passim

28 U.S.C. § 1332(d) ................................................................ 2

28 U.S.C. § 1441(a) ................................................................ 8

28 U.S.C. § 1453(d) ...................................................... 2, 16, 17

Class Action Fairness Act of 2005 ("CAFA") ..................................2, 16, 17

Private Securities Litigation Reform Act of 1995 ("PSLRA"),
  15 U.S.C. §§ 77z-1 & 78u-4 (1995) ........................................ 1, 9, 13

Securities Litigation Uniform Standards Act of 1998 ("SLUSA"),
  Pub. L. 105-353, 112 Stat. 3227 (1998) .................................... 1, 4, 8, 9


**OTHER AUTHORITIES**

144 CONG. REC. H10771-02, H10771 (1998) ...................................... 8, 9

144 CONG. REC. S4778-03, S4797 (1998) ........................................... 14

H.R. CONF. REP. NO. 105-803 (1998) ............................................... 10

H.R. REP. NO. 105-640 (1998) ..................................................... 14

S. REP. NO. 105-182 (1998) ......................................................... 9

Defendants MetLife, Inc. ("MetLife"), C. Robert Henrikson, William J. Wheeler, Peter M. Carlson, Sylvia Matthews Burwell, Eduardo Castro-Wright, Cheryl W. Grisé, R. Glenn Hubbard, John M. Keane, Alfred F. Kelly, Jr., James M. Kilts, Catherine R. Kinney, Hugh B. Price, David Satcher, Kenton J. Sicchitano and Lulu C. Wang (collectively, the "MetLife Defendants") respectfully submit this response in opposition to Plaintiff's Motion to Remand (Docs. 12-14, including supporting submissions) this case to the Circuit Court of Jefferson County, Alabama. For the reasons set out herein, Plaintiff's Motion should be denied.

## INTRODUCTION

Congress enacted the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") to prevent plaintiffs from avoiding the requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA") by filing class actions in state court instead of federal court. SLUSA addressed this problem, in part, by divesting state courts of concurrent jurisdiction over national class actions asserting claims under the Securities Act of 1933 (the "1933 Act"), thereby granting federal courts exclusive jurisdiction over such actions. Both the plain language of the SLUSA amendment to the jurisdictional provision of 15 U.S.C. 77v(a) ("Section 77v(a)") and Congress's stated purpose in enacting SLUSA

demonstrate that the Alabama state court does not have jurisdiction over this action, and that the MetLife Defendants' removal to federal court was proper.

Plaintiff entirely fails to address SLUSA's amendment of the jurisdictional provision of Section 77v(a), focusing instead on a separate and largely irrelevant section of SLUSA. Plaintiff also ignores the numerous opinions from courts across the country that denied motions to remand class actions asserting 1933 Act claims. Instead, Plaintiff mischaracterizes these cases as "outliers" and incorrectly asserts that a "clear majority" of cases favor remand. In fact, the evident trend in the case law holds that SLUSA divested state courts of jurisdiction over covered class actions asserting 1933 Act claims.

Even if the SLUSA section focused on by Plaintiff, 15 U.S.C. 77p(c) ("Section 77p(c)"), were relevant to the issue of this removal, the better reading of that section would also allow removal of this action. Plaintiff advances a constricted interpretation of that section that would thoroughly undermine Congress's stated purpose in enacting SLUSA.

Additionally, to the extent that the securities at issue in this action are not deemed "covered" securities, removal would be proper under the Class Action Fairness Act of 2005 ("CAFA") because this action meets the requirements of 28 U.S.C. § 1332(d)(2) and would not fall within any of the exceptions of 28 U.S.C. § 1453(d).

2

Accordingly, the MetLife Defendants' removal of this case to federal court was proper and the Court should deny Plaintiff's Motion to Remand.

## ARGUMENT

**I.    REMOVAL OF THIS ACTION UNDER SLUSA IS PROPER.**

    **A.    Section 77v(a) Provides for Exclusive Federal Jurisdiction and Permits Removal of "Covered Class Actions" Asserting 1933 Act Claims.**

        1.    The SLUSA Amendment to the Jurisdictional Provision of Section 77v(a) Provides for Exclusive Federal Jurisdiction.

SLUSA amended Section 77v(a) to divest state courts of concurrent jurisdiction over "covered class actions" asserting 1933 Act claims, thereby providing for *exclusive federal jurisdiction* over such actions. The jurisdictional provision of Section 77v(a) states:

> The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter . . ., and concurrent with State and Territorial courts, *except as provided in section 77p of this title with respect to covered class actions,* of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter.

15 U.S.C. § 77v(a) (emphasis added to SLUSA amendment). The language highlighted above that was added by SLUSA modifies the preceding phrase "concurrent with State and Territorial courts" and thus excludes from concurrent state jurisdiction "covered class actions" that assert 1933 Act claims. "Covered

3

class actions" are defined in Section 77p(f)(2);[1] Plaintiff does not contest that the present action is a "covered class action" under this definition.[2]

After SLUSA, state courts, at best, retain concurrent jurisdiction only over lawsuits that do *not* meet the definition of a "covered class action" – *e.g.*, an action asserting *individual* 1933 Act claims. *See In re Fannie Mae 2008 Sec. Litig.*, No. 08 Civ. 7831, 2009 WL 4067266, *2 (S.D.N.Y. Nov. 24, 2009) ("State courts are competent with regard to *individual* 1933 Act claims and those State claims specified in SLUSA.") (emphasis added).   As Congress itself stated in enacting SLUSA, "it is appropriate to enact *national standards for securities class action lawsuits* involving nationally traded securities, while preserving the appropriate enforcement powers of State securities regulators and *not changing the current treatment of individual lawsuits*." SLUSA, Pub. L. 105-353 § 2(5), 112 Stat. 3227 (1998) (emphasis added).

---

[1]   A "covered class action" includes any case in which a plaintiff asserts claims "on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate ... over any questions affecting only individual persons or members." 15 U.S.C. § 77p(f)(2)(A)(i)(II).

[2]   Plaintiff's Motion to Remand and Supporting Memorandum do not dispute that this is a covered class action.  However, the Complaint asserts that this action "does not fall within the definition of 'covered class action' under § 16(b)-(c)." (Compl. ¶ 24). This assertion is unavailing because sections 16(b) and (c) do not contain any definition of "covered class actions."

Although neither the Supreme Court nor any Circuit Court of Appeals has addressed the issue presented here,[3] district courts across the country have recognized that the plain language of the SLUSA amendment to the jurisdictional provision of Section 77v(a) provides for exclusive federal jurisdiction over covered class actions asserting 1933 Act claims. As one court recently recognized, "[t]he emerging trend holds that SLUSA was designed to and does deprive State courts of jurisdiction over class actions alleging 1933 Act claims." *In re Fannie Mae*, 2009 WL 4067266, at *1 (denying remand). *See, e.g., Northumberland County Ret. Sys. v. GMX Resources, Inc.*, 810 F. Supp. 2d 1282, 1287 (W.D. Okla. 2011) (holding that SLUSA divested state courts of concurrent jurisdiction over covered class actions and denying remand); *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009) (same); *Pinto v. Vonage Holdings Corp.*, C.A. No. 07-0062, 2007 WL 1381746, at *2 (D.N.J. May 7, 2007) (same); *Rubin v. Pixelplus Co.*, No. 06-CV-2964, 2007 WL 778485, at *5 (E.D.N.Y. Mar. 13, 2007) (same); *Rovner v. Vonage Holdings Corp.*, C.A. No. 07-178, 2007 WL 446658, at *3 (D.N.J. Feb. 7, 2007) (same); *In re King Pharms., Inc.*, 230 F.R.D. 503, 505 (E.D. Tenn. 2004) (same). Indeed, just in the past month, the district court hearing the Facebook securities litigation joined that trend, holding that "SLUSA amended § 77v to

---

[3] "Neither the Supreme Court nor any Circuit Court of Appeals has determined whether, under SLUSA, a defendant may remove from state court a class action complaint alleging claims brought under the 1933 Act." *Lapin v. Facebook, Inc.*, No. C-12-3195, 2012 WL 3647409, at *2 (N.D. Cal. Aug. 23, 2012).

exempt . . . covered class actions from § 77v's concurrent jurisdiction provision." *Lapin v. Facebook, Inc.*, No. C-12-3195, 2012 WL 3647409, at \*2 (N.D. Cal. Aug. 23, 2012) (denying remand).

In its Motion to Remand, Plaintiff completely ignores the fact that SLUSA amended the jurisdictional provision of Section 77v(a) to limit the concurrent jurisdiction of state courts. Plaintiff fails to address the plain language of the amendment – the addition of the "except as provided in section 77p of this title with respect to covered class actions" language – which explicitly and unambiguously eliminates concurrent state court jurisdiction over covered class actions.[4] Plaintiff offers no alternative interpretation of that added language; nor does Plaintiff discuss the case law interpreting it.

Moreover, of the cases cited by Plaintiff as finding removal unsupported by SLUSA, only two even address the SLUSA amendment to the jurisdictional provision of Section 77v(a), and both of those cases acknowledge that SLUSA stripped state courts of concurrent jurisdiction over certain cases asserting 1933 Act claims. *See In re Tyco Int'l, Ltd. Multidistrict Litig.*, 322 F. Supp. 2d 116, 118 n.2 (D.N.H. 2004); *Unschuld v. Tri-S Security Corp.*, No. 1:06-CV-02931, 2007 WL 2729011, at \*7 (N.D. Ga. Sept. 14, 2007). However, as in many early post-

---

[4]    Contrary to the assertion by Plaintiff (Doc. 14, Pl.'s Mem. at 16), the legislative history is replete with statements by Congress that a primary goal of SLUSA is "to make Federal court the exclusive venue for securities class actions." *In re Fannie Mae*, 2009 WL 4067266, at \*2.

SLUSA cases, the *Unschuld* and *Tyco* courts were not called upon to address the argument made here, which most recent cases have embraced: that the divesting of concurrent state court jurisdiction over covered class actions asserting 1933 Act claims ***eliminates any barrier to removal of such actions***.

Nor does Defendants' interpretation render the jurisdictional provision "superfluous," as Plaintiff suggests. (Doc. 14, Pl.'s Mem. at 16.) As explained above, that provision is not superfluous because it maintains concurrent state and federal jurisdiction over individual lawsuits asserting 1933 Act claims and other such lawsuits that do not qualify as "covered class actions." In fact, it is Plaintiff's interpretation – according to which the SLUSA amendment has no effect on the concurrent jurisdiction of state courts – that would result in superfluous language. *See Duncan v. Walker*, 533 U.S. 167, 174 (2001) ("It is our duty to give effect, if possible, to every clause and word of a statute.") (internal quotations omitted).

> 2.  The Anti-Removal Provision of Section 77v(a) Does Not Apply to Covered Class Actions Asserting 1933 Act Claims.

A crucial point that Plaintiff misses is that, after SLUSA, the anti-removal provision of Section 77v(a) ***does not apply*** to covered class actions asserting 1933 Act claims. The anti-removal provision states: "Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any ***State court of competent jurisdiction*** shall be removed to any court of the United States." 15 U.S.C. § 77v(a) (emphasis added). This provision, by its plain

language, applies only to cases originally brought in a state court "of competent jurisdiction."  Because the SLUSA amendment to the jurisdictional provision of Section 77v(a) divests state courts of jurisdiction over covered class actions asserting 1933 Act claims, the anti-removal provision does not apply to such cases. As the *Knox* court explained:  "After SLUSA, state courts were no longer 'court[s] of competent jurisdiction' to hear covered class actions raising 1933 Act claims. Thus, the anti-removal provision does not apply to these covered class actions asserting exclusively federal claims."  613 F. Supp. 2d at 425; *see also In re Fannie Mae*, 2009 WL 4067266 at *2; *Lapin*, 2012 WL 3647409, at *3.

Because Section 77v(a) does not bar removal and this Court has original jurisdiction over this action, it is removable under 28 U.S.C. § 1441(a).[5]

> 3.   The Plain Meaning of Section 77v(a) is Consistent with the Stated Purpose of SLUSA and Its Legislative History.

The stated purpose and legislative history of SLUSA unequivocally supports the conclusion that – consistent with the plain meaning of Section 77v(a) – Congress intended exclusive federal jurisdiction over securities class actions.  As Representative Bliley, the House Manager of SLUSA, stated, "[t]he premise of this legislation is simple: lawsuits alleging violations that involve securities that are

---

[5]   "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

offered nationally belong in Federal court." 144 CONG. REC. H10771-02, H10771 (1998) (statement of Rep. Bliley).

Congress enacted SLUSA in response to a finding that plaintiffs' lawyers were attempting to avoid the requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA") by filing securities class actions in state court instead of federal court.[6] *See* S. REP. NO. 105-182 at 3 (1998) (The "need for [SLUSA] became apparent" when "a disturbing trend became apparent; namely, that there was a noticeable shift in class action litigation from federal to state courts."); *Instituto De Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1345 (11th Cir. 2008) ("Rather than risk tripping over the hurdles imposed by the PSLRA, plaintiffs and their attorneys began bringing securities fraud class actions under state law, often in state court."). In enacting SLUSA, Congress sought "[t]o stem this 'shif[t] from Federal to State courts' and 'prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of'" the PSLRA. *Dabit*, 547 U.S. at 82 (quoting SLUSA, Pub. L. 105-353 §§ 2(2), (5), 112 Stat. 3227).

---

[6] Among other things, the provisions of the PSLRA "limit recoverable damages and attorney's fees, provide a 'safe harbor' for forward-looking statements, impose new restrictions on the selection of (and compensation awarded to) lead plaintiffs, mandate imposition of sanctions for frivolous litigation, and authorize a stay of discovery pending resolution of any motion to dismiss." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 81 (2006).

Congress's solution included divesting state courts of concurrent jurisdiction over national securities class actions. As the Conference Report unambiguously announces in its opening statement:

> [SLUSA] *makes Federal court the exclusive venue for most securities class action lawsuits.* The purpose of this title is to prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than in Federal, court.
>
> Under the legislation, class actions relating to a "covered security" . . . alleging fraud or manipulation *must be maintained pursuant to the provisions of Federal securities law, in Federal court* (subject to certain exceptions).

H.R. CONF. REP. NO. 105-803, at 13 (1998). This action does not fall within the three exceptions enumerated by Congress.[7]

The plain meaning of the SLUSA amendment to the jurisdictional provision of Section 77v(a), which divests state courts of concurrent jurisdiction over covered class actions asserting 1933 Act claims, "is consistent with, and gives

---

[7] The Conference Report states: "The legislation preserves State jurisdiction over: (1) certain actions that are based upon the law of the State in which the issuer of the security in question is incorporated, (2) actions brought by States and political subdivisions, and State pension plans, so long as the plaintiffs are named and have authorized participation in the action; and (3) actions by a party to a contractual agreement (such as an indenture trustee) seeking to enforce provisions of the indenture." H.R. CONF. REP. NO. 105-803, at 13-14.

effect to, SLUSA's underlying rationale: to make federal courts the exclusive venue for securities class actions." *In re Fannie Mae*, 2009 WL 4067266, at *2.[8]

**B.      Section 77p(c) Permits Removal of "Covered Class Actions" Asserting 1933 Act Claims.**

Even if the anti-removal provision of Section 77v(a) did apply to covered class actions asserting 1933 Act claims – which, as explained above, it does not – such actions would still be removable under Section 77p(c).  That section reads: "Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to sub-section (b)."  15 U.S.C. § 77p(c).  Subsection (b), in turn, precludes covered class actions asserting claims involving "covered securities" and based on state law from being brought in state or federal court, if the those actions allege either "(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security."  15 U.S.C. § 77p(b).

Although district courts have disagreed as to the scope of Section 77p(c), and in particular whether it is limited to actions asserting state law claims, the

---

[8]    The legislative history cited by Plaintiff relates to an entirely separate aspect of SLUSA – the preclusion of certain securities class actions based on state law – and not the jurisdictional provision at issue here. (Doc. 14, Pl.'s Mem. at 14-16.)

better reading is that it is not. *See Knox*, 613 F. Supp. 2d. at 422-23 & n.1 (collecting cases). The phrase "as set forth in subsection (b)" in Section 77p(c) modifies "involving a covered security," indicating that an action "involving a covered security" is an action that includes the types of allegations related to a covered security that are set forth in Sections 77p(b)(1) and (2). *See Rubin*, 2007 WL 778485, at *3 (reference to "subsection (b)" is to the categories of allegations described in Sections 77p(b)(1) and (2)); *Northumberland County Ret. Sys.*, 810 F. Supp. 2d at 1287 ("the more sensible reading of § 77p(c) and its reference to subsection (b) is that it makes removable any covered class action which includes allegations described in § 77p(b)(1) and (2)"); *see also Lowinger v. Johnston*, 2005 WL 2592229, at *4 (W.D.N.C. Oct. 13, 2005) (holding that Section 77p(c) is not limited to state law claims and denying remand); *Kulinski v. Am. Elec. Power Co.*, No. Civ. A. C-2-03-412, 2003 WL 24032299 (S.D. Ohio Sept. 19, 2003) (same); *Alkow v. TXU Corp.*, No. 02-CV-2738-K, 2003 WL 21056750, at *1 (N.D. Tex. May 8, 2003) (same); *Brody v. Homestore, Inc.*, 240 F. Supp. 2d 1122 (C.D. Cal. 2003) (same).

This interpretation of Section 77p(c) is not only the more natural reading of that provision, but it makes the most sense in light of Congress's stated intention in enacting SLUSA. As Plaintiff acknowledges: "'In expounding a statute, [a court] must not be guided by a single sentence or member of a sentence, but look to the

provisions of the whole law, and to its object and policy.'" *Bishop v. Reno*, 210 F.3d 1295, 1299 (11th Cir. 2000) (quoting *Philbrook v. Glodgett*, 421 U.S. 707, 713 (1975)).  Particularly where the interpretation of Section 77p(c) has caused confusion and disagreement among courts, it is important to consider that provision in the context of the overall purpose of SLUSA.[9]   *See Baloco v. Drummond Co., Inc.*, 640 F.3d 1338, 1348 (11th Cir. 2011) ("Where the federal statute itself does not elucidate the plain meaning of a particular provision, a statute's Congressional history may assist a court in determining the appropriate definition to apply.").

As discussed above in Section I.A.3., a primary purpose of SLUSA is to "curtail the proliferation in state courts of securities fraud class actions (federal or state) beyond the reach of the PSLRA's heightened pleading standards." *Knox*, 613 F. Supp. 2d at 423.  Accordingly, the narrow approach that Plaintiff espouses here does not make sense because it "threatens to spawn federal securities fraud class actions in state courts where they could proceed under the PSLRA radar." *Id.* "That bizarre result would shift the center of gravity of federal securities fraud class actions under the 1933 Act from federal to state courts." *Id.*

---

[9] The text of § 77p(b) and 77p(c) has spawned confusion among courts. *See, e.g., Rubin*, 2007 WL 778484, at *3 ("[S]ignificant confusion over the scope of [§ 77p(c)] arises from the two references to subsection (b) of section 77p."); *Unschuld*, 2007 WL 2729011, at *4 ("Figuring out, from the language in the subsection, just what group of cases the statute intends to describe . . . has been no easy feat for any court that has had to analyze the section.").

Indeed, "*requiring* securities class actions brought in state court and asserting purely federal claims to remain in state court, subject to the diverse procedural regimes of the various states . . . is directly contrary to the stated intent of Congress." *Northumberland*, 810 F. Supp. 2d at 1287 (italics in opinion). "[T]here is no question that permitting timely removal of class actions consisting of 1933 Act claims is consistent with Congress' express intention 'to make Federal court the exclusive venue for securities fraud class action litigation.'" *Lowinger*, 2005 WL 2592229, at *4 (quoting H.R. REP. NO. 105-640, at 10 (1998)). SLUSA's legislative history confirms that "the legislation would provide for the shifting of securities lawsuits filed in a state court into the more appropriate federal court, a process called 'removal.' The removal authority would only apply for class action suits involving nationally-traded securities . . .. Without removal authority, these companies, whose securities are traded throughout the fifty states, could face liability under federal securities laws in fifty state courts." 144 CONG. REC. S4778-03, S4797 (1998) (statement of Sen. Feinstein).

Plaintiff, in arguing that Section 77p(c) should be read narrowly to include only state law claims, relies on inapplicable case law. Plaintiff relies primarily on dicta from the Supreme Court's opinion in *Kircher v. Putnam Funds Trust*, 547 U.S. 633 (2006), which Plaintiff contends is "highly illustrative." To the contrary, the Court in *Kircher* was "previewing the scope of [Section 77p(c)] removal of

14

covered class actions raising state law claims, not the question of removal of covered class actions raising 1933 Act claims." *Knox*, 613 F. Supp. 2d at 425. Notably, *Kircher* also contains language supportive of the broader reading of Section 77p(c), stating that the "set forth in subsection (b)" language found in Section 77p(c) "has no apparent function unless it limits removal to covered class actions involving claims like untruth or deception." *Kircher*, 547 U.S. at 642. Likewise, Plaintiff's reliance on *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1342 (11th Cir. 2002) is misplaced because, like *Kircher*, that case addressed the removal of state law claims and is dicta, as expressly recognized by the Eleventh Circuit in *Williams v. AFC Enterprises, Inc.*, 389 F.3d 1185, 1189 n.6 (11th Cir. 2004) ("The *Riley* court did not consider whether claims based exclusively on federal law are removable under SLUSA.").[10]

---

[10]  Plaintiff also relies on *Zia v. Med. Staffing Network, Inc.*, 336 F. Supp. 2d 1306, 1309-10 (S.D. Fla. 2004) for the same proposition. *Zia* relied on the dicta in *Riley* for its conclusion that in order for removal to be appropriate the plaintiff's claims must be based in state law. Thus, as shown above, *Zia's* opinion is not persuasive.

## II.   IF THE SECURITIES AT ISSUE ARE NOT CONSIDERED COVERED SECURITIES, THEN THIS CASE IS REMOVABLE PURSUANT TO CAFA.

It appears from the face of the Complaint that the securities at issue in this action are "covered securities," as defined by SLUSA.[11]  Plaintiff takes no position on this question in its Motion to Remand.

To the extent that the securities at issue are not deemed covered securities, removal is proper under CAFA.  *See Katz v. Gerardi*, 552 F.3d 558, 562 (7th Cir. 2009) (securities class actions are removable under CAFA unless specifically excluded by CAFA itself); *N.J. Carpenters Vacation Fund v. Harborview Mortgage Loan Trust*, 581 F. Supp. 2d 581, 587 (S.D.N.Y. 2008) (same);  *see also Estate of Pew v. Cardarelli*, 527 F.3d 25, 32 (2d Cir. 2008) ("Review of SLUSA and CAFA confirms an overall design to assure that the federal courts are available for all securities cases that have national impact . . . .").

Plaintiff's argument that this action falls within the exception set forth in 28 U.S.C. § 1453(d)(3) is incorrect.   (Doc. 14, Pl.'s Mem. 18-19.)   That CAFA exception covers actions that solely involve a claim "that relates to the rights, duties . . ., and obligations relating to or created by or pursuant to any security" and does not encompass allegations of misrepresentations in a prospectus or registration statement.   28 U.S.C. § 1453(d)(3); *see N.J. Carpenters Vacation*

---

[11]   A "covered security" is a security listed on a regulated national exchange. *See* 15 U.S.C. §§ 77p(f)(3); 77r(b)(1).

*Fund*, 581 F. Supp. 2d at 588-89. Here, the burden is on the Plaintiff to prove that an express exception to CAFA applies. *See Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006). As illustrated above, Plaintiff has failed to carry its burden because the exception listed in § 1453(d)(3) does not apply.

## CONCLUSION

Based on the foregoing, the MetLife Defendants, by counsel, request the Court to enter an Order denying Plaintiff's Motion to Remand and granting such further relief as the Court deems just and proper. The MetLife Defendants request that oral argument be heard on Plaintiff's Motion to Remand.

Respectfully submitted this 6th day of September, 2012.

Of Counsel:

Maeve L. O'Connor
Elliot Greenfield
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 909-6836

/s/ John N. Bolus
John N. Bolus
Todd H. Cox
MAYNARD COOPER & GALE P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, Alabama 35203
Tel: (205) 254-1000
Fax: (205) 254-1999

*Attorneys for Defendants MetLife, Inc., C. Robert Henrikson, William J. Wheeler, Peter M. Carlson, Sylvia Matthews Burwell, Eduardo Castro-Wright, Cheryl W. Grisé, R. Glenn Hubbard, John M. Keane, Alfred F. Kelly, Jr., James M. Kilts, Catherine R. Kinney, Hugh B. Price, David Satcher, Kenton J. Sicchitano and Lulu C. Wang*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2012, a true and exact copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF document filing system, which will send an electronic notion of filing to all counsel of record.


/s/ John N. Bolus
OF COUNSEL