IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, | ) ) ) ) ) | 2:12-cv-02626-HGD |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| METLIFE, INC., et al., | ) ) |  |
| Defendants. | ) ) |  |

# REPLY MEMORANDUM OF LAW IN SUPPORT OF THE METLIFE DEFENDANTS' MOTION TO TRANSFER

Of Counsel:

Maeve L. O'Connor
Elliot Greenfield
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 909-6836

John N. Bolus
Todd H. Cox
MAYNARD COOPER & GALE P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, Alabama 35203
Tel: (205) 254-1000
Fax: (205) 254-1999

*Attorneys for Defendants MetLife, Inc., C. Robert Henrikson, William J. Wheeler, Peter M. Carlson, Sylvia Matthews Burwell, Eduardo Castro-Wright, Cheryl W. Grisé, R. Glenn Hubbard, John M. Keane, Alfred F. Kelly, Jr., James M. Kilts, Catherine R. Kinney, Hugh B. Price, David Satcher, Kenton J. Sicchitano and Lulu C. Wang*

23738529v1

Defendants MetLife, Inc. ("MetLife"), C. Robert Henrikson, William J. Wheeler, Peter M. Carlson, Sylvia Matthews Burwell, Eduardo Castro-Wright, Cheryl W. Grisé, R. Glenn Hubbard, John M. Keane, Alfred F. Kelly, Jr., James M. Kilts, Catherine R. Kinney, Hugh B. Price, David Satcher, Kenton J. Sicchitano and Lulu C. Wang (collectively, the "MetLife Defendants") submit this reply memorandum of law in further support of their motion to transfer venue to the Southern District of New York, pursuant to 28 U.S.C. § 1404(a).

## PRELIMINARY STATEMENT

For the reasons set forth in the MetLife Defendants' opening brief, the Court should transfer this action to the Southern District of New York ("SDNY") where a nearly-identical first-filed case is pending. *See City of Westland Police & Ret. Fund v. MetLife Inc., et al.*, No. 12 Civ. 0256 (LAK) (filed January 12, 2012).

Plaintiff makes no attempt to satisfy its burden of proving compelling circumstances that might warrant an exception to the Eleventh Circuit's "first-filed" rule. Plaintiff's argument that the "first filed" rule does not apply because of supposed "critical differences" between this action and the *City of Westland* action does not withstand even minimal scrutiny because every claim asserted by Plaintiff here is also included in the *City of Westland* action, which is based on the same alleged wrongdoing.

Plaintiff also fails to rebut the MetLife Defendants' arguments demonstrating that transfer to the SDNY would be in the interests of justice and judicial economy, avoid duplicative and potentially inconsistent rulings, and reduce expenses for the courts and the parties. As Plaintiff concedes, its choice of forum is entitled to "reduced" deference because this action is purportedly brought on behalf of a nationwide class. Any remaining deference is eliminated because the Northern District of Alabama has no significant connection with the operative facts.

Plaintiff's assertion that the Court lacks authority to decide this motion prior to addressing Plaintiff's motion to remand is incorrect as a matter of law and is directly contradicted by the Supreme Court's decision in *Sinochem International Co. v. Malaysia International Shipping Corp.*, 549 U.S. 422 (2007) (holding that a court may decide non-merits issues, such as a motion to transfer, without first addressing a jurisdictional motion). This Court plainly has discretion under *Sinochem* to transfer this case to the SDNY pursuant to 29 U.S.C. § 1404(a) and the "first-filed" rule and should do so to promote the efficient adjudication of this action and the consistent resolution of substantive motions.

## ARGUMENT

I. **PLAINTIFF DOES NOT MEET ITS BURDEN OF PROVING COMPELLING CIRCUMSTANCES SUPPORTING AN EXCEPTION TO THE FIRST-FILED RULE**

Plaintiff makes no attempt to meet its burden of proving any "'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) (quoting *Merrill Lynch, Pierce, Fenner & Smith v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982)). Plaintiff therefore cannot overcome the Eleventh Circuit's "strong presumption" that "favors the forum of the first-filed suit under the first-filed rule." *Manuel*, 430 F.3d at 1135.

Plaintiff's argument that the first-filed rule does not apply here because there are "critical differences" between this case and the first-filed *City of Westland* action is entirely without merit.[1] (Pl.'s Opp'n to Mot. to Transfer ("Opposition"), Docket No. 21, at 14-16.) In fact, all of the claims asserted by Plaintiff in this copy-cat lawsuit are also asserted in the *City of Westland* action – claims based on the same allegations of wrongdoing, in connection with the same March 4, 2011 public offering, and on behalf of the same purported class of shareholders. (*See* Mem. of Law in Support of the MetLife Defendants' Mot. to Transfer ("Motion to Transfer"), Docket No. 4, at 5-7.) Because each claim here is included in the *City*

---

[1] A copy of the *City of Westland* complaint and the docket sheet for that case were attached as Exhibits A and B to the Declaration of John N. Bolus, Docket No. 4.

*of Westland* action, "a determination" in *City of Westland* would "leave[] little or nothing to be determined" in this action. *Goldsby v. Ash*, No. 2:09-cv-975, 2010 WL 1658703, at *2 (M.D. Ala. Apr. 22, 2010) (internal quotations and citations omitted). Plaintiff does not contest these fundamental facts.

The only difference identified by Plaintiff – that Plaintiff named four additional underwriters as defendants – does not render the first-filed rule inapplicable. (Doc. No. 21, Opp'n 14-16.) MetLife and all of the Individual Defendants named in this case are also named defendants in *City of Westland*. In all, 22 out of the 26 defendants in this action are also named defendants in that case. (Compl. at ¶¶ 28-53; Doc. No. 4, Bolus Decl. Ex. A at ¶¶ 30-54.) For the first-filed rule to apply, courts generally do not require identical parties so long as the actions involve closely related questions or common subject matter. *See*, *e.g.*, *Kadant Johnson, Inc. v. D'Amico*, No. 2:10-cv-577, 2010 WL 3522068, a *1 (M.D. Ala. Sept. 1, 2010) (granting transfer to first-filed forum where a case was pending "involving substantially the same, but not identical parties."); *SASCO v. Byers*, No. C 08–5641, 2009 WL 1010513, at *4-5 (N.D. Cal. Apr. 14, 2009) (presence of one defendant in the later filed action who was absent in the earlier filed action has no effect on the first-to-file rule when the actions are "functionally identical"); *Freedom Mortgage Corp. v. Irwin Fin. Corp.*, No. 08-146, 2009 WL 763899, *4 (D. Del. March 23, 2009) ("Complete identity of the parties and issues, however, is

4

not required for the 'first-filed' rule to apply."); *Marshak v. Reed*, No. 96 CV 2292, 2000 WL 33152076, at *3 (E.D.N.Y. Oct. 17, 2000) (invoking the first-to-file rule when the second action involved additional parties since "[p]arties 'whose interests are clearly aligned' may be treated as if they were the same parties"). Here, the two actions are not merely similar, but substantially identical. Plaintiff cites no case law in support of its argument that its naming of four additional underwriters as defendants – who performed essentially the same role in the transaction as the other six underwriters – has any effect on the "first filed" analysis.

That the *City of Westland* action includes claims under the Securities Exchange Act of 1934 (the "1934 Act") – in addition to 1933 Act claims identical to those asserted in this action – is of no consequence. Contrary to Plaintiff's suggestion, the 1933 Act claims it asserts will be subject to the same pleading standard regardless of whether those claims are heard by a federal court in Alabama or New York. (Doc. No. 21, Opp'n 14, 16.) The mere presence of 1934 Act claims – asserted in a separate lawsuit – has no bearing on the issue.

## II.     THE BALANCE OF FACTORS WEIGHS IN FAVOR OF TRANSFER.

Plaintiff offers little in response to the core factors considered in determining whether transfer is appropriate:  the interests of justice and judicial economy; the location and ease of access to relevant sources of proof; and the locus of operative facts, which all weigh in favor of transfer to the Southern District of New York.

5

Plaintiff instead focuses on the argument that its choice of forum should be accorded some deference – a position squarely rejected by case law.

### A. Judicial Economy and the Interests of Justice Will Be Best Served by a Transfer.

Transfer of this action to the SDNY would best serve the interests of judicial economy and the efficient administration of justice by preventing duplicative and potentially inconsistent rulings, as well as reducing expenses for the courts and the parties. (*See* Doc. No. 4, Mot. to Transfer 7-10.) Plaintiff does not even attempt to address these factors.

### B. The Locus of Operative Facts is in New York.

There can be no question that the locus of operative facts is in New York. (*See* Doc. No. 4, Mot. to Transfer 9-10.) That Plaintiff allegedly acquired MetLife common stock while in Alabama (Doc. No. 21, Opp'n 20-21) is not relevant to determining the locus of operative facts because "misrepresentations or omissions occur where the misrepresentations are issued or the truth is withheld, not where the statements at issue are received." *In re Global Cash Access Holdings, Inc. Sec. Litig.*, No. 08 Cv. 3516, 2008 WL 4344531, at *6 (S.D.N.Y. Sept. 18, 2008) (internal quotations omitted) (collecting cases).

As to the location of relevant documents and the relative ease of access to sources of proof, Plaintiff acknowledges that 10 of the 15 Individual Defendants

reside in the greater New York area, and none reside in Alabama.[2]  Additionally, as MetLife is headquartered in New York, any MetLife representatives with knowledge of MetLife's policies and procedures and the preparation of its financial statements will almost certainly be located in the New York area.  The fact that "Plaintiff's documents and witnesses are located in Alabama" (Doc. No. 21, Opp'n 21) provides no significant counterweight, as the vast majority of discovery in this type of case comes from the Defendants.[3]  Without prejudice to what might arise in this case, typically a named plaintiff in a securities class action provides discovery limited to issues of standing and class certification.

    **C.**    **Named Plaintiff's Choice of Forum Should Not Be Accorded Significant Weight.**

Plaintiff fails to overcome the well-reasoned case law holding that a plaintiff's choice of forum "'is not a significant factor when the case is prosecuted as a class action.'" *Ellis v. Whirlpool Corp.*, No. 7:07-cv-0679, 2007 WL 4706908, at *1 (N.D. Ala. Nov. 27, 2007) (*quoting Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)).

---

[2] According to the Complaint, Defendants Wheeler, Carlson, Hubbard, Kelly, Kinney, Price, and Wang are residents of New York, and Defendants Henrickson, Grisé, and Kilts are residents of Connecticut. (Compl. ¶¶ 29-43.)

[3] Plaintiff misquotes the MetLife Defendants as stating that nothing relevant to discovery is located in Alabama. (Doc. No. 21, Opp'n 23.) The MetLife Defendants actually stated that no sources of proof "relating to MetLife's use of the DMF, its policies and practices, its financial statements, the allegedly false offering documents, and any knowledge or participation of the individual defendants" are located in Alabama. (Doc. No. 4, Mot. to Transfer 10.)

Plaintiff concedes that its choice of forum is entitled to "reduced" deference because this action is brought as a class action, but insists that its choice of forum is entitled to "some" deference because Plaintiff has sued in its home forum.[4] (Doc. No. 21, Opp'n at 20-21.) The Supreme Court rejected this very rationale in *Koster*, explaining that "where there are hundreds of potential plaintiffs, . . . all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened." 330 U.S. at 524. Any remaining deference to Plaintiff's chosen forum is eliminated because where "none of the conduct complained of took place in the forum selected by Plaintiff, the Plaintiff's choice of forum is of minimal value in determining whether to transfer an action." *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 505 (M.D. Ala. 1994).

## III.  THE COURT HAS AUTHORITY TO DECIDE THIS MOTION.

Plaintiff's primary argument – that it is "black letter law" that the Court "must decide Plaintiff's Motion to Remand before it can even consider" this motion to transfer – is flatly wrong and was expressly rejected by the Supreme Court in *Sinochem*. (Doc. No. 21, Opp'n 1.)

---

[4]  Plaintiff's reliance on *Patel v. Howard Johnson Franchise System, Inc.* is misplaced: that case was not filed as a class action, and the court granted transfer.  *See* 928 F. Supp. 1099, 1100-01 (M.D. Ala. 1996).

8

The Supreme Court in *Sinochem* held that a district court need not address a challenge to its jurisdiction prior to deciding a non-merits issue, such as the motion to transfer venue at issue here. *See id.*, 549 U.S. at 432. The Court reasoned that "[j]urisdiction is vital only if the court proposes to issue a judgment on the merits," and a court may therefore "dispose of an action" on non-merits grounds, "bypassing questions of subject-matter and personal jurisdiction." *Id.* at 431, 432 (internal citations and quotations omitted). Under *Sinochem*, a "federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." *Id.* at 431 (internal citations and quotations omitted).

The *Sinochem* decision makes clear that a motion to transfer venue is not a decision on the merits, and the Court therefore may decide this motion without first addressing Plaintiff's motion to remand. The Supreme Court in *Sinochem* held that a *forum non conveniens* dismissal is not a determination on the merits, but rather "a determination that the merits should be adjudicated elsewhere." *Id*. at 432. The Court noted that "[f]or the federal court system, Congress has codified the [*forum non conveniens*] doctrine" in 28 U.S.C. § 1404(a), which provides for transfer "when a sister federal court is the more convenient place for trial of the action." *Id*. at 430. *See also Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008) (A determination "that venue is improper ... is not a determination of the claim, but

9

rather a refusal to hear it.") (quoting 18 James Wm. Moore *et al.*, Moore's Federal Practice, § 131.30[3][b] at 104 (3d ed. 2008)).

Since *Sinochem*, numerous courts have confirmed that a district court may decide a motion to transfer under § 1404(a) prior to addressing a challenge to its jurisdiction. *See*, *e.g.*, *In re LimitNone, LLC*, 551 F.3d 572, 576-78 (7th Cir. 2008) (Transfer under § 1404(a) does not "constitute[] a judgment on the merits" and may be decided before challenge to subject matter jurisdiction); *San Francisco Tech., Inc. v. The Glad Prods. Co.*, No. 10-CV-00966, 2010 WL 2943537, at *6 n.8 (N.D. Cal. July 26, 2010) ("[T]he Court's conclusion in *Sinochem* applies equally within the context of a motion to transfer pursuant to 28 U.S.C. § 1404(a)."); *Pub. Employees' Ret. Sys. of Miss. v. Stanley*, 605 F. Supp. 2d 1073, 1074-76 (C.D. Cal. 2009) (Under *Sinochem*, "jurisdiction and removal . . . need not be addressed before transfer."); *Aftab v. Gonzalez*, 597 F. Supp. 2d 76, 79 (D.D.C. 2009) ("Although the defendants have moved to dismiss for lack of subject matter jurisdiction, the motion to transfer venue under § 1404 may be addressed first."); *Rollenhagen v. Int'l Speedway Corp.*, No. 1:07-cv-818, 2007 WL 4324018, at *2 (W.D. Mich. Dec. 7, 2007) ("[O]n the authority of *Sinochem*, this court has the discretion to rule on venue issues before considering any asserted lack of jurisdiction.").

In its opposition, Plaintiff mentions *Sinochem* only in passing – noting that *Sinochem* does not "require" that the Court address this transfer motion first (Doc. No. 21, Opp'n 11) – and instead relies almost entirely on pre-*Sinochem* cases.[5] Moreover, the only case cited by Plaintiff that addresses *Sinochem* does not support Plaintiff's argument. (Doc. No. 21, Opp'n 7.) In *Movie Gallery US, LLC v. Smith*, the court merely relied on *Sinochem* for the uncontested proposition that deciding a jurisdictional issue may be appropriate where a court "can readily determine that it lacks jurisdiction." 574 F. Supp. 2d 1244, 1247 (M.D. Ala. 2008) (citing *Sinochem*, 549 U.S. at 436). However, as the Supreme Court ultimately found in *Sinochem*, "where subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course." *Sinochem*, 549 U.S. at 436.

The same holds true here: although the MetLife Defendants' removal of this action is based on the plain language of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") and is confirmed by Congress's stated purpose

---

[5] Even pre-*Sinochem*, Plaintiff misstates Eleventh Circuit law. *See Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1362 (M.D. Ala. 1998) ("[T]here is no federal law or statute, or judicial decision, that requires this court to decide a motion to remand before it decides a motion to transfer.").

11

in enacting that statute,[6] no courts in the Eleventh Circuit have addressed the argument set forth in the MetLife Defendants' Opposition to Plaintiff's Motion to Remand. Moreover, the broader issue of removal of class actions asserting claims under the Securities Act of 1933 has not been decided by the Supreme Court or any Circuit Court of Appeals, and district courts are divided. *See Lapin*, 2012 WL 3647409, at *2 (denying remand).

Plaintiff's overheated rhetoric suggesting that Defendants seek to "escape Eleventh Circuit law" in favor of the supposedly "less settled" law of the Second Circuit in order to "thwart Plaintiff's longstanding statutory rights" is baseless. (Doc. No. 21, Opp'n 2.) The MetLife Defendants filed this motion to transfer in order to move this case to the forum where a putative class action asserting identical claims based on the same allegations of wrongdoing is already pending, and where these claims can be adjudicated in the most efficient manner. Plaintiff is not entitled to have its remand motion heard in any particular federal court. *See Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993) ("[F]ederal courts comprise a single system applying a single body of law, and no litigant has a right to have the

---

[6] SLUSA amended the jurisdictional provision of 15 U.S.C. § 77v(a) to divest state courts of concurrent jurisdiction over class actions asserting 1933 Act claims, thereby providing for exclusive federal jurisdiction over such actions and rendering the 1933 Act's anti-removal provision inapplicable. *Lapin v. Facebook, Inc.*, No. C-12-3195, 2012 WL 3647409, at *3 (N.D. Cal. Aug. 23, 2012). SLUSA's plain language is confirmed by the legislative history; Congress stated that the legislation "makes Federal court the exclusive venue for most securities class action lawsuits." H.R. CONF. REP. NO. 105-803, at 13 (1998).

interpretation of one federal court rather than that of another determine his case.") (internal citation and quotation omitted).

## CONCLUSION

For the reasons set forth above, the MetLife Defendants respectfully request that the above-captioned action be transferred to the Southern District of New York.

Dated:  Birmingham, Alabama
September 10, 2012

Of Counsel:

| | |
|---|---|
| Maeve L. O'Connor | /s/ John N. Bolus |
| Elliot Greenfield | John N. Bolus |
| DEBEVOISE & PLIMPTON LLP | Todd H. Cox |
| 919 Third Avenue | MAYNARD COOPER & GALE P.C. |
| New York, New York 10022 | 1901 Sixth Avenue North |
| Tel: (212) 909-6000 | 2400 Regions Harbert Plaza |
| Fax: (212) 909-6836 | Birmingham, Alabama 35203 |
| | Tel: (205) 254-1000 |
| | Fax: (205) 254-1999 |
| | |
| | *Attorneys for Defendants MetLife, Inc., C. Robert Henrikson, William J. Wheeler, Peter M. Carlson, Sylvia Matthews Burwell, Eduardo Castro-Wright, Cheryl W. Grisé, R. Glenn Hubbard, John M. Keane, Alfred F. Kelly, Jr., James M. Kilts, Catherine R. Kinney, Hugh B. Price, David Satcher, Kenton J. Sicchitano and Lulu C. Wang* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2012, a true and exact copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF document filing system, which will send an electronic notion of filing to all counsel of record.

/s/ John N. Bolus
OF COUNSEL