UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CITY OF BIRMINGHAM RETIREMENT & RELIEF SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>vs.<br><br>METLIFE, INC., C. ROBERT HENRIKSON, WILLIAM J. WHEELER, PETER M. CARLSON, SYLVIA MATTHEWS BURWELL, EDUARDO CASTRO-WRIGHT, CHERYL W. GRISE, R. GLENN HUBBARD, JOHN M. KEANE, ALFRED R. KELLY, JR., JAMES M. KILTS, CATHERINE R. KINNEY, HUGH B. PRICE, DAVID SATCHER, M.D., KENTON J. SICCHITANO, LULU C. WANG, GOLDMAN SACHS & COMPANY, CITIGROUP GLOBAL MARKETS, INC., CREDIT SUISSE SECURITIES (USA), LLC, BARCLAYS CAPITAL, INC., DEUTSCHE BANK SECURITIES, INC., J.P. MORGAN SECURITIES, LLC, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, MORGAN STANLEY & CO., UBS SECURITIES, LLC and WELLS FARGO SECURITIES, LLC,<br><br>       Defendants. | Civil Action No.: 2:12-cv-02626-HGD<br><br>CLASS ACTION<br><br>**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO REMAND**<br><br>Removed From:<br>Circuit Court of the State of Alabama, County of Jefferson<br>Docket No.: CV-2012-902101 |

## I.     INTRODUCTION

Under the Securities Act of 1933 (the "1933 Act"), as amended by the Securities Litigation Uniform Standards Act ("SLUSA"), only cases asserting class action claims based upon state law are removable. Cases asserting only claims under the 1933 Act, as the present lawsuit, are not removable. State courts retain concurrent jurisdiction over these cases. This interpretation is consistent with Congress' intent in enacting SLUSA – to bar securities class actions based upon state law. Moreover, this interpretation is consistent with all existing Eleventh Circuit case law.

Defendants[1] raise various arguments designed to distract the Court from the fact that since 1933, plaintiffs have had the statutory right to proceed under the 1933 Act in state court. It is well recognized that the 1933 Act, post-SLUSA, continues to allow plaintiffs to proceed under the 1933 Act in state court, particularly when one considers that the primary purpose of SLUSA was to preclude securities class actions based upon state law from proceeding in *either* state or federal court. It is altogether unremarkable that Congress chose to continue to allow state courts concurrent jurisdiction over 1933 Act claims, even class claims.

---

[1] "Defendants," as used herein, refers to MetLife, Inc. Henrikson, Wheeler, Carlson, Burwell, Castro-Wright, Grisé, Hubbard, Keane, Kelly, Kilts, Kinney, Price, Satcher, Sicchitano, Wang, Goldman Sachs & Co., Citigroup Global Markets, Inc., Credit Suisse Securities (USA), LLC, Barclays Capital, Inc., Deutsche Bank Securities, Inc., J.P. Morgan Securities, LLC, Merrill Lynch, Pierce Fenner & Smith Inc., Morgan Stanley & Co., UBS Securities, LLC and Wells Fargo Securities, LLC.

Eleventh Circuit case law confirms this result. *See, e.g., Unschuld v. Tri-S Sec. Corp.*, Civil Action No. 06-cv-2931, 2007 WL 2729011 (N.D. Ga. Sept. 14, 2007) (remanding action where all claims brought under 1933 Act); *Zia v. Med. Staffing Network, Inc.*, 336 F. Supp. 2d 1306 (S.D. Fla. 2004) (same); and *Steamfitters Local 449 Pension & Ret. Sec. Funds v. Quality Distrib., Inc.*, No. 8:04-cv-00961-T-26MAP, ECF No. 18, Order (M.D. Fla. June 25, 2004) (same). Defendants have not cited, nor can they, any cases from the Eleventh Circuit in which the court did not grant remand under these circumstances. State courts retain concurrent jurisdiction over class actions asserting exclusively federal claims. Defendants offer no legitimate reason why this Court should not remand this action to state court where Plaintiff, City of Birmingham Retirement & Relief System, originally filed. Plaintiff's federal, 1933 Act claims are not removable. For the reasons set forth herein and in Plaintiff's opening memorandum of law, the Court should grant Plaintiff's Motion to Remand.[2]

## II.   ARGUMENT

### A.   Eleventh Circuit Case Law Confirms That This Action Was Improperly Removed.

Defendants argue that only 15 U.S.C. §77v(a) is relevant to the remand inquiry and that the removal bar in §77v(a) does not apply to this action asserting only federal,

---

[2] For the reasons set forth in Plaintiff's Memorandum and Points of Authorities in Opposition to Defendants' Motion to Transfer (*see* ECF No. 21) at 6-13, incorporated herein by reference, the Court should decide Plaintiff's Motion to Remand first, before it reaches Defendants' Motion to Transfer.

1933 Act claims. Under §77v(a), an action is not removable unless it falls within the exception provided by §77p(c). Defendants also argue that removal under §77p(c), a section Defendants consider irrelevant, is not limited to actions precluded by §77p(b) and that this action is removable under §77p(c). Defendants' Response in Opposition to Plaintiff's Motion to Remand ("Defendants' Response") at 11-15. Defendants' arguments [3] directly conflict with Eleventh Circuit law and are otherwise incorrect.[4]

In *Unschuld*, 2007 WL 2729011, the court analyzed at length the precise issues before this Court. Defendants fail to distinguish *Unschuld*. The court in *Unschuld* first examined the original removal language of the 1933 Act, which prohibits removal to federal court of any claims made under the 1933 Act in a state court. *Id.*, at *2. Then, the court in *Unschuld* considered what effect the enactments of the Private Securities Litigation Reform Act ("PSLRA") and SLUSA had on the anti-removal provision of the 1933 Act. *Id.*, at *2-3. Next, the *Unschuld* court discussed the text of §77v(a) and noted that proper analysis of this section requires reference to

---

[3] Defendants also argue that the legislative history of §77v(a) supports Defendants' position. Defendants' Response, at 8-11. Plaintiff already explained why this is not so and specifically highlighted that the purpose of SLUSA was to preempt only claims based on state law. Memorandum of Points and Authorities in Support of Plaintiff's Motion to Remand ("Plaintiff's Memorandum in Support"), at 14-16. Plaintiff respectfully refers the Court to that portion of Plaintiff's earlier pleading.

[4] Defendants misleadingly write that "neither the Supreme Court nor any Circuit Court of Appeals has addressed the issue presented here." (Defendants' Response at 5). While true, Defendants fail to note the fact that "under federal jurisprudence, an appellate court may not review a district court's determination to remand a case based on lack of subject matter jurisdiction. Thus, district court decisions directing a remand are not reviewable on appeal." *Unschuld*, 2007 WL 2729011 at *1.

§§77p(b) and (c). *Id.*, at *3-5. After examining the text and legislative history behind these provisions of the 1933 Act, the court in *Unschuld* rejected all of the arguments made by Defendants here and held that it must remand the action. The court in *Unschuld* discussed the Supreme Court's holding in *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 126 S. Ct. 2145 (2006), and wrote:

> [T]he majority [in *Kircher*] made a pronouncement that, albeit *dictum*, purported to set a standard that would dictate the result in this case. . . . [T]he Court held: "In sum, we see no reason to reject the straightforward reading: *removal and jurisdiction to deal with removed cases is limited to those precluded by subsection (b).*" . . . [T]he Supreme Court made the above rather emphatic and expansive statement. Presumably, the Court was aware of the ongoing dispute about removal of such claims. Accordingly, given the uncertainty of the defendants' proposed interpretation of the statute, combined with the Supreme Court's pronouncement, albeit in *dictum*, to the effect that removal of a federal securities claim from state court is not permitted by SLUSA, defendants have failed to demonstrate that this action falls within the group of cases that §§ 77v(a) and 77p(c) permit to be removed. Accordingly, this Court concludes that it must **REMAND** the action. (Emphasis in original.)

*Id.* at *10-11. Defendants attempt to distance the holding in *Unschuld* from this case by arguing that the court "acknowledge[d] that SLUSA stripped state courts of concurrent jurisdiction over certain cases asserting 1933 Act claims." (Defendants' Response at 6). This does not disrupt the holding in *Unschuld* – a defendant cannot remove to federal court an action, like Plaintiff's, that contains only 1933 Act claims.

Other cases from district courts within the Eleventh Circuit echo *Unschuld*. Defendants argue that only two cases cited by Plaintiff address the effect of SLUSA on the jurisdictional provision of Section 77v(a). Defendants' Response at 6. In *Zia*,

- 4 -

336 F. Supp. 2d 1306, the court discussed the SLUSA removal language, rejected arguments similar to those made here by Defendants, and remanded the action. The court reached the same result in *Steamfitters Local 449*, No. 8:04-cv-961-T-26MAP, ECF No. 18, Order.

Plainly, these Eleventh Circuit cases dispose of all of Defendants' arguments. *Unschuld* demonstrates that Plaintiff's interpretation of *Kircher* is correct. Moreover, the statutory interpretation performed in *Unschuld* is entirely consistent with Congress' stated purpose in enacting SLUSA, which was "to limit the conduct of securities class actions under State law." *See* Pub. L. No, 105-353, 112 Stat. 3227 (1998). Unlike Defendants, who have resorted to citing outlier cases from other jurisdictions, Plaintiff has several cases from courts within the Eleventh Circuit that unambiguously require remand in these circumstances.

Plaintiff asserts only federal claims, which are not precluded by §77p(b) and, therefore, are not removable under §77p(c). *See Unschuld*, 2007 WL 2729011, at *10-11. Accordingly, the Court should grant Plaintiff's Motion to Remand.

**B.      Defendants' Construction of SLUSA and Relevant Law Is Incorrect.**

Defendants misleadingly argue that Plaintiff focuses on a "separate and largely irrelevant section of SLUSA." Defendants' Response at 2. Defendants would have this court disregard Section 77p(c) of SLUSA and only consider Section 77v(a). Defendants are wrong for several reasons.

- 5 -

First, Defendants' argument here contrasts sharply with Defendants' recognition of the fact that "'[i]n expounding a statute, [a court] must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy.'" *Bishop v. Reno*, 210 F.3d 1295, 1299 (11th Cir. 2000) (quoting *Philbrook v. Glodgett*, 421 U.S. 707, 713, 95 S. Ct. 1893, 1898 (1975)). (Defendants' Response at 12-13). Remarkably, Defendants assert that this Court should disregard certain provisions of SLUSA to reach Defendants' desired outcome. Defendants' argument fails to incorporate the very text of the statutes. Again, Defendants imply that this court need only address Section 77v(a) of SLUSA to reach its determination. To fully understand Section 77v(a), however, a court must incorporate the language of Section 77p(c); Section 77v(a) specifically invokes Section 77p(c), and *vice versa*. Eleventh Circuit courts have performed the very analysis which Defendants ask this court to ignore. *Unschuld*, 2007 WL 2729011, at *4 ("§77v does not set out when a case can properly be removed from state court to federal court. Instead, one has to go to another subsection of the Act-here, §77p(c)-to answer that question.").

Next, Defendants disingenuously argue that *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334 (11th Cir. 2002), "is dicta." Defendants' Response at 15. Plaintiff cites *Riley* for its **holding** on the standard for removal of an action to federal court under SLUSA. Plaintiff's Motion to Remand at 6-7. In *Riley*,

the Eleventh Circuit held that "[u]nder SLUSA, the removing party must show that (1) the suit is a 'covered class action,' (2) *the plaintiffs' claims are based on state law*, (3) one or more 'covered securities' has been purchased or sold, and (4) the defendant misrepresented or omitted a material fact '*in connection with the purchase or sale of such security.*"[5] *Id.* at 1342.

In *Steamfitters Local 449*, No. 8:04-cv-961-T-26MAP, ECF No. 18, Order, the court rejected the defendants' argument that the statement in *Riley* was a dictum and granted remand. *Id.* at 3. The Eleventh Circuit cited this proposition *as precedent*. *Herndon v. Equitable Variable Life Ins. Co.*, 325 F.3d 1252, 1253 (11th Cir. 2003). Although the *Riley* court did not consider the precise issue presently before this Court, it set forth the standard for the removal of an action to federal court under SLUSA. Plaintiff's lawsuit, alleging only federal, 1933 Act claims, does not satisfy these requirements. Thus, the Court should grant Plaintiff's Motion to Remand.

Defendants' construction of our Supreme Court's holding in *Kircher v. Putnam Funds Trust*, 547 U.S. 633 (2006) is equally tortured. It is true that the Court in *Kircher* did not consider the question of removal of covered class actions raising 1933 Act claims. It is equally true, however, that courts in the Eleventh Circuit have relied on *Kircher* to reject removal where only 1933 Act claims are brought. *See e.g.*, *Unschuld*, 2007 WL 2729011, at *10-*11 (citing *Kircher* and applying its logic to

---

[5] Unless otherwise noted, all internal citations are omitted and emphasis is added.

hold that "removal of a federal securities claim from state court is not permitted by SLUSA," and citing both §§ 77v(a) and 77p(c)). Defendants also cite to out-of-context quotes from *Kircher*. Defendants' Response at 15. Plaintiff's construction of *Kircher*, unlike Defendants', has been adopted by courts in the Eleventh Circuit.

Defendants incorrectly argue that Plaintiff fails to address the SLUSA amendment of the jurisdictional provision of 15 U.S.C. §77v(a), and that the cases Plaintiff cites do not address all of the issues related to the removal of a class action asserting only 1933 Act claims. This is patently wrong. Plaintiff cites to cases from the Eleventh Circuit that clearly establish the necessity of remand here. Defendants fail to cite a single Eleventh Circuit case in support of their flawed arguments.

Plaintiff cites to cases from the Eleventh Circuit and elsewhere in support of remand; Defendants rely on outlier cases from other circuits. Many of these cases specifically highlight their disagreement with Eleventh Circuit authority and have been criticized at length by other courts. *See* Plaintiff's Memorandum in Support at 12-13. Even if this Court reviews extra-Eleventh Circuit cases, the majority espouses Plaintiff's position that remand is necessary here.[6] Defendants wrongfully assert that an "emerging trend" permitting removal exists. Defendants' Response at 5. Indeed, courts have recently acknowledged the necessity of remand in these circumstances.

---

[6] Plaintiff respectfully refers this Court to the survey of cases cited in Plaintiff's Memorandum in Support at 8-11.

See, e.g., *Young v. Pacific Biosciences of California, Inc.*, Nos. 5:11-cv-5668, 5:11-cv-5669, 2012 WL 851509 (N.D. Cal. March 13, 2012).

### C. State Courts Continue to Have Concurrent Jurisdiction Over Cases Asserting Only 1933 Act Claims.

This Court must review all of the relevant provisions of SLUSA. As the phrase in §77v(a) "except as provided in Section 77p of this title with respect to covered class actions" – limits the concurrent jurisdiction of state courts, the Court should look to the subsections that fulfill the function of limiting state court concurrent jurisdiction.

Subsections of 77p(b) and 77p(c) fit most logically with the exception to state court concurrent jurisdiction carved out by the SLUSA amendment of §77v(a). As explained in *Unschuld* and many other cases, §77p(b) precludes covered class actions ***based upon state law*** alleging an "untrue statement or omission of material fact" or the use of "any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." Section 77p(c) allows for the removal to federal court of covered class actions precluded by §77p(b), *i.e.*, those based upon state law. Defendants' wholly ignore critical provisions of SLUSA. Plaintiff's interpretation is espoused by courts in the Eleventh Circuit, consistent with Congress' intent in enacting SLUSA (barring state-law class actions) and gives meaning to each provision of §77v(a). The Court should grant Plaintiff's Motion to Remand.

### D. CAFA Does Not Provide a Basis for Removing This Action

- 9 -

Plaintiff's lawsuit falls within a CAFA exception, 28 U.S.C. §1453(d)(3). This exception provides that removal under CAFA shall not apply to any class action that solely involves a claim "[t]hat relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Secuirities Act of 1933 (15 U.S.C. 77b(a)(1)) and the regulations issued thereunder)." 28 U.S.C. §1332(d)(9)(C). Plaintiff's 1933 Act claims involve the rights, duties, and obligations relating to or created by or pursuant to a security.[7]

Furthermore, Defendants' interpretation of CAFA relies on disputed case law and fails to "address the interplay between CAFA and §22(a)" of the 1933 Act. *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). Specifically, in *Luther*, the Ninth Circuit rejected the exact arguments regarding CAFA made by Defendants here. The Court in *Luther* held that the CAFA removal provisions did not trump the removal provisions contained in §77v(a) of the 1933 Act, and found the remand was proper. *Id.* Thus, Defendants wrongfully rely on CAFA, which does not provide a legitimate basis for removal of this action.

### III. CONCLUSION

For the foregoing reasons and for the reasons set forth in Plaintiff's moving papers, the Court should grant Plaintiff's Motion to Remand this case to the Jefferson County Circuit Court, in the State of Alabama, for further proceedings.

---

[7] Plaintiff respectfully refers this Court to Plaintiff's Memorandum in Support at 19.

DATED: September 20, 2012                    Respectfully submitted,

/s/Greg L. Davis
GREG L. DAVIS
LAW OFFICES OF GREG L. DAVIS
7031 Halcyon Park Drive
Montgomery, Alabama 36117
Telephone:  (334) 832-9080
Facsimile:   (334) 546-8838
E-mail: gldavis@knology.net

SCOTT+SCOTT LLP
JOSEPH P. GUGLIELMO
DONALD A. BROGGI
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone:  (212) 223-6444
Facsimile:   (212) 223-6334
jguglielmo@scott-scott.com
dbroggi@scott-scott.com

-and-

DAVID R. SCOTT
156 South Main Street
P.O. Box 192
Colchester, CT  06415
Telephone:  (860) 537-5537
Facsimile:   (860) 537-4432
drscott@scott-scott.com

-and-

GEOFFREY M. JOHNSON
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106
Telephone:  (216) 229-6088
Facsimile:   (216) 229-6092
gjohnson@scott-scott.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 20, 2012.

/s/ Greg L. Davis
GREG L. DAVIS
LAW OFFICES OF GREG L. DAVIS
7031 Halcyon Park Drive
Montgomery, Alabama 36117
Telephone: (334) 832-9080
Facsimile: (334) 546-8838
E-mail: gldavis@knology.net