IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, | ) ) ) ) |
| Plaintiff, | ) ) 2:12-cv-02626-HGD |
| v. | ) ) |
| METLIFE, INC., et al., | ) ) |
| Defendants. | ) |

**METLIFE DEFENDANTS' SUR-REPLY
<u>IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND</u>**

Of Counsel:

Maeve L. O'Connor
Elliot Greenfield
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 909-6836

John N. Bolus
Todd H. Cox
MAYNARD COOPER & GALE P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, Alabama 35203
Tel: (205) 254-1000
Fax: (205) 254-1999

*Attorneys for Defendants MetLife, Inc., C. Robert Henrikson, William J. Wheeler, Peter M. Carlson, Sylvia Matthews Burwell, Eduardo Castro-Wright, Cheryl W. Grisé, R. Glenn Hubbard, John M. Keane, Alfred F. Kelly, Jr., James M. Kilts, Catherine R. Kinney, Hugh B. Price, David Satcher, Kenton J. Sicchitano and Lulu C. Wang*

Defendants MetLife, Inc. ("MetLife"), C. Robert Henrikson, William J. Wheeler, Peter M. Carlson, Sylvia Matthews Burwell, Eduardo Castro-Wright, Cheryl W. Grisé, R. Glenn Hubbard, John M. Keane, Alfred F. Kelly, Jr., James M. Kilts, Catherine R. Kinney, Hugh B. Price, David Satcher, Kenton J. Sicchitano and Lulu C. Wang (collectively, the "MetLife Defendants") respectfully submit this sur-reply memorandum in opposition to Plaintiff's Motion to Remand.

## ARGUMENT

In its reply brief, Plaintiff acknowledges for the first time that SLUSA "limits the concurrent jurisdiction of state courts." (Doc. 29, Reply at 9.) However, as explained below, Plaintiff's argument that this limitation encompasses only actions asserting state law claims is contrary to SLUSA's express language and makes no sense.

The jurisdictional provision of Section 77v(a),[1] from which Plaintiff selectively quotes, sets forth the scope of concurrent state court jurisdiction over actions asserting 1933 Act claims:

> The district courts of the United States . . . shall have jurisdiction . . . *concurrent with State and Territorial courts, except as provided in section 77p of this title with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter.

---

[1] Section 77v(a) includes both a jurisdictional provision and an anti-removal provision.

15 U.S.C. § 77v(a) (emphasis added).  By its plain language, the jurisdictional provision exempts from concurrent state court jurisdiction "covered class actions," as provided in Section 77p, that are "brought to enforce any liability or duty created by" the 1933 Act.[2]  (Doc. 26, Opp'n at 3-11.)

The reference in the jurisdictional provision to "Section 77p" can only refer to Section 77p(f)(2), which defines "covered class actions." 15 U.S.C. § 77p(f)(2). The other three subsections of Section 77p that refer to "covered class actions" deal exclusively with *state law claims* and therefore cannot act to limit jurisdiction over actions asserting *1933 Act claims*. *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 423-24 (S.D.N.Y. 2009) (referring to 15 U.S.C. §§ 77p(b), 77p(c), 77p(d)); *see also Lapin v. Facebook, Inc.*, No. C-12-3195, 2012 WL 3647409, at *2 (N.D. Cal. Aug. 23, 2012); *In re Fannie Mae*, 2009 WL 4067266, at *2.  It is absurd to suggest, as Plaintiff does, that SLUSA limits state courts' jurisdiction over cases asserting 1933 Act claims – which are *federal claims* – by divesting those courts of jurisdiction over cases asserting *state law claims*.  (Doc. 29, Reply at 9.)

The fact that state courts lack jurisdiction over covered class actions asserting 1933 Act claims, including this action, is of critical importance because the anti-removal provision of Section 77v(a) only applies to cases that were

---

[2]  State courts retain concurrent jurisdiction over cases that do not meet the definition of "covered class actions," such as those asserting individual 1933 Act claims. *See In re Fannie Mae 2008 Sec. Litig.*, No. 08 Civ. 7831, 2009 WL 4067266, at *2 (S.D.N.Y. Nov. 24, 2009).

originally brought in a "State court of competent jurisdiction." 15 U.S.C. § 77v(a). Because the Circuit Court in which this action was originally filed is not a "State court of competent jurisdiction," the anti-removal provision – on which Plaintiff's remand motion is based – does not apply. (Doc. 26, Opp'n at 7-8.) Not one of the cases cited by Plaintiff addresses this argument.[3]

Plaintiff's Motion to Remand should be denied.

This 27th day of September, 2012.

Respectfully submitted,

| | |
|---|---|
| Of Counsel:<br><br>Maeve L. O'Connor<br>Elliot Greenfield<br>DEBEVOISE & PLIMPTON LLP<br>919 Third Avenue<br>New York, New York 10022<br>Tel: (212) 909-6000<br>Fax: (212) 909-6836 | /s/ Todd H. Cox<br>John N. Bolus<br>Todd H. Cox<br>MAYNARD COOPER & GALE P.C.<br>1901 Sixth Avenue North<br>2400 Regions Harbert Plaza<br>Birmingham, Alabama 35203<br>Tel: (205) 254-1000<br>Fax: (205) 254-1999<br><br>*Attorneys for Defendants MetLife, Inc., C. Robert Henrikson, William J. Wheeler, Peter M. Carlson, Sylvia Matthews Burwell, Eduardo Castro-* |

---

[3] Plaintiff erroneously asserts that this argument has been addressed by the cases it cites, but it does not and cannot point to a single such case. (Doc. 29, Reply at 8.) Furthermore, although Plaintiff expressly acknowledges that "neither the Supreme Court nor any Circuit Court of Appeals has addressed the issue" of when removal is proper under SLUSA (Doc. 29, Reply at 3 n.4), Plaintiff incorrectly states that *Riley v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 292 F.3d 1334 (11th Cir. 2002) is binding precedent and that its position is supported by "Eleventh Circuit authority." (Doc. 29, Reply at 7.) *See Williams v. AFC Enterprises, Inc.*, 389 F.3d 1185, 1189 n.6 (11th Cir. 2004) ("We agree with the district court's conclusion that this language from *Riley* is 'technically' dicta.").

*Wright, Cheryl W. Grisé, R. Glenn Hubbard, John M. Keane, Alfred F. Kelly, Jr., James M. Kilts, Catherine R. Kinney, Hugh B. Price, David Satcher, Kenton J. Sicchitano and Lulu C. Wang*

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 27, 2012, a true and exact copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF document filing system, which will send an electronic notion of filing to all counsel of record.

                /s/ Todd H. Cox
                OF COUNSEL