UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CITY OF BIRMINGHAM RETIREMENT & RELIEF SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>vs.<br><br>METLIFE, INC., C. ROBERT HENRIKSON, WILLIAM J. WHEELER, PETER M. CARLSON, SYLVIA MATTHEWS BURWELL, EDUARDO CASTRO-WRIGHT, CHERYL W. GRISE, R. GLENN HUBBARD, JOHN M. KEANE, ALFRED R. KELLY, JR., JAMES M. KILTS, CATHERINE R. KINNEY, HUGH B. PRICE, DAVID SATCHER, M.D., KENTON J. SICCHITANO, LULU C. WANG, GOLDMAN SACHS & COMPANY, CITIGROUP GLOBAL MARKETS, INC., CREDIT SUISSE SECURITIES (USA), LLC, BARCLAYS CAPITAL, INC., DEUTSCHE BANK SECURITIES, INC., J.P. MORGAN SECURITIES, LLC, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, MORGAN STANLEY & CO., UBS SECURITIES, LLC and WELLS FARGO SECURITIES, LLC,<br><br>        Defendants. | Civil Action No.: 2:12-cv-02626-HGD<br><br>CLASS ACTION<br><br>**RESPONSE TO METLIFE DEFENDANTS' SUR-REPLY**<br><br>Removed From:<br>Circuit Court of the State of Alabama, County of Jefferson<br>Docket No.: CV-2012-902101 |

- i -

Plaintiff, City of Birmingham Retirement & Relief System, respectfully submits this Response to the MetLife Defendants'[1] Sur-Reply in Opposition to Plaintiff's Motion to Remand ("Sur-Reply").

## ARGUMENT

The MetLife Defendants offer a single, clearly erroneous basis for their Motion for Leave to File a Sur-Reply ("Motion for Leave"), that "Plaintiff reserved its only substantive interpretation of SLUSA's amendment to state court jurisidiction . . . for its reply brief . . . ." Motion for Leave, ECF No. 31 at 3. This purports to be the MetLife Defendants' first basis for removal – that SLUSA was enacted to divest state courts of concurrent jurisdiction over claims brought under the Securities Act of 1933 (the "1933 Act"). Their statement is untrue.

The MetLife Defendants even note that Plaintiff discussed this purported (and flawed) basis for removal in Plaintiff's original Memorandum in Support of Plaintiff's Motion to Remand ("Memorandum in Support"). Motion for Leave, ECF No. 31 at 3. The MetLife Defendants claim that Plaintiff only mentioned this ground in passing. Plaintiff respectfully refers the Court to Plaintiff's earlier pleading, which demonstrates that Plaintiff did in fact address this ground. Memorandum in Support, ECF No. 14 at 1, 10, 12, 16.

Specifically, Plaintiff notes that in the wake of SLUSA, the 1933 Act "allows for concurrent federal and state jurisdiction" and does not provide for exclusive federal jurisdiction as the MetLife Defendants' suggest. Memorandum in Support, ECF No. 14 at 1. Plaintiff later cites to cases and legislative history for the same point – that Congress did not enact SLUSA to eliminate concurrent state jurisdiction over

---

[1] As used herein, "MetLife Defendants" refers to MetLife, Inc. ("MetLife"), C. Robert Henrikson, William J. Wheeler, Peter M. Carlson, Sylvia Matthews Burwell, Eduardo Castro-Wright, Cheryl W. Grisé, R. Glenn Hubbard, John M. Keane, Alfred F. Kelly, Jr., James M. Kilts, Catherine R. Kinney, Hugh B. Price, David Satcher, Kenton J. Sicchitano and Lulu C. Wang. It does not appear that the other Defendants in this action have joined the MetLife Defendants in their Sur-Reply.

1933 Act claims. *Id.* at 16. Furthermore, Plaintiff cites to at least one district court decision from the Eleventh Circuit that rejected the very argument proferred by the MetLife Defendants here. *Id.* at 10, *citing Steamfitters Local 449 Pension & Ret. Sec. Funds v. Quality Distrib., Inc.*, No. 8:04-cv-961-T-26MAP, ECF No. 18, Order at 3-5 (M.D. Fla. June 25, 2004). Plaintiff addressed the MetLife Defendants' first, faulty ground for removal in Plaintiff's Memorandum in Support.

Moreover, Plaintiff previously discussed the proper substantive interpretation of the 1933 Act, as amended by SLUSA. Memorandum in Support, ECF No. 14 at 2-3, 6-7. In the same vein, Plaintiff cited myriad cases that perform the same substantive interpretation. *Id.* at 8-11. By asking this Court to consider separate grounds under the 1933 Act, as amended by the PSLRA and SLUSA, the MetLife Defendants wrongfully suggest that the Court should read particular provisions of the 1933 Act, with its amendments, in isolation from other critical provisions.

As district courts in the Eleventh Circuit have concluded—with no such cases reaching the opposite conclusion—the 1933 Act, when analyzed with its amendments in its entirety, does not permit removal of actions alleging only violations of the 1933 Act, like Plaintiff's lawsuit. *See Unschuld v. Tri-S Sec. Corp.*, No. 06-cv-2931, 2007 WL 2729011 (N.D. Ga. Sept. 14, 2007); *Zia v. Med. Staffing Network, Inc.*, 336 F. Supp. 2d 1306 (S.D. Fla. 2004); and *Steamfitters Local 449 Pension & Ret. Sec. Funds v. Quality Distrib., Inc.*, No. 8:04-cv-961-T-26MAP, ECF No. 18, Order (M.D. Fla. June 25, 2004).

It is true, as the MetLife Defendants point out, that Plaintiff reiterated its position regarding the MetLife Defendants' first supposed ground for removal in its Reply. Reply Memorandum in Further Support of Plaintiff's Motion to Remand, ECF No. 29 at 9. Plaintiff, as it is permitted, fleshed out one of the points it made in the Memorandum in Support in response to the MetLife Defendants' Notice of Removal. This is the purpose of a reply brief.

The Court should grant Plaintiff's Motion to Remand.

DATED:  September 28, 2012	Respectfully submitted,

LAW OFFICES OF GREG L. DAVIS

/s/Greg L. Davis
GREG L. DAVIS
7031 Halcyon Park Drive
Montgomery, Alabama 36117
Telephone:  (334) 832-9080
Facsimile:   (334) 546-8838
E-mail: gldavis@knology.net

JOSEPH P. GUGLIELMO
DONALD A. BROGGI
SCOTT+SCOTT LLP
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone:  (212) 223-6444
Facsimile:   (212) 223-6334

-and-

DAVID R. SCOTT
156 South Main Street
P.O. Box 192
Colchester, CT  06415
Telephone:  (860) 537-5537
Facsimile:   (860) 537-4432

-and-

GEOFFREY M. JOHNSON
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106
Telephone:  (216) 229-6088
Facsimile:   (216) 229-6092

*Counsel for Plaintiff*

- 4 -

CERTIFICATE OF SERVICE

    I hereby certify that on September 28, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

    I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 28, 2012.

    /s/  Greg L. Davis
GREG L. DAVIS
LAW OFFICES OF GREG L. DAVIS
7031 Halcyon Park Drive
Montgomery, Alabama 36117
Telephone:   (334) 832-9080
Facsimile:   (334) 546-8838
E-mail: gldavis@knology.net