FILED
2013 Mar-13 PM 12:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CITY OF BIRMINGHAM RETIREMENT & RELIEF SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>METLIFE, INC., C. ROBERT HENRIKSON, WILLIAM J. WHEELER, PETER M. CARLSON, SYLVIA MATTHEWS BURWELL, EDUARDO CASTRO-WRIGHT, CHERYL W. GRISE, R. GLENN HUBBARD, JOHN M. KEANE, ALFRED R. KELLY, JR., JAMES M. KILTS, CATHERINE R. KINNEY, HUGH B. PRICE, DAVID SATCHER, M.D., KENTON J. SICCHITANO, LULU C. WANG, GOLDMAN SACHS & COMPANY, CITIGROUP GLOBAL MARKETS, INC., CREDIT SUISSE SECURITIES (USA), LLC, BARCLAYS CAPITAL, INC., DEUTSCHE BANK SECURITIES, INC., J.P. MORGAN SECURITIES, LLC, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, MORGAN STANLEY & CO., UBS SECURITIES, LLC and WELLS FARGO SECURITIES, LLC,<br><br>Defendants. | Civil Action No.: 2:12-cv-02626-HGD<br><br>CLASS ACTION<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE**<br><br>Removed From:<br>Circuit Court of the State of Alabama, County of Jefferson<br>Docket No.: CV-2012-902101 |

Plaintiff City of Birmingham Retirement and Relief System respectfully submits the attached supplemental authority, *City of Westland Police & Fire Retirement Sys. v. MetLife, Inc.*, No. 12 Civ. 0256(LAK), 2013 WL 775434 (S.D.N.Y. Feb. 28, 2013). In *City of Westland*, the plaintiffs seek to represent a class of purchasers that are entirely different from those involved in the above-captioned lawsuit.[1] The two cases arise, however, out of largely similar facts.

In this action, Plaintiff filed its lawsuit in the Circuit Court of the State of Alabama, County of Jefferson on July 5, 2012. On August 3, 2012, the MetLife Defendants[2] filed a Notice of Removal, which brought Plaintiff's lawsuit before this Court. ECF No. 1. On August 15, 2012, Plaintiff filed a motion to remand its action back to Alabama state court. Motion to Remand, ECF No. 12.

---

[1] In *City of Westland*, the plaintiff purports to represent a class of all persons and entities "who purchased or acquired MetLife common stock pursuant or traceable to the Company's August 3, 2010 public offering of 75 million shares of its common stock and MetLife's March 4, 2011 public offering of 68.5 million shares of its common stock." See *City of Westland* Amended Class Action Complaint at ¶2 (attached Exhibit A to Defendants' Memorandum in Support of Motion to Transfer Venue, ECF No. 4). In this action, Plaintiff seeks to represent a class of all persons and entities "who purchased or otherwise acquired the common stock of MetLife ***pursuant and/or traceable to the Company's public offering of approximately $300 billion of Common Equity Units ("CEUs")*** . . . on or around March 4, 2011." Complaint, ¶1 (attached as Exhibit A to Defendants' Notice of Removal, ECF No. 1) (emphasis added).

[2] "MetLife Defendants" refers to: MetLife, Inc., C. Robert Henrikson, William J. Wheeler, Peter M. Carlson, Sylvia Matthews Burwell, Eduardo Castro-Wright, Cheryl W. Grisé, R. Glenn Hubbard, John M. Keane, Alfred R. Kelly, Jr., James M. Kilts, Catherine R. Kinney, Hugh B. Price, David Satcher, M.D., Kenton J. Sicchitano, and Lulu C. Wang.

Also on August 3, 2012, all of the above-captioned Defendants filed, or joined in, a Motion to Transfer Venue to the Southern District of New York, where the *City of Westland* action was, and is, pending. ECF Nos. 3, 5. Plaintiff opposed this Motion on August 27, 2012. Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Transfer the Action to the Southern District of New York ("Memo in Opposition"), ECF No. 21. Defendants sought to transfer Plaintiff's action to the Southern District of New York because, in Defendants' own words, the two actions involved "identical claims," "nearly identical factual allegations," and were brought against "the same defendants." Memorandum of Law in Support of the MetLife Defendants' Motion to Transfer, ECF No. 4 at 2.

In the attached *City of Westland* decision, the Court sustained the plaintiff's Section 11 and Section 15 claims brought under the Securities Act of 1933 ("1933 Act"). The Court noted that the plaintiff's allegations were "sufficient to plead that MetLife either did not believe the accuracy of its statements or actually knew that there was no reasonable basis for its estimates, which amounts to much the same thing." *City of Westland*, 2013 WL 775434, at *7. The Court therefore denied Defendants' motion to dismiss with respect to these claims. *Id.*, at *11.

For the reasons set forth in Plaintiff's Memo in Opposition (ECF No. 21), Plaintiff maintains that such a transfer would be improper. Plaintiff further

3

maintains that the Court must decide Plaintiff's Motion to Remand first, which, if granted, would moot Defendants' Motion to Transfer Venue. Remand is proper since this Court lacks jurisdiction over Plaintiff's 1933 Act claims. Specifically, the 1933 Act contains an anti-removal provision, 15 U.S.C. §77v(a), which provides for concurrent state and federal court jurisdiction and states that "no case arising under [the 1933 Act] and brought in any State court of competent jurisdiction shall be removed to any court of the United States."

Nevertheless, in the attached *City of Westland* decision, a United States District Court sustained securities claims in the face of a motion to dismiss that arise out of the same facts as Plaintiff's action. Plaintiff's Motion to Remand (ECF No. 12) remains pending before this Court. Plaintiff is available to have a status conference or a hearing on this matter at the convenience of the Court.

DATED: March 12, 2013　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　LAW OFFICES OF GREG L. DAVIS

　　　　　　　　　　　　　　　　　　/s/Greg L. Davis
　　　　　　　　　　　　　　　　　　GREG L. DAVIS
　　　　　　　　　　　　　　　　　　7031 Halcyon Park Drive
　　　　　　　　　　　　　　　　　　Montgomery, Alabama 36117
　　　　　　　　　　　　　　　　　　Telephone: (334) 832-9080
　　　　　　　　　　　　　　　　　　Facsimile: (334) 546-8838
　　　　　　　　　　　　　　　　　　E-mail: gldavis@knology.net

JOSEPH P. GUGLIELMO
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone:  (212) 223-6444
Facsimile:   (212) 223-6334


DAVID R. SCOTT
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
156 South Main Street
P.O. Box 192
Colchester, CT  06415
Telephone:  (860) 537-5537
Facsimile:   (860) 537-4432


GEOFFREY M. JOHNSON
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106
Telephone:  (216) 229-6088
Facsimile:   (216) 229-6092

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 12, 2013.

/s/ Greg L. Davis
GREG L. DAVIS
LAW OFFICES OF GREG L. DAVIS
7031 Halcyon Park Drive
Montgomery, Alabama 36117
Telephone: (334) 832-9080
Facsimile: (334) 546-8838
E-mail: gldavis@knology.net