IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM,<br><br>          Plaintiff,<br><br>v.<br><br>METLIFE, INC., et al.,<br><br>          Defendants. | Case No.: 2:12-cv-02626-HGD |

**METLIFE DEFENDANTS' EXPEDITED MOTION FOR STAY
OF THE MAGISTRATE JUDGE'S ORDER ON
PLAINTIFF'S MOTION TO REMAND**

Defendants MetLife, Inc. ("MetLife"), C. Robert Henrikson, William J. Wheeler, Peter M. Carlson, Sylvia Matthews Burwell, Eduardo Castro-Wright, Cheryl W. Grisé, R. Glenn Hubbard, John M. Keane, Alfred F. Kelly, Jr., James M. Kilts, Catherine R. Kinney, Hugh B. Price, David Satcher, Kenton J. Sicchitano, and Lulu C. Wang (collectively, the "MetLife Defendants"), hereby request that the Court issue an immediate Stay of the Honorable Magistrate Judge Harwell Davis's Order of Remand (Docket No. 36) that was entered on August 23, 2013, during this Court's review of the MetLife Defendants' Objections to the

Order on Plaintiff's Motion to Remand. In support of their Expedited Motion for a Stay, the MetLife Defendants state as follows:

## BACKGROUND

1. On August 23, 2013, Magistrate Judge Davis issued an Order granting Plaintiff's Motion to Remand this action to the Circuit Court of Jefferson County, Alabama, which is scheduled to become effective on September 23, 2013. (Doc. No. 36, pp. 18-19).

2. The Order expressly stated that any party may seek review of the Order provided that the Order of Remand remains in effect unless stayed by the district judge selected to review the Order. (Doc. No. 36, p. 19).

3. The MetLife Defendants sought review of the Order by filing their Objections to the Magistrate Judge's Order on Plaintiff's Motion to Remand on September 6, 2013, which was within 14 days after being served with the Order, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72. (*See* Doc. 37, attached as Exhibit A).

4. Because the MetLife Defendants have filed their Objections to the Magistrate's Order, this action will be assigned to a district judge for review pursuant to this Court's "General Order for Referral of Civil Matters to the United States Magistrate Judges." (General Order for Referral of Civil Matters to the United States Magistrate Judges, p. 3, ¶ 5). The "General Order for Referral of

2

Civil Matters to the United States Magistrate Judges" does not provide any information on when the selection of a district judge will occur, but importantly, it provides that the party seeking review may ask the district judge to stay the Order of Remand. (*Id.*). Therefore, as provided for by this Court's rules, the MetLife Defendants respectfully request that the Order of Remand be immediately stayed while the Order is under review by the district judge.

## ARGUMENT IN SUPPORT OF THE STAY OF REMAND

5. The MetLife Defendants objected to the Order because it is contrary to the Securities Act of 1933 (the "1933 Act"), as amended by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). As demonstrated below and in detail in the MetLife Defendants' Objections to the Order, the statutory scheme established by SLUSA is complex, so it is imperative that this Court fully review the briefs and case law that have been submitted on the issue of this Court's jurisdiction. *See Unschuld v. Tri-S Security Corp.*, No. 06-CV-02931, 2007 WL 2729011, *1 (N.D. Ga. Sept. 14, 2007) (SLUSA provisions are "fraught with confusion.").

6. Congress enacted SLUSA to prevent abusive litigation and promote uniform standards by requiring most securities class actions to be filed under federal law and in federal court. SLUSA accomplished this goal, in part, by amending the 1933 Act's jurisdictional provision to strip state courts of concurrent

3

jurisdiction over most federal securities class actions asserting 1933 Act claims, such as the current action. Consequently, the 1933 Act's anti-removal provision no longer applies to those class actions because the anti-removal provision is expressly limited to actions that were "brought in any State court of competent jurisdiction."

7. The MetLife Defendants contend that the Order erred by disregarding their primary argument that, after SLUSA, the 1933 Act's anti-removal provision does not apply to purported securities class actions such as this one and, therefore, this action was properly removed under 28 U.S.C. § 1441(a). However, the Order did not substantively address SLUSA's divestiture of state court jurisdiction and the inapplicability of the 1933 Act's anti-removal provision to this action. Instead, the Order focused entirely on Section 77p(c), a separate provision of SLUSA that provides an exception to the anti-removal provision for class actions based on state law. As shown in the MetLife Defendants' Objections, that provision has no bearing on this action, which asserts only federal claims. The Order incorrectly concluded that, because this action does not fall with Section 77p(c)'s exception to the anti-removal provision, it may not be removed. Federal securities class actions are removable, however, *not* because they fall within an exception to the anti-removal provision, but because the anti-removal provisions *does not apply* to them at all. This interpretation of SLUSA is the only one that

4

makes sense of the plain language of the statute and is consistent with its purpose: "to ensure that securities fraud class actions were brought under federal law and in federal court." *Instituto De Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1344 (11th Cir. 2008).

8. In 2009, the court in *Knox v. Agria Corp.*, 613 F. Supp. 2d 419 (S.D.N.Y. 2009) issued an influential opinion that clarified SLUSA's statutory scheme and resolved any perceived tension between the plain language of SLUSA and clear statements of congressional intent. The *Knox* court's key insight was to recognize that the divestiture of state court jurisdiction over "covered class actions" asserting 1933 Act claims renders the anti-removal provision inapplicable to those actions. *Id.* at 425. Accordingly, "covered class actions" asserting 1933 Act claims may be removed pursuant to 28 U.S.C. § 1441(a).

9. "The emerging trend holds that SLUSA was designed to and does deprive State courts of jurisdiction over class actions alleging 1933 Act claims." *In re Fannie Mae 2008 Sec. Litig.*, No. 08 Civ. 7831, 2009 WL 4067266, at *1 (S.D.N.Y. Nov. 24, 2009); *see also Lapin v. Facebook, Inc.*, No. C-12-3195, 2012 WL 3647409, at *2 (N.D. Cal. Aug. 23, 2012) ("SLUSA amended § 77v to exempt … covered class actions from § 77v's concurrent jurisdiction provision."); *Brady v. Kosmos Energy Ltd.*, C.A. Nos. 3:12-cv-0373; 3:12-CV-0781, 2012 WL 6204247 (N.D. Tex. July 10, 2012) (denying remand); *Northumberland County Ret. Sys. v.*

*GMX Res., Inc.*, 810 F. Supp. 2d 1282, 1287 (W.D. Okla. 2011) (denying remand due to SLUSA's amendment to §77v(a), which carved out "'covered class actions' as provided for in § 77p from concurrent state-federal jurisdiction of violations of the 1933 Act). Based on this authority, the MetLife Defendants have compelling, well-founded objections. As a result, this Motion to Stay is submitted in good faith and not for the purpose of delay.

10. If this case is not stayed during the pendency of the district judge's review and, instead, is remanded to the Circuit Court of Jefferson County on September 23, 2013, the MetLife Defendants' ability to seek review of the Magistrate Judge's Order, which is clearly provided for in 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, would be lost. Such a result would be untenable because a federal district court has an "obligation to inquire into its own jurisdiction" and "must determine whether it has original jurisdiction over the plaintiff's claims." *Univ. of South Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In addition, a stay of the Order of Remand will serve the interests of fairness and judicial economy because it will allow the case to remain in federal court for full consideration of the Objections to the Magistrate Judge's Order.

11. The MetLife Defendants request that this Motion to Stay be expedited given the short time period between the deadline for filing Objections to

the Order of Remand and the date that the matter is scheduled to be remanded to the state court.

## CONCLUSION

For the foregoing reasons and the reasons stated in their Objections to the Magistrate Judge's Order on Plaintiff's Motion to Remand, the MetLife Defendants request that the Court issue a Stay of the Order of Remand while the district judge reviews the MetLife Defendants' Objections to the Order of Remand.

Respectfully submitted this the 6th day of September, 2013.

Of Counsel:

Maeve L. O'Connor (admitted pro hac vice)
Elliot Greenfield (admitted pro hac vice)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 909-6836

/s/ Todd H. Cox
John N. Bolus
Todd H. Cox
MAYNARD COOPER & GALE P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, Alabama 35203
Tel: (205) 254-1000
Fax: (205) 254-1999

*Attorneys for Defendants MetLife, Inc., C. Robert Henrikson, William J. Wheeler, Peter M. Carlson, Sylvia Matthews Burwell, Eduardo Castro-Wright, Cheryl W. Grisé, R. Glenn Hubbard, John M. Keane, Alfred F. Kelly, Jr., James M. Kilts, Catherine R. Kinney, Hugh B. Price, David Satcher, Kenton J. Sicchitano and Lulu C. Wang*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2012, a true and exact copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF document filing system, which will send an electronic notion of filing to all counsel of record.

/s/ Todd H. Cox
OF COUNSEL