FILED
2013 Sep-17 AM 08:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

STEAMFITTERS LOCAL 449 PENSION &
RETIREMENT SECURITY FUNDS, on behalf
of itself and all others similarly situated,

    Plaintiff,

v.

CASE NO: 8:04-cv-961-T-26MAP

QUALITY DISTRIBUTION, INC.; THOMAS
FINKBINER; SAMUEL M. HENSLEY;
ANTHONY R. IGNACZAK; JOSHUA J.
HARRIS; MICHAEL D. WEINER; MARC J.
ROWAN; MARC E. BECKER; DONALD C.
ORRIS; CREDIT SUISSE FIRST BOSTON LLC;
BEAR, STEARNS & CO., INC.; and DEUTSCHE
BANK SECURITIES, INC.,

    Defendants.

_____/

## ORDER

Before the Court is Plaintiff's Motion for Remand to State Court and supporting Memorandum of Law and Defendant's opposing Memorandum of Law. After careful consideration of the parties' submissions, together with the allegations of Plaintiff's class action complaint, the Court is of the opinion that the motion is due to be granted and this case remanded to state court.

Plaintiff filed its class action complaint in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. The parties do not dispute



Plaintiff has only alleged violations of the Securities Act of 1933. The Court's own independent examination of the complaint confirms this fact. Indeed, Plaintiff explicitly alleges in paragraph 6 of the complaint that "[t]his is an action asserting federal law claims." Consequently, there can be no question that this lawsuit does not involve the application or invocation of the statutory or common law of the State of Florida.

Defendants removed the case to this Court under the auspices of 28 U.S.C. §§ 1331 and 1441, as well as the explicit removal provisions of the Securities Litigation Uniform Standards Act of 1998 (SLUSA), 15 U.S.C. § 77p(c). Plaintiff now seeks remand because it contends that the relevant provisions of SLUSA prohibit removal of a class action federal securities case filed in state court.

Five district courts have confronted this precise removability issue. The majority of these courts have decided that the Securities Act of 1933 as amended by SLUSA does not permit removal of a class action complaint alleging violations of the Securities Act as opposed to state-law claims founded on state statutory or common law authority. See In re Waste Mgmt., Inc. Securities Litigation, 194 F. Supp. 2d 590 (S.D. Tex. 2002); Nauheim v. The Interpublic Group of Companies, Inc., 2003 WL 1888843 (N.D. Ill. 2003); Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp., 2003 WL 23509312 (S.D. Calif. 2003). The minority view holds that such a federal class action lawsuit can be removed to federal court under the amendments promulgated by the

Congress in SLUSA. See Brody v. Homestore, Inc., 240 F. Supp. 2d 1122 (C.D. Calif. 2003); Alkow v. TXU Corp., 2003 WL 21056750 (N.D. Tex. 2003).

After carefully reviewing the reasoning of each of these cases, together with the interplay between the clear and unambiguous provisions of §§ 77p(b), 77p(c), 77p(f)(2), and 77v(a), the Court agrees with the statutory analysis of the majority view, especially the analysis employed by the court in Nauheim, and concludes that "the plain language of the Securities Act, as amended by SLUSA , clearly and unambiguously permits the removal of only those covered class action complaints that are based on State statutory or common law." Id. at *4. This conclusion is buttressed by the equally clear and unambiguous statement of the Eleventh Circuit Court of Appeals in Riley v. Merrill, Lynch, Pierce, Fenner & Smith, 292 F. 3d 1334, 1342 (11th Cir. 2002), which Defendants claim to be dicta, that "in order to remove an action to federal court under SLUSA, the removing party must show" as one of the elements justifying removal "that . . . (2) the plaintiffs' claims are based on state law . . ."[1]

Even without the guiding light of Riley and the majority view exemplified in Nauheim, the Court would still reach the same conclusion based on a common sense analysis of SLUSA's provisions. In § 77v(a), Congress clearly provided that state courts have concurrent jurisdiction of "offenses and violations" arising under the Securities Act

---

[1] The Court notes that the court in Nauheim also relied on this statement in Riley.

-3-

and that "[e]xcept as provided in § 77p(c) of this title, "no case arising" under that Act "and brought in any State court of competent jurisdiction shall be removed to any court of the United States." In § 77p(c), Congress made it equally clear that a "covered class action" as set forth in § 77p(b), which is filed in a state court, must be removed to federal court subject to the provisions of that statutory subsection. Finally, in § 77p(b), Congress plainly and unambiguously limited a "covered class action" which must be removed to federal court from state court to one that is "based upon the statutory or common law of any State or subdivision thereof."

Construing these statutory provisions *in pari materia*, and engaging in the presumption that Congress said what it meant and meant what it said in enacting this legislation,[2] the conclusion is inescapable: a class action lawsuit filed in state court founded only on claimed violations of the Securities Act of 1933 cannot be removed to federal court because of the unmistakable intent of Congress as manifested in §§ 77v(a) and 77p(b) that the only type of class action lawsuit subject to removal is one alleging violations of a state's statutory or common law. Or, put another way, one who chooses to file a class action lawsuit in state court alleging only violations of the Securities Act of 1933 cannot have that lawsuit removed to state court because of the unmistakable intent of Congress as manifested in § 77v(a) that such a lawsuit cannot be removed to state court

---

[2] See Allapattah Serv., Inc. v. Exxon Corp., 333 F. 3d 1248, 1254 (11th Cir. 2003).

-4-

unless it falls within the ambit of § 77p(b) and alleges violations of state statutory or common law.

Although the Court recognizes the anomaly of deciding that a class action lawsuit filed in state court alleging federal claims cannot be removed to federal court, such an anomaly arises from Congress' clear and unmistakable choice of the statutory language found in the provisions of SLUSA and, if such an anomaly does exist, it is for Congress to rectify, and not this Court. Instead, this Court's role is limited to applying the statutory language selected by Congress, not rewriting it to conform to traditional notions of removal jurisprudence. See Harris v. Garner, 216 F. 3d 970, 976 (11th Cir. 2000).

As noted, Defendants do not dispute that Plaintiff's claims in this case are not based on state law. Given this concession, Defendants have failed to sustain their burden of establishing the existence of federal jurisdiction. See Leonard v. Enterprise Rent A Car, 279 F. 3d 967, 972 (11th Cir. 2002). Consequently, this Court must remand this case to state court because it lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c) (providing in pertinent part that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Plaintiff also requests attorneys' fees and costs associated with the filing of the motion for remand. However, as in Hawaii Structural Iron Workers Pension Trust Fund, "[t]he Court denies Plaintiff's request because the removal was premised on a close question of law which has divided the courts." 2003 WL 23509312 *3.

-5-

ACCORDINGLY, for the reasons expressed, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiff's Motion for Remand to State Court (Dkt. 11) is granted.

2) Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. 11) is denied

3) The Clerk is directed to remand this case to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

4) The Clerk is directed to close this case after remand has been effectuated.

**DONE AND ORDERED** at Tampa, Florida, on June 25, 2004.

RICHARD A. LAZZARA
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record

FILE COPY

Date Printed: 06/28/2004

Notice sent to:

    Maya Saxena, Esq.
    Milberg, Weiss, Bershad & Schulman LLP
    5355 Town Center Rd., Suite 900
    Boca Raton, FL  33486

    8:04-cv-00961    rm

    R. Timothy Vannatta, Esq.
    Milberg, Weiss, Bershad & Schulman LLP
    5355 Town Center Rd., Suite 900
    Boca Raton, FL  33486

    8:04-cv-00961    rm

    William S. Lerach, Esq.
    Lerach Coughlin Stoia & Robbins LLP
    401 B St., Suite 1700
    San Diego, CA  92101

    8:04-cv-00961    rm

    Darren J. Robbins, Esq.
    Lerach Coughlin Stoia & Robbins LLP
    401 B St., Suite 1700
    San Diego, CA  92101

    8:04-cv-00961    rm

    Sandra Stein, Esq.
    Milberg, Weiss Bershad, Hynes & Lerach LLP
    1845 Walnut St., 9th Flr.
    Philadelphia, PA  19103

    8:04-cv-00961    rm

    Rachel L. Jensen, Esq.
    Lerach Coughlin Stola & Robbins LLP
    100 Pine St., Suite 2600
    San Francisco, CA  94111

    8:04-cv-00961    rm

    Christian R. Bartholomew, Esq.
    Morgan, Lewis & Bockius LLP
    5300 Wachovia Financial Center
    200 S. Biscayne Blvd.
    Miami, FL  33131-2339

    8:04-cv-00961    rm

Bradley J. Butwin, Esq.
O'Melveny & Meyers LLP
7 Times Square
New York, NY 10036

8:04-cv-00961   rm

Morris Weinberg Jr., Esq.
Zuckerman Spaeder L.L.P.
101 E. Kennedy Blvd., Suite 1200
Tampa, FL 33602

8:04-cv-00961   rm

Michael L. Chapman, Esq.
Holland & Knight, LLP
100 N. Tampa St., Suite 4100
P.O. Box 1288
Tampa, FL 33601-1288

8:04-cv-00961   rm

Andrew J. Rossman, Esq.
Akin, Gump, Strauss, Hauer & Feld, L.L.P.
590 Madison Ave.
19th Floor
New York, NY 10022-4616

8:04-cv-00961   rm

Gary Lee Sasso, Esq.
Carlton Fields, P.A.
P.O. Box 3239
Tampa, FL 33601-3239

8:04-cv-00961   rm