FILED
2013 Sep-17 AM 08:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LISA PARKER, *et al.*, ) | Case No.: 1:08 NC 70012 |
| ) | |
| ) | |
| Plaintiffs ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. ) | |
| ) | |
| NATIONAL CITY CORPORATION., ) | |
| *et al.*, ) | |
| ) | |
| Defendants ) | <u>ORDER</u> |

Plaintiffs Lisa Parker and Stephen Enns ("Plaintiffs"), former employees at Harbor Federal Savings Bank ("Harbor Federal"), filed a class action suit in state court, on behalf of themselves and others similarly situated, against Defendants National City Corporation, *et al.* (collectively "Defendants"), who are comprised of National City Corporation ("National City"), a financial holding company, as well as several of its executives, directors, and its auditor, Ernst & Young, L.L.P. ("Ernst & Young"). Plaintiffs allege that Defendants issued National City stock pursuant to a misleading and inaccurate registration statement filed with the Securities and Exchange Commission ("SEC") in violation of §§ 11, 12(a)(2), and 15 of the Securities Act of 1933 ("1933 Act").

The action was removed from the Cuyahoga County Court of Common Pleas to this court on May 20, 2008. Now pending before the court are: (1) Plaintiffs' Motion to Remand (ECF No.

9); (2) Ernst & Young's Motion to Dismiss (ECF No. 14); (3) National City's Motion to Dismiss (ECF No. 17); and (4) National City's Request for Judicial Notice in Support of its Motion to Dismiss the Complaint (ECF No. 18.) For the reasons that follow, the court grants Plaintiffs' Motion to Remand and denies the other Motions as moot.

## I. FACTS

Plaintiffs are former employees of Harbor Federal. (ECF No. 1, Ex. A, Compl. ¶ 1.) Defendants allegedly filed a misleading registration statement with the Securities and Exchange Commission in connection with National City's acquisition of Harbor Federal on December 1, 2006. (*Id.*) After the filing of the registration statement and acquisition, Plaintiffs received 2.4 million shares of National City common stock in exchange for the Harbor Federal shares they had previously held in the Harbor Bank Employee Stock Ownership Plan and the Harbor Bank Stock Incentive Plan. (*Id.*)

Plaintiffs filed suit in the Cuyahoga Court of Common Pleas on April 21, 2008. Defendants removed this action on May 21, 2008, asserting that 15 U.S.C. §§ 77p(b) and (c) allow for removal of class actions asserted solely under the 1933 Act. (ECF No. 1, Ex. 3, Notice of Filing of Removal.)

## II. STANDARD OF REVIEW

As the Sixth Circuit recognized in *Gafford v. General Electric Company*, 997 F.2d 150, 155 (6th Cir. 1993), "[g]enerally, a civil case brought in state court may be removed by a defendant to federal court only if it could have been brought there originally." A defendant desiring to remove a case has the burden of establishing federal jurisdiction. *See Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871-72 (6th

Cir. 2000); *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996). A district court must "look to the complaint as it existed at the time the petition for removal was filed to determine the matter of federal jurisdiction raised by the defendant's notice of removal." *Alexander*, 13 F.3d at 949. All doubts as to the propriety of removal are resolved in favor of remand. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999); *see also Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

### III. LAW AND ANALYSIS

The issue presented in the instant case is whether class actions filed in state court that assert claims solely under the 1933 Act are removable to federal court. For the reasons stated below, this court grants Plaintiffs' Motion to Remand based upon the plain meaning of the relevant statutory provisions and persuasive case law. However, even if the court found that the statute was ambiguous and that the court therefore needed to resort to the legislative history to determine Congressional intent, the court does not find that the legislative history taken as a whole supports Defendants' argument that this action must be remanded.

#### A. Relevant Statutory Provisions

##### 1. Section 77v(a)

As a general rule, a party can remove a cause of action from state to federal court if the original action could have been brought in federal court. 28 U.S.C.§ 1441. The 1933 Act, since its enactment, has afforded state and federal courts concurrent jurisdiction over claims asserted under the statute. However, the pre-amended 1933 Act contained an "anti-removal" provision, which prevented removal of all 1933 Act claims brought in state court. That anti-removal provision was amended in 1998, pursuant to the Securities Litigation Uniform Standards Act ("SLUSA"), which

- 3 -

is codified in scattered sections of Title 15 of the United States Code. Section 77v(a) now reads, in relevant part:

> The district courts of the United States...shall have jurisdiction of offenses and violations under this subchapter..., and, concurrent with State and Territorial courts, *except as provided in section 77p of this title with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter.... *Except as provided in section 77p(c) of this title*, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States....

15 U.S.C. § 77v(a)(emphasis added). Thus, § 77v(a) does not explicitly set out when a case may be properly removed to federal court, but refers to § 77p(c) for a determination of which cases are removable.

### 2. Section 77p(c)

Section 77p(c) provides:

> (c) Removal of covered class actions
>
> Any covered class action brought in any State court involving a covered security, *as set forth in subsection (b)*, shall be removable to the Federal district court for the district in which the action is pending, *and shall be subject to subsection (b)*.

15 U.S.C. § 77p(c) (emphasis added).

Thus, in order to ascertain what types of cases are removable, it is necessary to resort to the language in § 77p(b).

### 3. Section 77p(b)

Section 77p(b) provides:

> (b) Class action limitations
>
> No covered class action *based upon the statutory or common law of any State or subdivision thereof* may be maintained in any State or Federal court by any private party alleging–

- 4 -

(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or

(2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b) (emphasis added).

### B. The Parties' Arguments

Plaintiffs argue that Defendants' decision to remove Plaintiffs' 1933 Act claims does not square with the plain and unambiguous language in the 1933 Act itself. Specifically, Plaintiffs point out that § 77v(a) provides that state and federal courts have concurrent jurisdiction over 1933 Act claims with limited exceptions, as set forth in § 77v(c), which in turn references § 77v(b). Plaintiffs maintain that, since their action is undeniably not "based upon the statutory or common law of any State," but instead seeks to redress violations of the 1933 Act under the federal law, their claims do not fall within § 77v(b) and therefore cannot be removed to federal court.

Defendants essentially maintain that, if one were to accept the argument that the plain meaning of § 77p(c) dictates that the "set of cases" entitled to be removed consists solely of class actions containing certain *state law* claims, then the amendment is a nullity because state law claims do not "arise under" the 1933 Act. Thus, if the only intent of Congress was to expand removal jurisdiction to embrace certain state law class actions, it could have done so simply by adding the language in §§ 77p(b) and (c); there would be no need to amend § 77v(a). The statute could have remained as originally drafted, *i.e.*, "No case arising under this subchapter and brought in any State court...shall be removed...." There would simply have been no need to amend the statute and insert an "exception" unless Congress intended that some set of cases "arising under" the federal statute are subject to removal jurisdiction.

- 5 -

## C. Analysis

### 1. Plain Meaning of § 77p(b) and § 77p(c)

The court finds that the scheme and the language employed by Congress in defining removal jurisdiction of the 1933 Act, while inartful, is not ambiguous. In reading § 77p(b) and(c) in conjunction with § 77v(a), which says that no case under the 1933 Act may be removed except as provided in § 77p, it is clear that Congress provided removal jurisdiction only over the preempted state law actions described in § 77p(b) and (c). Congress, in providing removal jurisdiction so the federal courts could determine the preemption issue, could have done so in a different manner and through more precise language. But there is no way that the language they did use could be fairly construed to provide for removal jurisdiction over cases brought under the 1933 Act. Indeed, if Congress were attempting to make 1933 Act actions filed in state court removable to federal court, it could not have chosen a more incomprehensible way of doing so.

Courts addressing the removal provisions contained in the Securities Exchange Act of 1934[1] have also concluded that Congress broadened the jurisdiction of federal courts by vesting federal courts with the power to determine the preemption issue. *See, e.g., Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334 (11th Cir. 2002) (affirming the district court's order denial of the class action plaintiff trustees' motion to remand the action, which alleged the violation of two Florida statutes against the defendant Merrill Lynch performance plan, based on the district court's finding that the 1934 Act preempted these state claims, and the court's subsequent dismissal of the action); *Burns v. Prudential Securities*, 116 F. Supp. 2d 917 (N.D. Ohio 2000) (granting the class

---

[1] While 15 U.S.C. § 78aa of the 1934 Act provides for exclusive jurisdiction in the federal courts, rather than concurrent jurisdiction like the 1933 Act, the pertinent removal provisions regarding preempted claims are virtually the same.

These provisions are as follows:

(1) Class action limitations

No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging--

(A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security ; or

(B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

(2) Removal of covered class actions

Any covered class action brought in any State court involving a covered security, as set forth in paragraph (1), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to paragraph (1).

15 U.S.C. § 78bb(f).

-7-

action plaintiffs' motion to remand the action, which alleged claims of conversion, breach of contract, breach of fiduciary duties, and negligent supervision against the defendant broker, based on the district court's finding that the 1934 Act was not applicable).

## 2. Relevant Case Law

Moreover, the court finds those cases to be persuasive that have relied upon the plain meaning of §§ 77p(b) and (c) to hold that class actions filed in state court, which assert claims solely under the 1933 Act, are not removable.[2] *See, e.g., Unschuld v. Tri-S Security Corp.*, No. 1:06 CV 2931, 2007 U.S. Dist. LEXIS 68513 (N.D. Ga. Sept. 14, 2007); *Irra v. Lazard, Ltd.*, No. 05 CV 3388, 2006 WL 2375472 (E.D.N.Y. Aug. 15, 2006); *Pipefitters v. Salem Communs. Corp.*, No. CV 05-2730, 2005 U.S. Dist. LEXIS 14202 (C.D. Ca. June 28, 2005); *Steamfitters v. Quality Distribution, Inc.*, Case No. 8:04 CV 961 (M.D. Fla. June 25, 2004); *In re Tyco International, Ltd.*, 322 F. Supp. 2d 116 (D.N.H. 2004); *Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp.*, No. 03CV0714BTM, 2003 WL 23509312 (S.D. Cal. Aug. 27 2003); *Martin v. Bellsouth Corp.*, No. 1:03 CV 728 WBH (N.D. Ga. July 3, 2003); *Nauheim v. Interpublic Group of Cos., Inc.*, No. 02-C-9211, 2003 WL 1888843 (N.D. Ill. April 16, 2003); *In Re Waste Mgmt.*, 194 F. Supp. 2d 590 (S.D. Tex. 2002).

The court recognizes that other district courts have held that removal jurisdiction exists. *See, e.g., Pinto v. Vonage Holdings Corp.*, No. 07-0062, 2007 WL 1381746 (D.N.J. May 7, 2007); *Rubin v. Pixelplus Co., Ltd.*, No. 06-CV-2964, 2007 U.S. Dist. LEXIS 17671 (E.D.N.Y. March 13, 2007); *Rovner v. Vonage Holdings Corp.*, No. CV 07-178, 2007 U.S. Dist. LEXIS 8656 (D.N.J. Feb. 5,

---

[2] District court orders directing a remand are not reviewable on appeal based on lack of subject matter jurisdiction. *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 640-41 (2006). As a result, Defendants correctly point out that "[n]either the Sixth Circuit nor any other federal appeals court has addressed the scope of SLUSA's removal provision." (Defs.' Opp'n at 18.)

- 8 -

2007); *Lowinger v. Johnston*, No.3:05CV316-H, 2005 U.S. Dist. LEXIS 44720 (W.D.N.C. Oct. 13, 2005); *In Re King Pharmaceuticals, Inc.*, 230 F.R.D. 503 (E.D. Tenn. Feb. 6, 2004); *Kulinski v. American Elec. Power Co.*, No. Civ.A.C-2-03-412, 2003 WL 24032299 (S.D. Ohio Sept. 19, 2003); *Alkow v. TXU Corp.*, No. 3:02-CV-2738-K2003 U.S. Dist. LEXIS 7900 (N.D. Tex. May 8, 2003); *Brody v. Homestore, Inc.*, 240 F. Supp. 2d 1122 (C.D. Cal. 2003). However, the court finds this case law to be unpersuasive because none of these courts have identified any plausible way of reading §§ 77p(b) and (c) without entirely ignoring the plain meaning of these provisions.

For example, some courts have concluded that § 77p(c)'s reference to § 77p(b) meant to include only the *types* of cases outlined therein, *i.e.*, those involving untrue statements or deceptive practices. *See e.g., Rubin*, 2007 U.S. Dist. LEXIS 17671 at *11-13. These courts determined that whether the claims are based on state or federal law is irrelevant. *Id.* This reading however, entirely ignores half of the provision. Other courts have ignored §§ 77p(b) and (c) in their entirety. *See, e.g., Rovner*, 2007 U.S. Dist. LEXIS 8656, at *10-14. These courts have held, without even attempting to address the express language in these sections, that Congress intended to permit removal of all "covered class actions" brought under the 1933 Act. *Id.* Additionally, these courts have attempted to rely on the legislative history of the provisions to support their holdings. *See, e.g, Brody*, 240 F. Supp. 2d at 1124. However, as set forth below, even if this court were to conclude that SLUSA is ambiguous and the court therefore needed to consult the legislative history, SLUSA's legislative history is not determinative.

### 3. *Kircher v. Putnam Funds*

The court finds that the Supreme Court's recent decision in *Kircher v. Putnam Funds Trust*, 547 U.S. 633 (2006), where the issue presented was whether an order remanding a case removed under SLUSA is appealable, also buttresses this court's conclusion that removal jurisdiction does not

exist in the instant action. The plaintiff investors in *Kircher* filed actions against the defendant mutual fund companies, investment advisors, and insurance companies in state court asserting only state-law claims. *Id.* at 637. After removal to federal court, pursuant to SLUSA, the district court granted the plaintiff's motion to remand on the ground that it lacked subject matter jurisdiction on removal because § 77p(b) did not preclude the investors' claims. *Id.* at 638. On appeal, the Seventh Circuit reversed and decided, on the merits, that SLUSA precluded the plaintiffs' claims. *Id.* at 639. The Supreme Court held, pursuant to 28 U.S.C. § 1447(d), that the Seventh Circuit lacked jurisdiction to consider the merits of the district court's decision to remand based on lack of subject matter jurisdiction. *Id.* at 641-42. Therefore, it reversed the Seventh Circuit and ruled that the action should be remanded, as the district court had ordered. *Id.*

> Although the Court remanded the case, the majority stated in dicta:
>
> We think, however, the District Court was correct in understanding its remand order to be dictated by its finding that it lacked removal jurisdiction. Unlike the Court of Appeals, we read authorization for the removal in subsection (c), on which the District Court's jurisdiction depends, as confined to cases "set forth in subsection (b)," § 77p(c), namely, those with claims of untruth, manipulation and so on.

*Id.* at 642.

In the wake of *Kircher*, both Plaintiffs and Defendants have argued that the decision supports their respective positions. Plaintiffs argue that the plain reading of *Kircher* dictates that removal jurisdiction is limited to the class of cases set forth in § 77p(b). Since § 77p(b) is confined to *state law* claims of "untruth, manipulation and so on," removal jurisdiction over this matter is lacking. Alternatively, Defendants argue that *Kircher* should be read as extending jurisdiction over class action claims of "untruth, manipulation and so on," *regardless* of whether the claim is asserted under state or federal law.

- 10 -

The court finds that Plaintiffs' reading of *Kircher* is more logical. The Supreme Court expressly stated that removal jurisdiction is confined to cases "set forth in subsection (b)." However, subsection (b) expressly provides that the subset of cases over which jurisdiction exists, *i.e.*, those involving "untruth, manipulation and so on," must be based in *state* law. The fact that *Kircher* generically identified the *types* of cases without referencing that they must be based on state law is not important since the claims asserted in *Kircher* were in fact state law claims. The court concludes that the Supreme Court did not intend to read half of § 77p(b) out of existence without any further analysis on the point. Rather, the most logical reading is simply that removal jurisdiction is limited by § 77p(b). Since § 77p(b) limits removal jurisdiction to class actions involving *state* law claims and Plaintiffs in the instant action have asserted only federal claims, the court finds that *Kircher* weighs in favor of finding that jurisdiction over this matter is lacking. The court notes that, in the wake of *Kircher,* other district courts have reached the same conclusion . *See, e.g., Unschuld,* 2007 U.S. Dist. LEXIS 68513 at *33 (noting that *Kircher* functioned as a "tiebreaker" in support of remand); *Layne v. Countrywide Fin. Corp.,* No. CV 08-3262 (relying in part on *Kircher* to grant the plaintiff's motion to remand). But see *Rubin,* 2007 U.S. Dist. LEXIS 17671, at *14 (holding that remand is inappropriate and noting its decision was "entirely consistent with the Supreme Court's reading of section 77p(c) in [*Kircher*]"). Accordingly, the court finds that *Kircher* buttresses this court's holding that remand is appropriate in the instant action.

### 4. Legislative history

The court recognizes that "legislative history is irrelevant to the interpretation of an unambiguous statute," *Davis v. Michigan Department of Treasury,* 489 U.S. 803, 808 n.3 (1989). Thus, in light of the court's finding that the SLUSA unambiguously supports remand in the instant action, the court need not look to legislative history. However, the court finds that, even if statutory

- 11 -

provisions in the instant case were ambiguous, it rejects Defendants' argument that SLUSA's legislative history cuts in favor of this court retaining jurisdiction.

In 1995, Congress enacted the Private Securities Litigation Reform Act ("PSLRA"). The PSLRA was intended to "curb abuses in private securities class action litigation." *Unschuld*, 2007 U.S. Dist. LEXIS 68513 at *7. Congress concluded that "nuisance filings, targeting deep-pocket defendants...had become rampant in recent years..." *Id.* (*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 546 U.S. 71 (2006). In essence, the PSLRA was enacted to prevent "strike suits," which are meritless claims that result in settlements in order to avoid the high costs of litigation. *Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.2d 101, 107 (2nd Cir. 2001). The PSLRA contains procedural devices, such as heightened pleading requirements, which make it more difficult to proceed with "strike-suits." The PSLRA did not fully resolve Congress's concerns because plaintiffs simply brought suit under state law, often in state court. *Unschuld*, 2007 U.S. Dist. LEXIS 68513. In 1998, in a further effort to "close the loophole," Congress enacted SLUSA. The provisions at issue in this case are set forth in SLUSA.

With that backdrop in mind, the court now turns to the legislative history of the removal provisions at issue in this case. Defendants point to the following legislative history in support of their position that jurisdiction exists.

- The congressional findings, which provide: "The Congress finds that-- (1) the [PSLRA] sought to prevent abuses in private securities fraud lawsuits; (2) since enactment of that legislation, considerable evidence has been presented to Congress that a number of securities class action lawsuits have shifted from Federal to State courts; (3) this shift has prevented the Act from fully achieving its objectives." Pub L. No. 105-353, §§ 2(1)-(3);

- The Joint Explanatory Statement of the Committee of Conference ("JESCC"), which provides that SLUSA "makes Federal court the exclusive venue for most securities class action lawsuits. The purpose of this title is to prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than in Federal, court." H.R. Rep. No. 105-803, at 13 (1998);

- 12 -

- The JESCC, which further provides: "since the passage of the [PSLRA], plaintiffs' lawyers have sought to circumvent the Act's provisions by exploiting differences between Federal and State laws by filing frivolous and speculative lawsuits in State court.... The solution to this problem is to make Federal court the exclusive venue for most securities fraud class action litigation involving nationally traded securities. *Id.* at 14-15;

- The Congressional Record, in which Senator Feinstein noted that, "the legislation would provide for the shifting of securities lawsuits filed in a state court into the more appropriate federal court, a process called "removal." The removal authority would only apply for class action suits involving nationally-traded securities, such as the New York Stock Exchange. Without removal authority, these companies, whose securities are traded throughout the fifty states, could face liability under federal securities laws in fifty state courts. This widespread liability would undermine the reforms enacted in the 1995 Securities Litigation Reform Act." 144 Cong. Rec. S4796;

- The Congressional Record, in which Senator Gramm noted that, "what [SLUSA] says is that in the case of class-action suits, and class-action suits only, if a stock is traded on the national market, if it is a national stock, then the class-action suit has to be filed in Federal court." 143 Cong. Rec. S10475.

(Defs.' Opp'n at 13-16.)

While the authority cited above undoubtedly supports Defendants' position that SLUSA was intended to create removal jurisdiction over all class action lawsuits, Plaintiffs point to the following legislative history in support of the argument that SLUSA's primary focus was on limiting plaintiffs from proceeding with class actions asserted under state law:

- Senate Report 105-182, which provides, "The Committee on Banking, Housing and Urban Affairs, to which was referred the bill (S. 1260), to amend the Securities Act of 1933 and the Securities Act of 1934 to limit the conduct of securities class actions under State law...recommends that the bill as amended do pass.... The amendment makes clear the Committee's intention to enact this legislation in order to prevent state laws from being used to frustrate the operation and goals of the [PSLRA]." 105 S.Rept. 182;

- Senate Report 105-182, which further provides, "[Section 77p(b)] provides that no class action based on State law alleging fraud in connection with the purchase or sale of covered securities may be maintained in State or Federal court. [Section 77p(c)] provides that any class action described in [Section 77p(b)] that is brought in a State

- 13 -

    court shall be removable to a Federal district court, and may be dismissed pursuant to the provisions of subsection (b)." *Id.*

- Senate Report 105-182, which provides in three separate places that the proposed bill would preempt securities fraud cases brought under State law. Nowhere does it refer to removal jurisdiction over claims brought solely under Section 1933. *Id.*;

- House Committee Report 105-640, which states, "[Section 77p(b)] provides that no class action based on state law alleging fraud...may be maintained in State or Federal Court. [Section 77p(c)] provides that any class action described in subsection (b) that is brought in a State court shall be removable to Federal district court, and may be dismissed pursuant to the provision of subsection (b). **This provision is designed to prevent a state court from inadvertently, improperly, or otherwise maintaining jurisdiction over an action that is preempted pursuant to subsection (b)**(emphasis added);

- Report of the Committee of Conference which indicates that the bill was designed to limit class actions under state law. 105 H.Rept. 803 at 1.

(Pl.'s Reply at 4-9.)

Thus, while some of the legislative history supports Defendants' position, Plaintiffs correctly point out that a good deal of the legislative history supports their position. In essence, the legislative history is of little use in resolving this dispute because it does not clearly evidence an intent to create jurisdiction over class actions asserted under federal law.

## IV. CONCLUSION

As set forth above, when ascertaining whether removal jurisdiction exists, this court must abide by the principle that "all doubt must be resolved in favor of remand." Having reviewed the relevant statutory provisions, case law, and legislative history, the court concludes that Congress did not clearly confer jurisdiction over class actions asserting claims solely under the 1933 Act upon this court. Accordingly, remand is required. The court denies Defendants' request that this court certify the issue for an interlocutory appeal because a district court's order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise. *Kircher*, 547 U.S. at 640.

- 14 -

For the reasons stated above, the court grants Plaintiffs' Motion to Remand (ECF No. 9.) Based on the court's determination that it lacks subject matter jurisdiction in the instant case, the court denies as moot the following Motions: (1) Defendant Ernst & Young, LLP's Motion to Dismiss (ECF No. 14); (2) Defendant National City's Motion to Dismiss (ECF No. 17); and (3) National City's Request for Judicial Notice in Support of its Motion to Dismiss the Complaint (ECF No. 18.)

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

February 12, 2009