FILED
2013 Sep-17 AM 08:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT D

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LAYNE, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br>COUNTRYWIDE FINANCIAL CORP., et al.,<br><br>Defendants. | Case No. CV 08-3262 MRP (MANx)<br><br>**ORDER GRANTING MOTION FOR REMAND** |

Before the Court is Plaintiff's Motion for Remand. Plaintiff moves for remand on the grounds that Defendants' removal from Los Angeles County Superior Court was improper under the Securities Act of 1933 ("1933 Act"), which expressly prohibits removal of 1933 Act cases originally brought in state court. *See* 15 U.S.C. §77v(a) ("[N]o case arising under this title…and brought in any State court of competent jurisdiction shall be removed to any court of the United States").

Plaintiff's motion and Defendants' opposition raise the narrow issue of whether provisions of the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. §77p(b)-(c)

-1-

("SLUSA"), provide removal jurisdiction for actions solely involving claims brought under the 1933 Act. This Court recently identified the split of authority on the issue. *See Luther v. Countrywide Home Loans Servicing L.P., et al.*, No. CV 07-08165 MRP, 2008 U.S. Dist. LEXIS 26534, at *5-6 n.4 (C.D. Cal. Feb. 28, 2008). There is little question that district courts "are split, with some finding removal of such federal claims from state court to be proper and with others finding that these federal claims must be remanded to state court" and "[t]here is nothing very original left to say about [the]...running dispute." *Unschuld v. Tri-S Sec. Corp.*, No. CV 06-02931 JEC, 2007 U.S. Dist. LEXIS 68513, at *3 (N.D. Ga. Sept. 14, 2007).

This Court finds highly persuasive the reasoning employed by the *Unschuld* court, which considers in depth the text of the statute and its legislative history, and the case law, including the recent Supreme Court decision in *Kircher v. Putnam Funds Trust*, 547 U.S. 633 (2006), and concludes that it must remand. *See* 2007 U.S. Dist. LEXIS 68513. As in *Unschuld*, this Court finds that SLUSA does not confer removal jurisdiction under this scenario.[1] As Defendants have no other basis for removal, the Court grants Plaintiff's Motion for Remand.

IT IS SO ORDERED.

DATED: July 08, 2008

Hon. Mariana R. Pfaelzer
United States District Judge

---

[1] The Court is aware that its 2005 *Purowitz* decision reaches the contrary result. *See Purowitz v. DreamWorks Animation SKG, Inc.*, No. CV 05-6090 MRP, slip op. (C.D. Cal. Nov. 15, 2005). In considering the issue again, the Court now has available a number of more recent authorities that inform the analysis and prompt the conclusion that remand is appropriate.