IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, | ) ) ) ) | |
| Plaintiff, | ) ) | 2:12-cv-02626-HGD |
| v. | ) ) | |
| METLIFE, INC., et al., | ) ) | |
| Defendants. | ) | |

**METLIFE DEFENDANTS' MOTION FOR LEAVE TO FILE A
REPLY MEMORANDUM IN SUPPORT OF THEIR OBJECTIONS
TO THE MAGISTRATE JUDGE'S ORDER ON
<u>PLAINTIFF'S MOTION TO REMAND</u>**

Defendants MetLife, Inc. ("MetLife"), C. Robert Henrikson, William J. Wheeler, Peter M. Carlson, Sylvia Mathews Burwell, Eduardo Castro-Wright, Cheryl W. Grisé, R. Glenn Hubbard, John M. Keane, Alfred F. Kelly, Jr., James M. Kilts, Catherine R. Kinney, Hugh B. Price, David Satcher, Kenton J. Sicchitano and Lulu C. Wang (collectively, the "MetLife Defendants") respectfully move this Court for an order granting leave to file a Reply Memorandum in Support of Their Objections to the Magistrate Judge's Order on Plaintiff's Motion to Remand (hereinafter, the "Reply Memorandum").

## ARGUMENT

For the reasons set forth below, the MetLife Defendants request that the Court grant their motion for leave to file the proposed Reply Memorandum, which is attached to this motion as Exhibit A.

1. The proposed Reply Memorandum provides a focused response to Plaintiff's Opposition to Defendants' Objections to the Magistrate Judge's Order Granting Remand (Doc. 46) that the MetLife Defendants believe will aid the Court in analyzing the relevant statutory provisions and in understanding the contradictions inherent in Plaintiff's proposed interpretation of those provisions.

2. In its Opposition to Defendants' Objections to the Magistrate Judge's Order Granting Remand (Doc. 46), Plaintiff proposes an alternative interpretation of SLUSA's amendment to the 1933 Act's jurisdictional provision that Plaintiff inaccurately attributes to the Magistrate Judge. Without citing to the Order, Plaintiff asserts that the jurisdictional provision, as amended by SLUSA, "continues to provide for concurrent state court jurisdiction over class actions that (as here) allege no claims based on state law, but only federal claims." (Doc. 46, Opp'n, 11-12.) Put simply, Plaintiff now contends that SLUSA divests state courts of concurrent jurisdiction over class actions that assert **both** 1933 Act claims **and** precluded state law claims, but that state courts retain jurisdiction over class actions that assert only 1933 Act claims.

3. As set forth in detail in the MetLife Defendants' proposed Reply Memorandum, Plaintiff's proposed interpretation is not supported by the plain language of the jurisdictional provision, is contrary to the statutory scheme established by SLUSA and is contrary to clear statements of Congressional intent. The MetLife Defendants believe that their Reply Memorandum will clarify the statutory provisions at issue in this matter and assist the Court in its analysis of the 1933 Act's jurisdictional provision.

4. The MetLife Defendants' proposed Reply Memorandum also addresses Plaintiff's incorrect assertion that its position represents the "majority view" of courts that have decided the issue of removal under SLUSA. Contrary to Plaintiff's contention, there is no Supreme Court or Court of Appeals authority on this issue, and district courts are split in roughly equal numbers. Moreover, given the absence of controlling authority from the courts, this Court's decision must be based on its own analysis of the statutory provisions. The proposed Reply Memorandum is intended to aid the Court in that analysis.

5. Furthermore, the MetLife Defendants' proposed Reply Memorandum provides further insight into the relevant standard of review to be applied by a district court analyzing a magistrate judge's order on a motion to remand. As detailed in the proposed Reply Memorandum, all four Courts of Appeals to have considered the issue have held that a remand order is dispositive and subject to *de*

*novo* review. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 265 (2d Cir. 2008); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514-17 (6th Cir. 2001); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998). In the alternative, if the Court determines that the Order is non-dispositive, the proposed Reply Memorandum demonstrates that the Order is due to be reversed under the "contrary to law" standard, not the "clearly erroneous" standard that Plaintiff would have the Court apply.

6. For the reasons set forth herein, the MetLife Defendants request an opportunity to rebut Plaintiff's arguments raised on these issues through its attached proposed Reply Memorandum in Support of Their Objections to the Magistrate Judge's Order on Plaintiff's Motion to Remand.

Respectfully submitted this 23th day of October, 2013,

Of Counsel:

Maeve L. O'Connor
Elliot Greenfield
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 909-6836

/s/ Todd H. Cox
John N. Bolus
Todd H. Cox
MAYNARD COOPER & GALE P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, Alabama 35203
Tel: (205) 254-1000
Fax: (205) 254-1999

*Attorneys for Defendants MetLife, Inc., C. Robert Henrikson, William J. Wheeler, Peter M. Carlson, Sylvia Matthews Burwell, Eduardo Castro-Wright, Cheryl W. Grisé, R. Glenn Hubbard, John M. Keane, Alfred F. Kelly, Jr., James M. Kilts, Catherine R. Kinney, Hugh B. Price, David Satcher, Kenton J. Sicchitano and Lulu C. Wang*

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2013, a true and exact copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF document filing system, which will send an electronic notion of filing to all counsel of record.

/s/ Todd H. Cox
OF COUNSEL