UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CITY OF BIRMINGHAM RETIREMENT & RELIEF SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br> vs.<br><br>METLIFE, INC., et al.<br><br>        Defendants. | Civil Action No.: 2:12-cv-02626-HGD<br><br><u>CLASS ACTION</u><br><br>**NOTICE OF SUPPLEMENTAL AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFF'S OPPOSITION TO METLIFE'S OBJECTIONS TO MAGISTRATE JUDGE DAVIS' ORDER GRANTING REMAND**<br><br>Removed From:<br>Circuit Court of the State of Alabama, County of Jefferson<br>Docket No.: CV-2012-902101 |

Plaintiff, the City of Birmingham Retirement and Relief System, respectfully submits this Notice of Supplemental Authorities to bring to the Court's attention the following three recent decisions, each of which **granted** the plaintiff's motion to remand in the context of a putative class action that, as here, asserts only claims under the Securities Act of 1933 (the "1933 Act"):

(A) *Desmarais v. Johnson*, Nos. 13-cv-3666 & 3668, Remand Order, ECF No. 34 (N.D. Cal. Oct. 22, 2013) ("*Desmarais*") (attached as Ex. A);

(B) *Toth v. Envivo, Inc.*, No. 12-cv-5636, 2013 WL 5596965 (N.D. Cal. Oct. 11, 2013) ("*Toth*"), *motion for leave to seek reconsideration denied,* 2013 WL 5663100 (Oct. 17, 2013) (attached as Ex. B); and

(C) *Reyes v. Zynga, Inc.,* No. C 12-05065, 2013 WL 5529754 (N.D. Cal. Jan. 23, 2013) ("*Zynga*") (attached as Ex. C).

These authorities are relevant to, *inter alia,* the following disputed points:

**I. Did Magistrate Judge Davis's Order Below Granting Remand Reflect the Majority View, or Did It, as Defendants Contend (ECF 37 at 15), Somehow Reject an "Emerging Trend" and Adopt a "Minority View"?**

As reflected in the list of decisions set forth in *Toth* (Ex. B) at 3, n.1, together with the later decisions in *Desmarais, Toth* itself, plus three additional unpublished cases previously cited in the briefing here (including two from within this Circuit),[1] of the 34 cases to have decided remand motions in other 1933 Act class actions, remand was **granted** in a decided majority (21 to 13). And as for

---

[1] *See Parker v. Nat'l City Corp.*, No. 1:08-nc-70012, Slip. Op. (N.D. Ohio Feb. 12, 2009) (granting motion to remand); *Steamfitters Local 449 Pension & Ret. Sec. Funds v. Quality Distr., Inc.*, No. 8:04-cv-961-T-26MAP (ECF 18) (M.D. Fla. June 25, 2004) (same); and *Martin v. BellSouth Corp.*, No. 1:03-cv-728 (ECF 24) (N.D. Ga. July 3, 2003) (same).

Defendants' argument that there is somehow an "emerging trend" against granting remand in recent cases, *Toth's* list (together with *Desmarais, Toth*, and *Parker*) again belies their assertions, as it shows that any recent "trend" is clearly in ***Plaintiff's*** favor, with remand having been ***granted*** by a more than 2 to 1 margin (10 to 4) in cases decided in the last five years (since 2008 or after).[2]

### II. Did Magistrate Judge Davis Err by Not Adopting the Minority Position on Statutory Interpretation?

The parties disagree as to whether the "plain meaning" of the SLUSA amendments to the 1933 Act preserved or extinguished state court jurisdiction over class actions that assert only 1933 Act claims. Plaintiffs cited multiple cases – including, but not limited to, *In re Tyco Int'l, Ltd,* 322 F. Supp. 2d 116 (D.N.H. 2004) and *Niitsoo v. Alpha Natural Res., Inc.,* 902 F. Supp. 2d 797 (S.D.W. Va. 2012) – in support of their position that state court jurisdiction continues to exist, while Defendants (relying heavily on the much-criticized *Knox v. Agria Corp.,* 613 F. Supp. 2d 419 (S.D.N.Y. 2009) posited a contrary view and attacked Plaintiffs' authority as "having absolutely no basis" and "absurd." ECF 47-1 at 3, 13.

Both *Desmarais* (Ex. A) at 4-6, and *Zynga* (Ex. C) at *2-*3, ***reject*** Defendants' contention that *Knox's* interpretation reflects the "plain meaning" of

---

[2] ***Both*** "scorecards" would be even more heavily weighted in Plaintiffs' favor if they also included state court decisions that have affirmed continuing state court jurisdiction over 1933 Act class actions that do not assert precluded claims under state law. *See, e.g., Robinson v. Audience, Inc.,* No. 1:12-cv-232227, 2013 WL 2318459 (Cal. Super. May 28, 2013) (under "plain meaning" of SLUSA amendments, state courts continue to have concurrent jurisdiction over 1933 Act class actions) and *Luther v. Countrywide Fin. Corp.,* 195 Cal. App. 4th 789 (Cal. Ct. App. 2011) (same).

the statute, citing *Tyco's* and *Niitsoo's* contrary interpretations. *See Desmarais* at 4-5 (rejecting *Knox's* and Defendants' argument because "plain meaning" analysis actually compels the *opposite* conclusion, namely that state courts continue to have jurisdiction over class actions asserting only 1933 Act claims);[3] *Zynga* at *3 (granting remand and declining to follow *Knox's* statutory analysis because "as both the *Niitsoo* and *Tyco* courts concluded . . .there are plausible ways to construe Section 77(v)(a) to avoid [the] inconsistencies" that *Knox* purports to identify).

### III. Did Magistrate Judge Davis Err by Finding that, on Balance, Legislative History Considerations Weighed in Favor of Remand?

The parties disagree as to whether the legislative history (if "plain meaning" is not dispositive) weighs for or against remand. Like Judge Davis, *Desmarais, Toth,* and *Zynga* found the legislative history to be murky, with evidence to support both side's positions, **but ultimately found that remand must be granted**. *See, e.g.,* Zynga at *3, n.8 (reviewing legislative history, and adding that "[i]f Congress intended for federal courts to have exclusive jurisdiction over class actions asserting federal claims" one would have expected it to use clearer language to do so); *Desmarais* at 7 (same); *cf.* Judge Davis' 8/23/12 Order at 14-15 (same).

---

[3] *See also Desmarais* at 5-6 (rejecting the defendants' §77(a) "jurisdiction" argument "based on the [contrary] **plain language** of the SLUSA amendments and the dicta from the Supreme Court [in *Kircher v. Putnam Trust Funds Trust,* 547 U.S. 633 (2006)] and our court of appeals," and adding: "It is true that SLUSA added the 'except as provided in [S]ection 77p . . .' language to Section 77v(a)'s provision on jurisdiction, so that the addition appears to reference 'suits in equity and actions at law' brought under the 1933 Act as opposed to state laws. Defendants' approach, however, would ignore the express inclusion of the 'except as provided in Section 77(p)(c)' language in Section 77v(a)'s provision on removal." [Emphasis added].

3

Because *Desmarais, Toth*, and *Zynga* are relevant to the issues pending before the Court on Defendants' Objections to the Magistrate Judge's Order, Plaintiffs request that the Court take notice of these supplemental authorities.

DATED:  October 29, 2013  Respectfully submitted,

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

/s/ William C. Fredericks
WILLIAM C. FREDERICKS (pro hac vice)
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone: (212) 223-6444
Facsimile:   (212) 223-6334

DAVID R. SCOTT (pro hac vice)
AMANDA LAWRENCE (pro hac vice)
STEPHEN J. TETI (pro hac vice)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
156 South Main Street
P.O. Box 192
Colchester, CT  06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432

GREG L. DAVIS
DAVIS & TALIAFERRO LLC
7031 Halcyon Park Drive
Montgomery, Alabama  36117
Telephone: (334) 832-9080
Facsimile: (334) 409-7001
E-mail: gldavis@knology.net

*Counsel for Plaintiff  City of Birmingham Retirement and Relief System*

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2013, a true and exact copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF document filing system, which will send an electronic notice of filing to all counsel of record.

/s/ William C. Fredericks
WILLIAM C. FREDERICKS (pro hac vice)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone: (212) 223-6444
Facsimile:   (212) 223-6334
E-mail: wfredericks@scott-scott.com