# EXHIBIT B

2013 WL 5596965
Only the Westlaw citation is currently available.
United States District Court, N.D. California

Michael Toth, et al., Plaintiffs,
v.
Envivo, Inc., et al., Defendants.

No. C 12–5636 CW | Filed October 11, 2013

**Attorneys and Law Firms**

Casey Edwards Sadler, Lionel Z. Glancy, Michael M. Goldberg, Robert Vincent Prongay, Glancy Binkow & Goldberg LLP, Los Angeles, CA, for Plaintiffs.

David Malcolm Furbush, James M Lindfelt, Pillsbury Winthrop Shaw Pittman LLP, Norman J. Blears, Hogan Lovells US LLP, Palo Alto, CA, Bret Hamilton Ladine, Hogan Lovells US LLP, San Francisco, CA, Robin Eve Wechkin, Hogan Lovells US LLP, Issaquah, WA, for Defendants.

**Opinion**

### ORDER GRANTING MOTION TO REMAND(Docket No. 9); DENYING MOTION TO RELATE (Docket No. 14).

CLAUDIA WILKEN, United States District Judge

*1 Plaintiffs Michael Toth and Joseph Wiley brought these actions in state court against Defendants, Envivo, Inc. and several of its officers and directors, under the federal 1933 Securities Act (Securities Act), 15 U.S.C. §§ 77a *et seq.* The cases were subsequently removed and consolidated. Plaintiffs now move to remand to state court. Defendants oppose the motion. Having considered the parties' papers and oral argument, the Court grants the motion to remand.

### BACKGROUND

In October 2012, Plaintiffs filed separate putative class actions in San Mateo County Superior Court charging Defendants with securities fraud under §§ 11 and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77*o*. Neither action alleged any claims under state law. On November 28, 2012, after Defendants removed both actions, the Court approved the parties' stipulation to consolidate the cases. Docket No. 8. Two days later, on November 30, 2012, Plaintiffs filed the instant motion. In it, they contend that the Securities Act's "anti-removal provision," 15 U.S.C. § 77v(a), requires that this case be remanded to state court.

### LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). Title 28 U.S.C. § 1447 provides that if at any time before judgment it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. 28 U.S.C. § 1447(c). On a motion to remand, the scope of the removal statute must be strictly construed. *See Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* Courts should resolve doubts as to removability in favor of remanding the case to state court. *Id.*

### DISCUSSION

**I. Motion to Remand**

The Securities Act contains an anti-removal provision which states: "Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a). Section 77p(c) allows for the removal of any "covered class action brought in any State court involving a covered security, as set forth in subsection (b)." Subsection (b), in turn, provides, "No covered class action *based upon the statutory or common law of any State* or subdivision thereof may be maintained in any State or Federal court" by any private party alleging securities fraud. 15 U.S.C. § 77p(b) (emphasis added).

The parties here dispute whether these provisions, taken together, prohibit the removal of securities fraud class actions like the present one that raise claims only under the *federal* Securities Act and not under state law. Neither the Supreme Court nor any of the federal courts of appeals has squarely addressed this question and the roughly thirty district courts to confront the issue are divided more or less evenly.[1] Within this district, two courts have held that the Securities Act

precludes removal under the present circumstances while one court has held that removal is proper. *Compare Reyes,* 2013 WL 5529754, at *4 (granting motion to remand), *Young,* 2012 WL 851509, at *4 (same), *with Lapin,* 2012 WL 3647409, at *3 (denying motion to remand).

**\*2** This Court is persuaded by the majority approach in this district and grants Plaintiffs' motion to remand. Numerous district courts have recognized that neither the plain language of the Securities Act, quoted above, nor existing judicial interpretations of that language offers a clear answer to the question presented in this case. *See, e.g., Niitsoo,* 902 F.Supp.2d at 807 ("No matter what Congress intended § 77p(c) to accomplish, there is no perfect way to read that section in conjunction with the plain meaning of the amendments in § 77v(a)."); *Williams,* 2003 WL 24100302, at *3 ("To me, it seems murky at best and another example of the sort of careless legislative draftsmanship that has generated so much litigation under the [Securities Act, as amended by the Private Securities Litigation Reform Act]."); *Unschuld,* 2007 WL 2729011, at *2 ("This Court has now joined the parade of other district courts that have tried to make sense of the removal provision governed by § 77p and § 77v. There is nothing very original left to say about this nine-year running dispute."). The Ninth Circuit has cautioned that, in situations such as this one where there are doubts as to whether federal jurisdiction exists, those doubts must be "resolved against removability." *Luther v. Countrywide Home Loans Servicing LP,* 533 F.3d 1031, 1034 (9th Cir.2008). Thus, "given the lack of clear authority from the Supreme Court or the Ninth Circuit on this issue, and given the split in authority among district courts," remand is the appropriate course of action here. *See Reyes,* 2013 WL 5529754, at *3.

## II. Motion to Relate

In January 2013, Plaintiffs filed an administrative motion to relate to this case another putative class action, *Thomas v. Envivo, Inc.,* Case No. 12–6464(CRB), which was filed against Defendants in this district on December 20, 2012. Civil Local Rule 3–12(a) provides that two actions may be related when both "actions concern substantially the same parties, property, transaction or event" and it "appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Because the instant case will be remanded to state court and this Court has not considered the merits of the underlying dispute, relating these cases will not avoid any "duplication of labor and expense or conflicting results." Civil L.R. 3–12(a). The issues addressed in this remand order are unlikely to arise in *Thomas* because that case was filed originally in federal court. Accordingly, the motion to relate is denied.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion to remand (Docket No. 9) is GRANTED and Plaintiffs' motion to relate (Docket No. 14) is DENIED. The clerk shall remand this action to San Mateo County Superior Court and close the file.

IT IS SO ORDERED.

Footnotes

1   *Compare City of Birmingham Ret. & Relief Sys. v. MetLife, Inc.,* 2013 WL 5526621 (N.D.Ala.) (granting motion to remand); *Reyes v. Zynga Inc.,* 2013 WL 5529754 (N.D.Cal.) (same); *Niitsoo v. Alpha Natural Res., Inc.,* 2012 WL 5395812 (S.D.W.Va.) (same); *Young v. Pac. Biosciences of Cal.,* 2012 WL 851509 (N.D.Cal.) (same); *W. Va. Laborers' Trust Fund v. STEC, Inc.,* 2011 WL 6156945 (C.D.Cal.) (same); *W. Palm Beach Police Pension Fund v. Cardionet, Inc.,* 2011 WL 1099815, (S.D.Cal.) (same); *Layne v. Countrywide Fin. Corp.,* 2008 WL 9476380 (C.D.Cal.) (same); *Unschuld v. Tri–S Sec. Corp.,* 2007 WL 2729011 (N.D.Ga.) (same); *Irra v. Lazard Ltd.,* 2006 WL 2375472 (E.D.N.Y.) (same); *Higginbotham v. Baxter Int'l, Inc.,* 2005 WL 1272271 (N.D.Ill.) (same); *In re Tyco Int'l, Ltd. Multidistrict Litig.,* 322 F.Supp.2d 116 (D.N.H.2004) (same); *Zia v. Med. Staffing Network, Inc.,* 336 F.Supp.2d 1306, 1310 (S.D.Fla.2004) (same); *Nauheim v. Interpublic Grp. of Cos.,* 2003 WL 1888843 (N.D.Ill.) (same); *Haw. Structural Ironworkers Pension Trust Fund v. Calpine Corp.,* 2003 WL 23509312 (S.D.Cal.) (same); *Williams v. AFC Enterprises, Inc.,* 2003 WL 24100302 (N.D.Ga.) (same); *In re Waste Mgmt., Inc. Sec. Litig.,* 194 F.Supp.2d 590 (S.D.Tex.2002) (same); *with Lapin v. Facebook, Inc.,* 2012 WL 3647409 (N.D.Cal.) (denying motion to remand); *Northumberland County Ret. Sys. v. GMX Resources, Inc.,* 810 F.Supp.2d 1282 (W.D.Okla.2011) (same); *In re Fannie Mae 2008 Sec. Litig.,* 2009 WL 4067266 (S.D.N.Y.) (same); *Knox v. Agria Corp.,* 613 F.Supp.2d 419 (S.D.N.Y.2009) (same); *Rubin v. Pixelplus Co.,* 2007 WL 778485 (E.D.N.Y.) (same); *Rovner v. Vonage Holdings Corp.,* 2007 WL 446658 (D.N.J.) (same); *Pinto v. Vonage Holdings Corp.,* 2007 WL 1381746 (D.N.J.) (same);

*Lowinger v. Johnston,* 2005 WL 2592229 (W.D.N.C.) (same); *Purowitz v. DreamWorks Animation SKG, Inc.,* 2005 WL 6794770 (C.D.Cal.) (same); *In re King Pharm., Inc.,* 230 F.R.D. 503 (E.D.Tenn.2004) (same); *Brody v. Homestore, Inc.,* 240 F.Supp.2d 1122 (C.D.Cal.2003) (same); *Kulinski v. Am. Elec. Power Co.,* 2003 WL 24032299 (S.D.Ohio) (same); *Alkow v. TXU Corp.,* 2003 WL 21056750 (N.D.Tex.) (same).

**End of Document** © 2013 Thomson Reuters. No claim to original U.S. Government Works.

2013 WL 5663100
Only the Westlaw citation is currently available.
United States District Court, N.D. California

Michael Toth, et al., Plaintiffs,
v.
Envivo, Inc., et al., Defendants.

No. C 12–5636 CW    |    Filed October 17, 2013

**Attorneys and Law Firms**

Casey Edwards Sadler, Lionel Z. Glancy, Michael M. Goldberg, Robert Vincent Prongay, Glancy Binkow & Goldberg LLP, Los Angeles, CA, Shawn A. Williams, Christopher Paul Seefer, Ekaterini Maria Polychronopoulos, Robbins Geller Rudman & Dowd LLP, San Francisco, CA, Catherine J. Kowalewski, Darren Jay Robbins, David Conrad Walton, Robbins Geller Rudman & Dowd LLP, San Diego, CA, for Plaintiffs.

David Malcolm Furbush, James M. Lindfelt, Pillsbury Winthrop Shaw Pittman LLP, Norman J. Blears, Hogan Lovells US LLP, Palo Alto, CA, Bret Hamilton Ladine, Hogan Lovells US LLP, San Francisco, CA, Robin Eve Wechkin, Hogan Lovells US LLP, Issaquah, WA, for Defendants.

**Opinion**

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

**(Docket No. 32)**

CLAUDIA WILKEN, United States District Judge

**\*1** Defendants, Envivo, Inc. and several of its officers and directors, move for leave to file a motion for reconsideration of the Court's October 11, 2013 order remanding this case to San Mateo County Superior Court. Plaintiffs Michael Toth and Joe Wiley Oppose the motion. After considering the parties submissions, the Court denies the motion.

**DISCUSSION**

A party may only file a motion for reconsideration after obtaining leave of the Court. Civil L.R. 7–9(a). Under Civil Local Rule 7–9(b), the party seeking leave to file such a motion must show (1) that "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought"; (2) the "emergence of new material facts or a change of law occurring after the time of such order"; or (3) a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

Here, Defendants argue that "the Court manifestly failed to consider a dispositive legal argument, namely, that where, as here, an action is facially removable as a federal question, the burden is on the plaintiffs who are seeking remand to prove that an express exception to removal exists." Docket No. 32, Mot. Leave File Mot. Recons., at 1 (citing *Breuer v. Jim's Concrete of Brevard, Inc.,* 538 U.S. 691, 698 (2003)). This argument rests on the faulty premise that this action is "facially removable as a federal question."

As explained in the Court's remand order, the 1933 Securities Act contains an anti-removal provision that expressly states, "Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a). Federal district courts are divided over whether or not section 77p(c) permits the removal of actions like this one—which raise only federal securities fraud claims—and the question remains unsettled. *See Niitsoo v. Alpha Natural Res., Inc.,* 902 F.Supp.2d 797, 807 (S.D.W.Va.2012) ("No matter what Congress intended § 77p(c) to accomplish, there is no perfect way to read that section in conjunction with the plain meaning of the amendments in § 77v(a).").[1] In light of this continuing ambiguity over the scope of section 77p(c), Defendants have not demonstrated that the present action is "facially removable as a federal question."

Thus, contrary to Defendants' position, Plaintiffs were not required to prove that an exception to removal exists in order to prevail on their motion to remand. Rather, as the Ninth Circuit has explained, the burden to establish that federal jurisdiction exists rested at all times with Defendants themselves. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). They failed to satisfy that burden.

## CONCLUSION

***2** For the reasons set forth above, Defendants' motion for leave to file a motion for reconsideration (Docket No. 32) is DENIED.

IT IS SO ORDERED.

Footnotes

1  Over the last decade, more than a dozen district courts around the country—including two in this district—have construed section 77p(c) to preclude removal in cases like this one. *See, e.g., Reyes v. Zynga Inc.,* 2013 WL 5529754 (N.D.Cal.) (granting motion to remand); *Young v. Pac. Biosciences of Cal.,* 2012 WL 851509 (N.D.Cal.) (same); *but see Lapin v. Facebook, Inc.,* 2012 WL 3647409 (N.D.Cal.) (denying motion to remand).

**End of Document**  © 2013 Thomson Reuters. No claim to original U.S. Government Works.