FILED
2013 Oct-29 PM 04:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT C

2013 WL 5529754
Only the Westlaw citation is currently available.
NOT FOR PUBLICATION
United States District Court, N.D. California

Robert Reyes, Individually and on Behalf
of All Others Similarly Situated, Plaintiff,
v.
Zynga Inc, et. al., Defendants.

No. C 12–05065 JSW    |    Filed January 23, 2013

**Attorneys and Law Firms**

Francis A. Bottini, Jr., Bottini & Bottini, Inc., La Jolla, CA, Frank A. Bottini, Chapin Fitzgerald Sullivan & Bottini, LLP, Keith Michael Cochran, Chapin Fitzgerald LLP, San Diego, CA, for Plaintiff.

Anna Erickson White, Jordan Eth, Mark R.S. Foster, Philip T. Besirof, Morrison & Foerster LLP, San Francisco, CA, Simona Gurevich Strauss, Simpson Thacher & Bartlett LLP, Palo Alto, CA, for Defendants.

**Opinion**

### ORDER GRANTING MOTION TO REMAND

JEFFREY S. WHITE, UNITED STATES DISTRICT JUDGE

### INTRODUCTION

*1 Now before the Court for consideration is the motion to remand filed by Plaintiff, Robert Reyes ("Reyes"). The Court has considered the parties' papers, relevant legal authority, the record in this case, and finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7–1(b). The Court HEREBY GRANTS Reyes' motion to remand.

### BACKGROUND

On August 12, 2012, Reyes filed a complaint in the Superior Court of the State of California for the County of San Francisco ("San Francisco Superior Court"), in which he alleged violations of sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "1933 Act"), 15 U.S.C. sections 77k, 77*l*(a)(2), and 77*o*.[1] (Notice of Removal, Ex. B (Complaint).) Reyes brings this putative class action on behalf of "all persons or entities who acquired the common stock of Zynga pursuant and/or traceable to [Zynga's] false and misleading Registration Statement and Prospectus issued in connection with its March 28, 2012 secondary offering of Class A Common stock to the public...." (Compl.¶ 2.)

On September 28, 2012, Zynga, Inc., Mark Pincus, David M. Wehner, Mark Vranesh, William Gordon, Reid Hoffman, Jeffrey Katzenberg, Stanley J. Meresman, Sunil Paul, John Schappert, and Owen Van Natta (the "Zynga Defendants"), removed the action to this Court, pursuant to 28 U.S.C. section 1441(a), and asserted that the Court has jurisdiction over the action pursuant to 28 U.S.C. section 1331 and Section 77v(a). (Notice of Removal at ¶ 10.)[2]

Prior to November 3, 1998, Section 77v(a) prohibited a defendant from removing any complaint that alleged claims under the 1933 Act, whether the plaintiff asserted individual or class claims. However, as of November 3, 1998, Congress enacted the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") and amended portions of Sections 77v(a) and 77p. As a result of those amendments, defendants were permitted to remove certain covered class actions.

Reyes moves to remand on the basis that this case does not fall within the 1993 Act's anti-removal provision, as amended by SLUSA.

### ANALYSIS

**A. Applicable Legal Standard on Motion to Remand.**
"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 7–8 (1983) (citation omitted); see also 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.,* 375 F.3d 831, 838, *amended by* 387 F.3d 966 (9th Cir.2004); *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117

(9th Cir.2004). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles,* Inc., 980 F.2d 564, 566 (9th Cir.1992).

**B. The Court Grants Reyes' Motion to Remand.**

**\*2** The issue before the Court is whether a complaint that is filed in state court and that asserts only federal claims for violations of the 1993 Act can be removed to federal court, and it is an issue that has divided district courts within this district and around the country.[3] *Compare Young v. Pacific Biosciences of California, Inc.,* 2012 WL 851509 (N.D. Cal. Mar. 13 2012) (granting motion to remand) *with Lapin v. Facebook, Inc.,* 2012 WL 3647409 (N.D.Cal. Aug. 23, 2012) (denying motion to remand); *see also Nijitsoo v. Alpha Natural Resources, Inc.,* 2012 WL 5935812 (S.D.W.Va. Nov. 5, 2012) (granting motion to remand), *West Palm Beach Police Pension Fund,* 2011 WL 1099815 (S.D.Cal. Mar. 24, 2011) (same), *Unscheld v. Tri–S Security Corp.,* 2007 WL 2729011 (N.D.Ga. Sept. 14, 2007) (same), *In re Tyco Int'l, Ltd.,* 322 F.Supp.2d 116 (D.N.H.2004) (same), *Northumberland County Retirement Syst. v. GMX Resources, Inc.,* 810 F.Supp.2d 1282 (W.D.Okla.2011) (denying motion to remand), *In re Fannie Mae 2008 Sec. Litig.,* 2009 WL 4067266 (S.D.N.Y. Nov. 24, 2009) (same), *Knox v. Agria Corp.,* 613 F.Supp.2d 419 (S.D.N.Y.2009) (same); *Rovner v. Vonage Holdings Corp.,* 2007 WL 446658 (D.N.J. Feb. 7, 2007) (same), *Brody v. Homestore, Inc.,* 240 F.Supp.2d 1122 (C.D. Cal. 2003).[4]

The answer to this question depends upon the manner in which the Court construes Sections 77v(a)[5], 77p(b)[6], and 77p(c).[7] The Court begins with the plain language of the statute. *United States v. Chaney,* 581 F.3d 1123, 1126 (9th Cir.2009). "In ascertaining the plain meaning of the statute, [a] court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." *K Mart Corp. v. Cartier,* 486 U.S. 281, 291 (1988). "The preeminent canon of statutory interpretation requires [a court] to presume that the legislature says in a statute what it means and means in a statute what it says there. Thus, [a court's] inquiry begins with the statutory text, and ends there as well if the text is unambiguous." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951 (9th Cir.2009) (brackets and internal quotation marks omitted); *cf. United States v. Novak,* 476 F.3d 1041, 1048 (9th Cir.2007) (courts should "avoid whenever possible statutory interpretations that result in superfluous language"); *Spencer Enters., Inc. v. United States,* 345 F.3d 683, 691 (9th Cir.2003) (It is a "cardinal rule of statutory interpretation that no provision should be construed to be entirely redundant.") (internal quotation marks and citation omitted).

**\*3** The courts that have granted motions to remand have generally concluded that the plain language of Section 77p(c) limits cases that may be removed to the types of covered class actions described in Section 77p(b), *i.e.* class actions asserting state law claims sounding in fraud. Those courts have bolstered their conclusions by relying on dicta from *Kircher v. Putnam Funds Trust,* in which the Supreme Court stated that "we see no reason to reject the straightforward reading of [Section 77p(c) ]: removal and jurisdiction to deal with removed cases is limited to those precluded by the terms of subsection (b)." 547 U.S. 633, 643 (2006). *See, e.g, Young,* 2012 WL 5395812, at \*3 (finding *Unscheld* persuasive and *Kircher* instructive), *Unscheld,* 2007 WL 2729011, at \*6–\*8, \*10–\*11.

In contrast, in cases such as *Lapin* and *Knox,* the courts focused their analysis on the language of Section 77v(a) and have found that state courts no longer have concurrent jurisdiction over class actions asserting claims under the 1933 Act. *See Lapin,* 2012 WL 3647409, at \*2; *Knox,* 613 F.Supp.2d at 423–24. Those courts also did not find the dicta in *Kircher* persuasive or dispositive, because the plaintiffs in *Kircher* only asserted state law claims. *Lapin,* 2012 WL 3647409, at \*2 n.4; *Knox,* 613 F.Supp.2d at 425.

The Court finds that cases such as *Young* and *Unscheld* to be more persuasive about the manner in which Section 77v(c) should be interpreted, *i.e.,* to preclude removal of only those types of covered class actions set forth in 77(b), *i.e.* claims based on state law. The Zynga Defendants raise valid arguments about inconsistencies between Section 77v(a) and Sections 77p(b) and 77p(c). As both the *Nijitsoo* and *Tyco* courts concluded, however, there are plausible ways to construe Section 77v(a) to avoid any such inconsistencies.[8] *Nijitsoo,* 2012 WL 5395812, at \*8; *Tyco,* 322 F.Supp.2d at 120.

If the plain language of a statute is ambiguous, a court may consider the legislative history. *See, e.g., Funbus Systems Inc. v. California Public Utilities Com.,* 801 F.2d 1120, 1126 (9th Cir.1986). The Zynga Defendants focus on portions of the legislative history that suggest SLUSA was amended to make federal courts the exclusive venue for *most* class actions alleging securities fraud. *See, e.g.,* H.R. Conf. Rep. No. 105– 803, at 13, 15[9]; 144 Cong. Rec. 24778, at 4797, 1998 WL

243654 ("This legislation would in effect require that every large securities class action be brought into federal court.") (statement of Sen. Feinstein). However, as Reyes notes, the legislative history also contains numerous references to the fact that SLUSA was amended to preclude certain state law class actions from proceeding in federal courts. *See* Sen. Rep. No. 105–182, at 1, 6–7 (1998)[10]; H.R.Rep. No. 105–640, at 1, 14. Thus, as the *Unscheld* court noted, although "defendants would appear to have the better argument[,] ... the legislative history is, itself, murky insofar as it suggests an answer to the question before the Court." *Unscheld,* 2007 WL 2729011, at *8–*9.

The Court also agrees with the court's statement in *Unscheld* that "[g]iven the intent of SLUSA it just makes no sense to prohibit the removal of federal securities class actions to federal court." *Id.,* 2007 WL 2729011 at *9 (quotation and citation omitted); *see also Knox,* 613 F.Supp.2d at 421 (noting that SLUSA was enacted to "correct the perceived failure of the" Private Securities Litigation Reform Act to curb abuses of federal securities fraud litigation arising under the 1993 Act"). However, given the lack of clear authority from the Supreme Court or the Ninth Circuit on this issue, and given the split in authority among district courts, the Court also is guided by the principle that any doubt about the propriety of removal should be resolved in favor of remand. *Gaus,* 980 F.2d at 566. Because this Court has doubts about the propriety of removal, the Court grants Reyes motion to remand.

## CONCLUSION

***4** For the foregoing reasons, the Court GRANTS the motion to remand. The Clerk shall remand this case to the Superior Court of San Francisco forthwith.

**IT IS SO ORDERED.**

Footnotes

1   Unless otherwise noted, all further statutory citations are to Title 15 of the United States Code.
2   The Complaint also names as defendants Morgan Stanley & Co., LLC, J.P. Morgan Securities LLC, Goldman, Sachs & Co., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Barclays Capital, Inc., and Allen & Company LLC (the "Underwriter Defendants"). The Underwriter Defendants join in the Zynga Defendants opposition to the motion to remand. (*See* Docket No. 19.)
3   As Judge Davila recently noted, "this issue has seemingly eluded definitive resolution by the appellate courts." *Young v. Pacific Biosciences of California, Inc.,* 2012 WL 8511509, at *3 (N.D.Cal. Mar. 13, 2012).
4   Reyes argues that there are no other cases pending in federal court that relate to Zynga's secondary offering. That does not appear to be an accurate contention. (*See DeStefano v. Zynga, Inc.,* 3:11–cv–4007, Complaint ¶¶ 1, 7–10, 13–18, 20–25, 33, 44–47, 82–90.) However, the fact that there are other cases pending that raise identical or nearly identical claims also is not dispositive. In many of the cases on which the Zynga Defendants rely, there were multiple actions pending. However, those cases did not turn on that fact. *See, e.g., Lapin,* 2012 WL 3647409, at *2–*3. In addition, the *Tyco* case, in which the court granted a motion to remand, involved cases that had been transferred and consolidated by the Judicial Panel on Multidistrict Litigation. *Tyco,* 322 F.Supp.2d at 116.
5   "The district courts of the United States ... shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the [Securities Exchange] Commission in respect thereto, and, concurrent with State and Territorial courts, *except as provided in section 77p of this title with respect to covered class actions,* of all suits in equity and actions brought at law to enforce any liability or duty created by this subchapter.... *Except as provided in section 77p(c) of this title,* no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." (SLUSA amendments emphasized).
6   "No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal Court by any private party alleging—(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or (2) that the defendant used or employed an manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security."
7   "Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b)."
8   The Court also notes that Congress expressly provided for federal courts to have *exclusive* jurisdiction over claims arising under the 1934 Act. *See* 15 U.S.C. § 78aa. If Congress intended for federal courts to have exclusive jurisdiction over class actions asserting federal claims it could have used more precise language to do so.
9   Declaration of Francis A. Bottini, Jr. ("Bottini Decl."), Ex. I.
10  Bottini Decl., Ex. G.

**End of Document** © 2013 Thomson Reuters. No claim to original U.S. Government Works.