FILED
2013 Nov-04 PM 04:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 2:12-cv-02626-HGD |
| v. | ) ) | |
| METLIFE, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

## METLIFE DEFENDANTS' RESPONSE TO
## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITIES

Defendants MetLife, Inc., ("MetLife"), C. Robert Henrikson, William J. Wheeler, Peter M. Carlson, Sylvia Mathews Burwell, Eduardo Castro-Wright, Cheryl W. Grisé, R. Glenn Hubbard, John M. Keane, Alfred F. Kelly, Jr., James M. Kilts, Catherine R. Kinney, Hugh B. Price, David Satcher, Kenton J. Sicchitano and Lulu C. Wang (collectively, the "MetLife Defendants") respectfully submit this response to Plaintiff's Notice Of Supplemental Authorities (the "Notice").

## **RESPONSE**

In the Notice, Plaintiff persists in asking the Court to remand this action based on what it calls the "scorecard" of non-binding district court decisions from around the country. (Doc. No. 49, Notice at 2 n.2.)[1] Statutory interpretation has no "scorecard"; it is not a popularity contest. As the MetLife Defendants stated in their proposed Reply Memorandum in support of their Objections (the "Proposed Reply"), "this Court's decision will rest not on the tally of district court decisions from across the country, but on the Court's considered analysis of the statutory provisions at issue." (Doc. No. 47, Proposed Reply at 3.)[2]

---

[1] Notably, Plaintiff includes the case at bar in its "scorecard," despite the fact that this Court has not issued a ruling. (Doc. No. 49, Notice at 1.)

[2] Plaintiff falsely quotes the MetLife Defendants as referring to Plaintiff's position as a "minority view." (Doc. No. 49, Notice at 1.) In fact, the MetLife Defendants stated: "There is no Supreme Court or Court of Appeals authority on this issue, and district courts *are split in roughly equal numbers.*" (Doc. No. 47, Proposed Reply at 3 (emphasis added).) Two of the cases cited by Plaintiff in the Notice make a nearly-identical statement: "Neither the Supreme Court nor any of the federal courts of appeals has squarely addressed this question and the roughly thirty district courts to confront the issue *are divided more or less evenly.*" *Toth v. Envivo, Inc.*, No. C 12-5636, 2013 WL 5596965, at *1 (N.D. Cal. Oct. 11,

The cases cited by Plaintiff in its Notice do not raise any issues that have not already been addressed by the MetLife Defendants in their Objections and Proposed Reply:

- The Objections and Proposed Reply note that, like *Toth*, the Magistrate Judge's Order and most of the cases cited by Plaintiff address only the issue of removal under Section77p(c), which permits removal of actions asserting certain state law claims and has no bearing on this case. *Toth*, 2013 WL 5596965, at *1-2. (*See* Doc. No. 37, Objections at 17-18, 20-21; Doc. No. 47, Proposed Reply at 9.)

- The Proposed Reply addresses the problematic *Tyco* interpretation of the 1933 Act's jurisdictional provision relied on by *Reyes* and *Desmarais* and urged by Plaintiff in this case. *Reyes*, 2013 WL 5529754, at *3; *Desmarais*, 2013 WL 5735154, at *3.[3] (*See* Doc. No. 47, Proposed Reply at 10-20.)

- The Proposed Reply explains the purpose served by SLUSA's amendment to the 1933 Act's anti-removal provision; it is not, as the *Desmarais* court suggests, superfluous. *Desmarais*, 2013 WL 5735154, at *3. (*See* Doc. No. 47, Proposed Reply at 15, fourth bullet point.)

- The Objections and Proposed Reply make clear that references in the legislative history to the fact that SLUSA "preclude[s] certain state law class actions" do not contradict the fact that it also grants federal courts exclusive jurisdiction over federal class actions. *Reyes*, 2013 WL 5529754, at *3 (agreeing with the statement in *Unschuld* that "[g]iven the intent of SLUSA it just makes no sense to prohibit the removal of federal securities class actions to federal court."); *Desmarais*, 2013 WL 5735154, at *5. (*See* Doc. No. 37, Objections at 21-22; Doc. No. 47, Proposed Reply at 19-20.)

---

2013) (emphasis added); *Desmarais v. Johnson*, Nos. C 13-3666 & C 13-3668, 2013 WL 5735154, at *2 (N.D. Cal. Oct. 22, 2013) (same); *see also Reyes v. Zynga Inc.*, No. C 12-5065, 2013 WL 5529754, at *2 (N.D. Cal. Jan. 23, 2013) (noting "it is an issue that has divided district courts within this district and around the country.").

[3] Plaintiff's submission of the *Reyes* decision as "supplemental authority" is wholly improper, as it was filed on January 23, 2013 – more than seven months before Plaintiff filed its opposition to the MetLife Defendants' Objections.

These cases, therefore, do nothing to undermine the arguments set forth in the MetLife Defendants' Objections and Proposed Reply.

Respectfully submitted,

Of Counsel:

Maeve L. O'Connor
   (admitted pro hac vice)
Elliot Greenfield
   (admitted pro hac vice)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 909-6836

/s/ Todd H. Cox
John N. Bolus
Todd H. Cox
MAYNARD COOPER & GALE P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, Alabama 35203
Tel: (205) 254-1000
Fax: (205) 254-1999

*Attorneys for Defendants MetLife, Inc.,
C. Robert Henrikson, William J. Wheeler,
Peter M. Carlson, Sylvia Mathews Burwell,
Eduardo Castro-Wright, Cheryl W. Grisé, R.
Glenn Hubbard, John M. Keane, Alfred F.
Kelly, Jr., James M. Kilts, Catherine R.
Kinney, Hugh B. Price, David Satcher,
Kenton J. Sicchitano and Lulu C. Wang*

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2013, a true and exact copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF document filing system, which will send an electronic notion of filing to all counsel of record.

/s/ Todd H. Cox
OF COUNSEL