UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CITY OF BIRMINGHAM RETIREMENT & RELIEF SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>METLIFE, INC., C. ROBERT HENRIKSON, WILLIAM J. WHEELER, PETER M. CARLSON, SYLVIA MATTHEWS BURWELL, EDUARDO CASTRO-WRIGHT, CHERYL W. GRISE, R. GLENN HUBBARD, JOHN M. KEANE, ALFRED R. KELLY, JR., JAMES M. KILTS, CATHERINE R. KINNEY, HUGH B. PRICE, DAVID SATCHER, M.D., KENTON J. SICCHITANO, LULU C. WANG, GOLDMAN SACHS & COMPANY, CITIGROUP GLOBAL MARKETS, INC., CREDIT SUISSE SECURITIES (USA), LLC, BARCLAYS CAPITAL, INC., DEUTSCHE BANK SECURITIES, INC., J.P. MORGAN SECURITIES, LLC, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, MORGAN STANLEY & CO., UBS SECURITIES, LLC and WELLS FARGO SECURITIES, LLC,<br><br>Defendants. | Civil Action No.: 2:12-cv-02626-HGD<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFF'S REPLY CONCERNING SECOND NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF PLAINTIFF'S OPPOSITION TO METLIFE'S OBJECTIONS TO JUDGE DAVIS' AUGUST 2013 ORDER GRANTING REMAND**<br><br>Removed From:<br>Circuit Court of the State of Alabama, County of Jefferson<br>Docket No.: CV-2012-902101 |

Plaintiff, the City of Birmingham Retirement and Relief System, respectfully submits this Reply to Defendants' Response to Plaintiff's Second Notice of Supplemental Authority (the "Notice"), which referenced three recent Supreme Court decisions. Though reluctant to burden this Court with more paper, Plaintiff cannot allow certain aspects of MetLife's Response to stand without reply.

First, Defendants incorrectly imply that none of these three recent Supreme Court cases dealt with SLUSA, and that one can simply assume that the Supreme Court is a serial user of careless *dicta* in these three recent cases. However, Defendants ignore the fact that one of these cases, *Chadbourne & Parke LLP v. Troice*, 134 S. Ct. 1058 (2014), did indeed address the scope of the SLUSA statute, and that the portion of that decision cited by Plaintiff in its Notice was not from some buried footnote ***but from the very first sentence of the opinion***. *Id.* at 1062.

Second, Defendants fall back to what they claim is contrary *dicta* from an older case, *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit,* 547 U.S. 71, 87 at n.12 (2006). However, the language they cite – from a ***footnote*** – is a quick, one-sentence summary of what just one of several (and sometimes inconsistent) Congressional reports purported to say about SLUSA, rather than the Court's own view of the statute's effect. Defendants also selectively omit the balance of that same footnote, which cites a different Congressional report that focused on "'the danger of maintaining differing federal and state standards of liability for

1

nationally-traded securities'" (*id.*) – a concern that it is not implicated here as Plaintiff's 1933 Act claims would, on remand, be litigated in state court under the ***same*** federal standards of liability (and with the same discovery stay protections) as would apply in federal court.

The rest of Defendants' Response rehashes old arguments that have nothing to do with the Notice and are, in any event, unpersuasive. For example, they cite a snippet of *dicta* from *Instituto De Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1344 (11th Cir. 2008). But Defendants fail to cite contrary 11th Circuit *dicta*, such as *Herndon v. Equit. Var. Life Ins. Co.*, 325 F.3d 1252, 1253 (11th Cir. 2003) ("Under SLUSA, the removing party ***must*** show that (1) the suit is a 'covered class action' [and] (2) the plaintiffs' claims are ***based on state law*** ... ").[1]

Similarly, Defendants use their Response to argue that Plaintiff bears the burden of proof on removal, citing *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164-65 (11th Cir. 2006). Even if Defendants did not waive this objection to Judge Davis' Order by not raising it earlier,[2] *Evans* involved an "express statutory exception to federal jurisdiction under CAFA," and the Court limited its ruling to "that exception." *Id.* at 1164. In contrast, 14C Wright Miller, Fed. Prac. & Proc. (3d ed. 1998) §3739 at 424, states the general rule that "the burden is on the party

---

[1] For a very recent circuit case reiterating the 11th Circuit's rule in *Herndon*, see *Hidalgo-Velez v. San Juan Asset Mgmt., Inc.*, No. 13-1574, 2014 WL 3360698, at *4 (1st Cir. July 9, 2014) (same).

[2] Judge Davis noted that "[t]he removing defendant has the burden of establishing that removal is proper," Order at 6, ECF No. 36.

2

seeking to preserve the . . . removal . . . not the burden of the party moving for remand"); *see also Zia v. Medical Staffing Network, Inc.*, 336 F. Supp. 2d 1306, 1308 (S.D. Fla. 2004) (defendants bear burden of justifying removal of 1933 Act case). Moreover, application of the "local controversy" exception in *Evans* involved a mixed question of law and fact (and, hence, a "burden of proof" in an evidentiary sense). Here, by contrast, the remand issue is a pure question of law.

Finally, Defendants selectively cite from last year's oral argument to aver that Plaintiff has "no coherent explanation" of SLUSA's amendment to the jurisdictional provision of §77v(a). Defendants' assertion is silly, as the point that Plaintiff made at oral argument was that there are at least *two*, non-mutually exclusive and persuasive approaches (as articulated in separate opinions by Judges Carnes and Barbadoro) that both support Plaintiff's position that this action must be remanded – whereas Defendants' "third option" is based on what can only be described as an extraordinarily tortured reading of SLUSA's text.[3] *See also* Nov. 13, 2014 Hearing Tr. [Docket No. 51] at 40-58.

---

[3] Defendants omitted the substance of Plaintiff's counsel's response, which is italicized below:

MR. FREDERICKS: *Your Honor, I don't need to choose, because I have three options...* One is Judge Barbadoro's interpretation which does, in fact, give meaning to all the clauses. Two, ... [there's] the Judge Carnes view [in Unschuld v. Tri-S Security Corp., No. 06-cv-2931, 2007 WL 2729011 (N.D. Ga. Sep. 14, 2007)], *which is, well, this really is kind of an ambiguously-worded statute, but that dicta from Kircher [v. Putnam Funds Trust, 547 U.S. 633 (2006)] is pretty [ ] powerful [in explaining what Congress did, even if not all members of Congress contemplated Judge Barbadoro's scenario that harmonizes all clauses of the SLUSA amendments]. And the third option is really defendants' option where you have to sort of contort all this language to*

3

DATED:  July 15, 2014                    Respectfully submitted,

                                         LAW OFFICES OF GREG L. DAVIS

                                         /s/Greg L. Davis
                                         GREG L. DAVIS
                                         DAVIS & TALIAFERRO, LLC
                                         7031 Halcyon Park Drive
                                         Montgomery, Alabama 36117
                                         Telephone:  (334) 832-9080
                                         Facsimile:   (334) 409-7001
                                         E-mail: gldavis@knology.net

                                         WILLIAM C. FREDERICKS
                                         SCOTT+SCOTT,
                                         ATTORNEYS AT LAW, LLP
                                         The Chrysler Building
                                         405 Lexington Avenue, 40th Floor
                                         New York, NY 10174
                                         Telephone:  (212) 223-6444
                                         Facsimile:   (212) 223-6334

                                         STEPHEN J. TETI
                                         SCOTT+SCOTT,
                                         ATTORNEYS AT LAW, LLP
                                         156 South Main Street
                                         P.O. Box 192
                                         Colchester, CT  06415
                                         Telephone:  (860) 537-5537
                                         Facsimile:   (860) 537-4432

                                         GEOFFREY M. JOHNSON
                                         SCOTT+SCOTT,
                                         ATTORNEYS AT LAW, LLP
                                         12434 Cedar Road, Suite 12

---

*read [in] a meaning that just clearly ignores plain words in the statute and tries to come up with a result, which is -- if Congress intended the result by using these words under defendants' view, [it] has got to be the world's most complex and convoluted way to get to the result the defendants want."* (Docket No. 51; Tr. at 54:10-55:1.)

4

Cleveland Heights, OH 44106
Telephone: (216) 229-6088
Facsimile: (216) 229-6092

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 15, 2014.

/s/ Greg L. Davis
GREG L. DAVIS
DAVIS & TALIAFERRO, LLC
7031 Halcyon Park Drive
Montgomery, Alabama 36117
Telephone: (334) 832-9080
Facsimile: (334) 409-7001
E-mail: gldavis@knology.net