IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, | ) ) ) ) ) |
| Plaintiff, | ) Case No.: 2:12-cv-02626-HGD |
| v. | ) ) ) |
| METLIFE, INC., et al., | ) ) |
| Defendants. | ) ) ) |

**METLIFE DEFENDANTS' SUR-REPLY CONCERNING
<u>PLAINTIFF'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

02966898.1

The MetLife Defendants respectfully submit this Sur-Reply in response to Plaintiff's Reply concerning its Second Notice of Supplemental Authority (the "Reply"), filed on July 15, 2014 (Docket No. 54).

## RESPONSE

The MetLife Defendants address Plaintiff's misstatement of established law regarding the burden of proof in removal proceedings, which now rests squarely on Plaintiff.[1]

Although as a threshold matter, "the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction," *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006), where, as here, federal jurisdiction has been established, the burden shifts to Plaintiff to demonstrate an express statutory exception to removal. The Supreme Court held in *Breuer v. Jim's Concrete of Brevard, Inc.* that when a defendant removes a case under 28 U.S.C. § 1441(a), "*the burden is on a plaintiff to find an express exception.*" 538 U.S. 691, 697-98 (2003) (emphasis added). In *Evans*, the Eleventh Circuit relied

---

[1] Plaintiff also mischaracterizes the Supreme Court cases it cites, none of which address the removal of actions asserting federal claims under the Securities Act of 1933. Additionally, Plaintiff's citation to *Herndon v. Equitable Variable Life Ins. Co.*, 325 F.3d 1252 (11th Cir. 2003) is misleading because *Herndon* addressed only the issues of (1) whether variable insurance is a "covered security" under SLUSA and (2) whether the alleged misrepresentations or omissions were in connection with the sale of such a security, subjecting the state law claims -- the sole claims therein -- to removal under 15 U.S.C. § 77p(c) and resulting in dismissal of those state claims. Other issues regarding SLUSA were not in dispute. Unlike *Herndon,* this case deals with the removal of federal claims under 28 U.S.C. § 1441(a).

on and extended *Breuer* in holding that a plaintiff also bears the burden of proving an express statutory exception to removal under CAFA. 449 F.3d at 1164.[2]

In this case, Plaintiff seeks to rely on the "anti-removal" provision in Section 77v(a), but that provision is limited to actions "brought in any State court of competent jurisdiction." 15 U.S.C. § 77v(a). Plaintiff bears the burden of demonstrating that the state court had jurisdiction over this case. Because Plaintiff has not demonstrated that after SLUSA state courts continue to have concurrent jurisdiction over class actions asserting 1933 Act claims, it has failed to meet this burden. The MetLife Defendants have addressed these issues fully. (Docket No. 37 at 13-17; Docket No. 47-1 at 10-20.)

In fact, Plaintiff has failed to offer *any coherent explanation* of SLUSA's amendment to the jurisdictional provision of Section 77v(a). For the reasons the MetLife Defendants cited in their briefs and at oral argument, the two "persuasive approaches" that Plaintiff purports to offer are nonsensical and unsupported by the statutory text.[3] (Docket No. 37 at 23-24; Docket No. 47-1 at 10-20; Docket No. 51, Tr. at 32-38, 43, 65-66.)

---

[2] Contrary to Plaintiff's suggestion, the MetLife Defendants did raise the burden issue in argument before this Court, citing both *Breuer* and *Evans*. (Docket No. 51, Tr. at 10-11.)

[3] Judge Carnes properly relied on the dicta in *Kircher v. Putnam Funds Trust*, 547 U.S. 633 (2006), in *Unschuld v. Tri-S Security Corp.*, 2007 WL 2729011 (N.D. Ga. Sept. 14, 2007), because those cases both addressed removal under 15 U.S.C. § 77p(c). It makes no sense for Plaintiff to seek to rely on the *Kircher* dicta here because this case was removed under 28 U.S.C. § 1441(a).

The state court lacked jurisdiction over this action, the "anti-removal" provision does not apply, and removal under Section 1441(a) is proper.

Respectfully submitted,

| | |
|---|---|
| Of Counsel: | /s/ John N. Bolus<br>John N. Bolus |
| Maeve L. O'Connor | Todd H. Cox |
| (admitted pro hac vice) | MAYNARD COOPER & GALE P.C. |
| Elliot Greenfield | 1901 Sixth Avenue North |
| (admitted pro hac vice) | 2400 Regions Harbert Plaza |
| DEBEVOISE & PLIMPTON LLP | Birmingham, Alabama 35203 |
| 919 Third Avenue | Tel: (205) 254-1000 |
| New York, New York 10022 | Fax: (205) 254-1999 |
| Tel: (212) 909-6000 | |
| Fax: (212) 909-6836 | *Attorneys for Defendants MetLife, Inc., C. Robert Henrikson, William J. Wheeler, Peter M. Carlson, Sylvia Mathews Burwell, Eduardo Castro-Wright, Cheryl W. Grisé, R. Glenn Hubbard, John M. Keane, Alfred F. Kelly, Jr., James M. Kilts, Catherine R. Kinney, Hugh B. Price, David Satcher, Kenton J. Sicchitano and Lulu C. Wang* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 18, 2014, a true and exact copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF document filing system, which will send an electronic notion of filing to all counsel of record.

                                      /s/ John N. Bolus
                                      OF COUNSEL