UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM,  )))) | |
| Plaintiff, )) | |
| vs. )) | CASE NO.  2:12-CV-2626-SLB |
| METLIFE, INC.; et al., )) | |
| Defendants. ) | |

## ORDER

This case is presently pending before the court on defendants' Objections to Magistrate Judge's Order on Plaintiff's Motion to Remand. (Doc. 37.)[1] Defendants contend that the Magistrate Judge erred in ordering this case remanded to the Circuit Court of Jefferson County.

This court was randomly drawn to review the Magistrate Judge's Order. It has reviewed *de novo* those parts of the Order to which defendants have objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). For the

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

reasons set forth below, the court finds that defendants' Objections, (doc. 37), are **OVERRULED**, and the Magistrate Judge's Order, granting plaintiff's Motion to Remand and remanding this case to the Circuit Court of Jefferson County, is **ADOPTED**.

Plaintiff filed a Complaint in state court alleging class claims pursuant to three provisions of the Securities Act – 15 U.S.C. § 77k, 15 U.S.C. § 77*l*(a)(2), and 15 U.S.C. § 77o.  Defendants removed the case, alleging:

> 7. The MetLife Defendants remove the Action under 28 U.S.C. § 1441(a), which provides that a case is properly removable to a federal court from [a] state court when the federal court has original jurisdiction over the action and the notice of removal is timely.
>
> 8. This Court has original jurisdiction over the Action pursuant to 28 U.S.C. § 1331 because it arises out of the Securities Act of 1933.  15 U.S.C. § 77v(a).
>
> 9. The Securities Litigation Uniform Standards Act of 1998 ("SLUSA") amended Section 22(a) [of] the Securities Act to limit concurrent state court jurisdiction over Securities Act claims, depriving state courts of jurisdiction over "covered class actions" as defined in 15 U.S.C. § 77p.  15 U.S.C. § 77v(a). . . .
>
> 10. The Action is a "covered class action" because it is a single lawsuit in which "one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated," and the named plaintiff asserts that "questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members."  15 U.S.C. § 77p(f)(2)(a)(i)(II). . . .
>
> 11. The State Court therefore lacks jurisdiction over the Action.
>
> 12. SLUSA also amended Section 16(c) of the 1933 Securities Act to expressly permit removal of "[a]ny covered class action brought in any State

court involving a covered security, as set forth in subsection (b) . . . ." 15 U.S.C. § 77p(c).

13. Plaintiff in the Action alleges "(1) an untrue statement or omission of material fact in connection with the purchase or sale of a covered security; or (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security" as set forth in Section 16(b). 15 U.S.C. § 77p(b).

14. The term "covered security" in this SLUSA section is defined in relevant part as:

> [a] security that satisfied the standards for a covered security specified in paragraph (1) or (2) of Section 77r(b) of this title at the time during which it is alleged that the misrepresentation, omission or manipulation or deceptive conduct occurred.

15 U.S.C. § 77p(f)(3); *see also* 15 U.S.C. § 78bb(f)(5)(E).

15. Section 77r(b) provides, in relevant part, that a security is a covered security if it is "listed, or authorized for listing, on the New York Stock Exchange or the American Stock Exchange . . . ." 15 U.S.C. §§ 77p(f)(3), 77r(b)(1)(A). The securities at issue in the Action are "covered" securities because they are listed on the New York Stock Exchange. . . . *See* Compl. ¶ 1 ("This is a securities class action on behalf of Plaintiff and all other persons or entities . . . who purchased or otherwise acquired the common stock of MetLife pursuant and/or traceable to the Company's public offering of approximately $300 billion of Common Equity Units . . . seeking to pursue strict liability remedies under the Securities Act of 1933."). MetLife's common stock and Common Equity Units are traded on the New York Stock Exchange under ticker symbols "MET" and "MLU," respectively.

16. Removal of the Action is therefore proper under SLUSA.

(Doc. 1 ¶¶ 8-16.)

Contrary to defendants' argument, section 77p does not limit state court jurisdiction over all covered class actions; it only excludes state court jurisdiction over "covered class

3

actions" pursuing violations of state common or statutory law for certain types of fraudulent conduct. It does not explicitly limit concurrent state court jurisdiction over covered class actions pursuing violations of federal law.

The jurisdictional provision of the Securities Act of 1933, 15 U.S.C. § 77v(a), states, "Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."[2]  15 U.S.C. § 77v(a). Section 77p(c) limits removal as follows: "Any covered class action brought in any State court involving a covered security, *as set forth in subsection (b)*, shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b)."  15 U.S.C. § 77p(c)(emphasis added). Under the plain language of § 77p(c) only "covered class actions" pending in state court described in subsection (b) of 15 U.S.C. § 77p can be removed to federal court. Subsection b, entitled "Class action limitations," states as follows:

---

[2]Defendants contend that they can remove this action based on 28 U.S.C. 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Section 77v(a) is such an "Act of Congress," prohibiting removal. *See* 15 U.S.C. § 77v(a).

> No covered class action *based upon the statutory or common law of any State or subdivision thereof* may be maintained in any State or Federal court by any private party alleging –
>
>> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>>
>> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b)(emphasis added). By its terms, this subsection precludes certain limited "covered class actions." Section 77p(f)(2)(A) defines a "covered class action" as –

> (i) any single lawsuit in which –
>
>> (I)   damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misrepresentation or omission, predominate over any questions affecting only individualized persons or members;[3] or
>>
>> (II)   one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members; or
>
> (ii) any group of lawsuit filed in or pending in the same court and involving common questions of law or fact, in which –

---

[3]This language mirrors Fed. R. Civ. P. 23(b)(3), which states, "A class action may be maintained if Rule 23(a) is satisfied and if: . . . (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

>   (I)  damages are sought on behalf of more than 50 persons; and
>
>   (II)  the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose.

15 U.S.C. § 77p(f)(2)(A).  A "covered class action" does not include a derivative action.  15 U.S.C. § 77p(f)(2)(B).

The instant action is a "covered class action."  Plaintiff seeks to certify a class of more than 50 class members.  Also, plaintiff's claims are based on violations of the Securities Act; they are not based on statutory or common law of Alabama or any other state.  Although the Complaint alleges untrue statements of material fact in connection with the purchase of a "covered security"[4] or that defendants used or employed manipulative or deceptive devices

---

[4]A "covered security" is defined as "a security that satisfies the standards for a covered security specific in paragraphs (1) or (2) of [15 U.S.C. §] 77r(b) . . . ast the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred . . . ."  15 U.S.C. § 77p(f)(3).  Section 77r(b)(1)-(2) defines a "covered security" as –

>   (1)  Exclusive Federal registration of nationally traded securities
>
>   A security is a covered security if such security is –
>
>   >   (A)  listed, or authorized for listing, on the New York Stock Exchange or the American Stock Exchange, or listed, or authorized for listing, on the National Market System of the Nasdaq Stock Market (or any successor to such entities);
>   >
>   >   (B)  listed, or authorized for listing, on a national securities exchange (or tier or segment thereof) that has listing standards that the Commission determines by rule (on its own initiative or on the basis of a petition) are substantially similar to the listing standards applicable to securities described in subparagraph (A); or

in connection with the purchase or sale of a covered security, such allegations – grounded in federal law – do not provide a basis for allowing removal of plaintiff's action. As the Supreme Court has noted "removal and jurisdiction to deal with removed cases is limited to

---

(C) a security of the same issuer that is equal in seniority or that is a senior security to a security described in subparagraph (A) or (B).

(2) Exclusive Federal registration of investment companies

A security is a covered security if such security is a security issued by an investment company that is registered, or that has filed a registration statement, under the Investment Company Act of 1940 [15 U.S.C.A. § 80a-1 et seq.].

15 U.S.C. § 77r(b)(1)-(2).

those [cases] precluded by the terms of subsection (b)."[5]  *Kirchner v. Putnam Funds Trust*,

---

[5]Although this statement is technically dictum, it is "considered" dictum, which this court may not disregard.  "[I]n evaluating dicta, much depends on the character of the dictum.  Mere obiter may be entitled to little weight, while a carefully considered statement, though technically dictum, must carry great weight, and may even be regarded as conclusive.  And here, the earmarks of careful consideration are readily apparent." *McCoy v. M.I.T.*, 950 F.2d 13, 19 (1st Cir. 1991)(quoting Charles A. Wright, THE LAW OF FEDERAL COURTS § 58, at 374 (4th ed. 1983)(internal quotations omitted).  As the Eleventh Circuit has stated:

> [T]here is dicta and then there is dicta, and then there is Supreme Court dicta.  This is not subordinate clause, negative pregnant, devoid-of-analysis, throw-away kind of dicta.  It is well thought out, thoroughly reasoned, and carefully articulated analysis by the Supreme Court . . . .  It constitutes an entire, separately enumerated section of the Supreme Court's *Mickens* opinion—three long, citation-laden paragraphs, consisting of more than five hundred words.  That is some "postscript."
>
> We have previously recognized that "dicta from the Supreme Court is not something to be lightly cast aside."  *Peterson v. BMI Refractories*, 124 F.3d 1386, 1392 n.4 (11th Cir. 1997); *United States v. Becton*, 632 F.2d 1294, 1296 n.3 (5th Cir. 1980)("We are not bound by dicta, even of our own court . . . .  Dicta of the Supreme Court are, of course, another matter.")(citation omitted); see *United States v. City of Hialeah*, 140 F.3d 968, 974 (11th Cir. 1998)("Even though that statement by the Supreme Court . . . was dictum, it is of considerable persuasive value, especially because it interprets the Court's own precedent.").
>
> Other "inferior courts" have expressed similar sentiments.  *See Wynne v. Town of Great Falls*, 376 F.3d 292, 298 n.3 (4th Cir. 2004)("[W]ith inferior courts, like ourselves, . . . carefully considered language of the Supreme Court, even if technically dictum, generally must be treated as authoritative."); *Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548, 561 (3d Cir. 2003)(en banc)("Although the Committee is doubtless correct that the Supreme Court's dicta are not binding on us, we do not view it lightly."); *United States v. Montero-Camargo*, 208 F.3d 1122, 1132 n.17 (9th Cir. 2000)(en banc)("We do not treat considered dicta from the Supreme Court lightly.  Rather, we accord it appropriate deference . . . .  As we have frequently acknowledged, Supreme Court dicta have a weight that is greater

8

547 U.S. 633, 643 (2006).

Defendants contend that this action is properly removable because the state court does not have jurisdiction over a covered class action based on federal law. They argue that 77v(a), prohibiting removal of any case brought pursuant to the Securities Act in "any State court of competent jurisdiction" does not apply because the state court of Alabama is not a court of competent jurisdiction for a "covered class action" based on federal law. This court rejects defendant's argument.

According to statute, "The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter

---

than ordinary judicial dicta as prophecy of what that Court might hold; accordingly, we do not blandly shrug them off because they were not a holding.")(quotation marks and citation omitted); *Wright v. Morris*, 111 F.3d 414, 419 (6th Cir. 1997)("Where there is no clear precedent to the contrary, we will not simply ignore the [Supreme] Court's dicta."); *Bangor Hydro–Elec. Co. v. FERC*, 78 F.3d 659, 662 (D.C. Cir. 1996)("It may be dicta, but Supreme Court dicta tends to have somewhat greater force – particularly when expressed so unequivocally."); *Gaylor v. United States*, 74 F.3d 214, 217 (10th Cir. 1996); *City of Timber Lake v. Cheyenne River Sioux Tribe*, 10 F.3d 554, 557 (8th Cir. 1993); *McCoy v. Mass. Inst. of Tech.*, 950 F.2d 13, 19 (1st Cir. 1991)("We think that federal appellate courts are bound by the Supreme Court's considered dicta almost as firmly as by the Court's outright holdings, particularly when . . . a dictum is of recent vintage and not enfeebled by any subsequent statement."); *Nichol v. Pullman Standard, Inc.*, 889 F.2d 115, 120 n.8 (7th Cir. 1989)("This Court should respect considered Supreme Court dicta.").

*Schwab v. Crosby*, 451 F.3d 1308, 1325-26 (11th Cir. 2006).

The Supreme Court's statements in *Kirchner* are well-reasoned and detailed, which this court chooses to follow.

9

and under the rules and regulations promulgated by the Commission in respect thereto, and, ***concurrent with State and Territorial courts***, ***except as provided in section 77p of this title with respect to covered class actions***, ***of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter***." 15 U.S.C. § 77v(a). Therefore, state courts have concurrent jurisdiction over Securities Act claims – except where precluded under § 77p. Defendants contend that § 77p precludes state courts from exercising jurisdiction over *any* "covered class action" regardless of whether the class action asserts claims based on state or federal law.

> Section 77p(b) states:
>
> No covered class action ***based upon the statutory or common law of any State or subdivision thereof*** may be maintained in any State or Federal court by any private party alleging –
>
> > (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
> >
> > (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. 77p(b)(emphasis added). "Covered class actions," as defined by 77p(f), that are based on state law are the only class actions prohibited by 77p. The terms of the statute do not preclude "covered class actions" based on federal law, whether brought in state court or federal court.

The Supreme Court stated "that SLUSA pre-empts ***state-law*** holder class-action claims." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 87

(2006)(emphasis added). In *Dabit*, the Supreme Court noted the following with regard to just what the SLUSA does with regard to class actions:

> . . . [The] SLUSA does not actually pre-empt any state cause of action. It simply denies plaintiffs the right to use the class-action device to vindicate certain claims. The Act does not deny any individual plaintiff, or indeed any group of fewer than 50 plaintiffs, the right to enforce any state-law cause of action that may exist.
>
> Moreover, the tailored exceptions to SLUSA's pre-emptive command demonstrate that Congress did not by any means act "cavalierly" here. The statute carefully exempts from its operation certain class actions based on the law of the State in which the issuer of the covered security is incorporated, actions brought by a state agency or state pension plan, actions under contracts between issuers and indenture trustees, and derivative actions brought by shareholders on behalf of a corporation. 15 U.S.C. §§ 78bb(f)(3)(A)-(C), (f)(5)(C)[(the Securities Exchange Act of 1934); *see also* 15 U.S.C. § 77p(d)(the Securities Act of 1933)]. The statute also expressly preserves state jurisdiction over state agency enforcement proceedings. § 78bb(f)(4)[; *see also* 15 U.S.C. § 77p(e)]. The existence of these carve-outs both evinces congressional sensitivity to state prerogatives in this field and makes it inappropriate for courts to create additional, implied exceptions.

*Dabit*, 547 U.S. at 87-88 (emphasis added).

If Congress had intended to pre-empt all "covered class actions" brought in state court, not only those "covered class actions" based on state law, surely it could have so stated. Section 77v(a) specifically provides that state courts have concurrent jurisdiction over actions alleging violations of the Securities Act of 1933, "except as provided in section 77p of [the Act] with respect to covered class actions." The only limitation on the state court's jurisdiction to entertain any action is the limitation found in § 77p(b), which preempts only covered class actions based on state law and alleging a misrepresentation made in connection

with the sale or purchase of a covered security or alleging defendant used a manipulative or deceptive device in connection with the sale or purchase of a covered security.  The court finds, as did the Magistrate Judge, that the state court has concurrent jurisdiction over any class action based on the Securities Act of 1933.

Therefore, defendants' Objections to the Magistrate Judge's Order remanding this case to the Circuit Court of Jefferson County are **OVERRULED**.  The court **ADOPTS** the Order of the Magistrate Judge.  Plaintiff's Motion to Remand, (doc. 12), is **GRANTED**; this action is **REMANDED** to the Circuit Court of Jefferson County, Alabama.

**DONE** this 31st day of March, 2015.

_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE